**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| BVG PROPERTIES, LLC | ) | CASE NO.: |
| 2 SUMMIT PARK DRIVE, #645 | ) | |
| INDEPENDENCE, OHIO 44131 | ) | JUDGE: |
| | ) | |
| AND | ) | |
| | ) | **VERIFIED COMPLAINT FOR** |
| 7006 DETROIT ROAD, LLC | ) | **DECLATORY JUDGMENT AND** |
| 2 SUMMIT PARK DRIVE, #645 | ) | **INJUNCTIVE RELIEF AND DAMAGES** |
| INDEPENDENCE, OHIO 44131 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| 1415-1419 WEST 101 LLC | ) | |
| 2 SUMMIT PARK DRIVE, #645 | ) | |
| INDEPENDENCE, OHIO 44131 | ) | |
| | ) | |
|      PLAINTIFFS | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | |
| 601 LAKESIDE AVENUE | ) | |
| CLEVELAND, OHIO 44114 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| SALLY MARTIN | ) | |
| AKA SALLY MARTIN O'TOOLE | ) | |
| IN HER OFFICIAL CAPACITY AS | ) | |
| DIRECTOR OF DEPARTMENT | ) | |
| OF BUILDING AND HOUSING FOR | ) | |
| CLEVELAND | ) | |
| 601 LAKESIDE AVENUE, ROOM 510 | ) | |
| CLEVELAND, OHIO 44114 | ) | |
| | ) | |
|      DEFENDANTS | ) | |

## PARTIES

1. Plaintiff BVG Properties, LLC ("BVG") is and was at all times relevant herein a duly registered limited liability company organized and operating in the State of Ohio.

2. BVG is and was at all times relevant herein the titled property owner of the residential rental property known as Broadview Gardens Apartments.

3. Broadview Gardens Apartments is located in the County of Cuyahoga and the City of Cleveland, Ohio.

4. Plaintiff 7006 Detroit Road LLC (hereinafter "7006 Detroit") is and was at all times relevant herein a duly registered limited liability company organized and operating in the State of Ohio.

5. At all times relevant herein, 7006 Detroit was and is the titled property owner for the residential rental property known as The 7006 Detroit Street Apartments.

6. The 7006 Detroit Street Apartments is located in the County of Cuyahoga and the City of Cleveland, Ohio.

7. Plaintiff 1415-1419 West 101 LLC (hereinafter "West 101") is and was at all times relevant herein a duly registered limited liability company organized and operating in the State of Ohio.

8. West 101 is and was at all times relevant herein the titled property owner of the residential rental property known as West 101 Street Apartments.

9. West 101 Street Apartments is located in the County of Cuyahoga and the City of Cleveland, Ohio.

10. Defendant City of Cleveland (hereinafter "Defendant Cleveland") is a

municipality organized under the State of Ohio Constitution and the laws of the State of Ohio.

11. Defendant Cleveland is located in Cuyahoga County, Ohio.

12. Cleveland is a state actor and is not protected by sovereign immunity for this lawsuit.

13. At all times relevant herein, Cleveland was acting under color of law.

14. Defendant Sally Martin aka Sally Martin O'Toole (hereinafter "Defendant O'Toole"), in her official capacity, is the current Director of Building and Housing for Defendant Cleveland.

15. Defendant O'Toole is a state actor and at all times herein was acting under color of law.

16. The Cleveland Building and Housing Department is physically located in the County of Cuyahoga and the City of Cleveland, Ohio.

## JURISDICTION AND VENUE

17. Plaintiffs restate and repeat all prior allegations as of fully set forth herein.

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343(a)(3), 28 U.S.C. 1343(a)(4), 28 U.S.C. 2201(a), 28 U.S.C. 2202, 42 U.S.C. 1983 and 42 U.S.C. 1988.

19. Venue is proper pursuant to Local Declare 3.8 and 28 U.S.C. 1391(b).

20. Supplemental jurisdiction is proper over Plaintiffs' state claims pursuant to 28 U.S.C. 1367.

### BACKGROUND

21. Plaintiffs restate and repeat all prior allegations as of fully set forth herein.

22. In or about 2023, Defendant Cleveland and Defendant O'Toole (hereinafter collectively "Defendants") began the process of enacting new legislation relative to building and housing.

23. The legislation was called "Predatory Landlord Legislative Package". (hereinafter "Predatory Landlord Legislation").

24. For "branding" reasons, Defendants repackaged their illegal proposed laws as pro tenant "Residents First" legislation in or about late summer or early fall of 2023.

25. Defendant Cleveland designated The Predatory Landlord Legislation as file number 1039-2023.

26.  The Predatory Landlord Legislation was introduced as an emergency ordinance at a Cleveland City Council meeting on September 18, 2023.

27. The Predatory Landlord Legislation was passed on February 5, 2024.

28. The Predatory Landlord Legislation revised several existing provisions in Cleveland Cod.Ord. Chapter 365 and added new provisions.  (A copy of the current 2024 version of Cleveland Cod.Ord. Chapter 365 is attached as Exhibit 1)

29. Cleveland Cod.Ord. Chapter 365 is titled "Rental Registration and Lead-Safe Certification".

30. Per Cleveland Cod.Ord. 365.01(l), owner "means the person, partnership or corporation that holds title to the residential rental unit."

31. By its own definition, limited liability companies are not owners.

32. The Predatory Landlord Legislation added a local agent in charge

4

requirement for certain property owners of non-owner occupied residential rental units in

the City of Cleveland.

33. Cleveland Cod.Ord. 365.01(k) states as follows:

(k)   Local Agent in Charge" means a natural person who is of sound mind
and at least eighteen (18) years of age and who is designated by the owner;
who is authorized by the owner to receive service of a Notice of Violation on
the owner's behalf; and who is responsible for the maintenance and
management of the residential rental unit.

(1)   If the owner is a natural person and a resident of Cuyahoga County or a
contiguous county, then the Local Agent in Charge may be the owner.
Otherwise, the Local Agent in Charge shall be a natural person who resides
within Cuyahoga County.

(2)   If the Local Agent in Charge is not the owner, then the Local Agent in
Charge shall, in a form to be supplied by the Director, accept responsibility
with the owner (including any potential criminal, civil, or administrative liability)
for the maintenance and management of the premises during any time when
such person is identified as the Local Agent in Charge. The form shall include
a provision in which the owner indemnifies the Local Agent in Charge for any
such responsibility and liability. In any enforcement or pursuit of those
responsibilities and liabilities, the City shall make a good faith effort to hold
the owner exclusively responsible or liable, but the City may, in its sole
discretion, hold the Local Agent in Charge responsible or liable, in part or in
full.

 (3)   If the Local Agent in Charge is a real estate broker as defined in RC
4735.01, then the Local Agent in Charge shall include a copy of their real
estate broker's license in any form or application they file with the City.

(4)   If the owner is a Governmental Entity, then the owner shall be deemed to
be the Local Agent in Charge and owner shall not be required to designate
any natural person as the Local Agent in Charge.

34. Cleveland Cod.Ord. 365.02 requires owners to register their Cleveland

residential rental properties with Defendants.

35. Cleveland Cod.Ord. 365.02 states as follows:

§ 365.02 Non-Owner-Occupied Residential Unit Registration Required;
Application for and Issuance of Certificate of Non-Owner-Occupied
Residential Registration; Certificate Approving Rental Occupancy; Revocation

5

(a)   Non-Owner-Occupied Residential Unit Registration Required. An owner of a non-owner-occupied residential unit or units located in the City shall apply to register each unit in a manner prescribed in writing by the Director in a publicly available non-owner-occupied residential unit registry established and maintained by the Director. Upon approval of an application, the owner shall receive a Certificate of Non-Owner-Occupied Residential Unit Registration. Such an owner, before renting such a unit, shall obtain a Certificate Approving Rental Occupancy. If the owner is a Governmental Entity, then it shall be exempt from the rental registration requirements of this Section 365.02, unless and until the Governmental Entity intends to rent the unit as evidenced by the owner simultaneously applying for a Certificate Approving Rental Occupancy as described in division (d) of this section.

 (b)   Information Required for Annual Non-Owner-Occupied Residential Unit Registration. Application for a certificate of non-owner-occupied residential unit registration required by this Housing Code shall be made annually, on or before March 1st of each calendar year in accordance with the process prescribed in writing by the Director. Information, or documentation, to be supplied on, or with, an application shall include, but is not limited to, the following:

 (1)   The name, address, telephone number and email address of the owner or owners of the premises. If the owner is a partnership, then the names, addresses, telephone numbers and email addresses of all general partners. If the owner is a corporation, the names, addresses, telephone numbers and email addresses of the current statutory agent and all corporate officers of the corporation. The address for corporations and partnerships shall be the principal place of business and the address for persons shall be the home address;

A.   If the owner is a natural person, then the application shall include a copy of the owner's driver's license or an acceptable government issued photo identification card.

B.   If the owner is not a natural person, then the application shall include a current copy of the owner's Certificate of Good Standing issued by the Ohio Secretary of State.

(2)   The name, address, telephone number and email address of a Local Agent in Charge.

 (c)   Issuance of Certificate of Non-Owner-Occupied Residential Unit Registration. Upon receipt of application, the Director shall issue a certificate of non-owner-occupied residential unit registration that shall state conspicuously: "This Certificate establishes that the residential unit described here is registered with the City of Cleveland Department of Building and Housing, which means that the owner has provided information to the Department concerning the property as required by law. This Certificate does not establish that the residential unit described herein is safe from lead paint

6

hazards, meets Housing Code and Building Code requirements, or is fit and habitable to live in. A separate "Certificate Approving Rental Occupancy" from the Department of Building and Housing establishes a record of compliance with those laws and requirements." The Certificate shall also indicate:

(1)   The street address or other identifying characteristics of the building or other structure;

 (2)   The name, address, telephone number and email address of the owner or owners of the premises. In the case of a partnership, the names of all general partners;

(3)   If the record owner is a corporation, the names, addresses, telephone numbers and email addresses of the current statutory agent and all corporate officers of that corporation;

(4)   The name, address, telephone number and email address of the managing agent of the premises, if any;

(5)   The name, address (including the dwelling unit, apartment or room number), telephone number and email address of the superintendent, custodian, or other individual employed by the owner or managing agent to provide regular maintenance services, if any;

(6)   The name, address, telephone number and email address of an individual representative of the owner or managing agent who may be reached or contacted at any time in the event of an emergency affecting the premises of any rental unit in that structure, including such emergencies as the failure of a utility system or service, and who has the authority to make emergency decisions concerning the building including its repairs or expenditures;

(7)   The name, address, telephone number and email address of any Local Agent in Charge;

(8)   The use and occupancy authorized; and

(9)   A statement concerning the current lead-safe certification status of the property, if applicable and a statement concerning the existence of any Lead Hazard Control Order.

 (d)   Certificate Approving Rental Occupancy. Before a non-owner-occupied residential unit that is registered under this section can be rented, the owner must apply for and obtain a Certificate Approving Rental Occupancy. The owner shall apply for such certificate in a manner prescribed by the Director, using forms supplied by the Director.

The Director shall require documentation demonstrating compliance with the following requirements:

(1)   That where a non-owner-occupied residential unit is part of a building with four (4) or more residential units, the unit shall have been examined by a licensed Heating Ventilating and Air Condition (HVAC) contractor and the HVAC systems for the unit(s) found to be well-maintained and in working order.

(2)   That where a non-owner-occupied residential unit is part of a building with four (4) or more residential units, and where the service account holder for water service, electricity service, or natural gas service is not the occupant of that unit, then the account shall be active, paid in full, and otherwise in good standing.

(3)   The City of Cleveland's Lead Safe Certification requirement and any Lead Hazard Control Orders.

(4)   Any Notices of Violations issued for the unit, with acceptable documentation to include but not be limited to, as appropriate, certificates of correction, inspection reports, or documentation from contractors that demonstrates and certifies that the object of the Notice of Violation was resolved.

(5)   That parcels shall not be delinquent regarding their property tax balance or in good standing on a County payment plan in the case of a tax delinquency.

(6)   That parcels shall not be delinquent in fines and/or fees owed to the City, including but not limited to those related to nuisance abatement.

(e)   Revocation of Certificate of Non-owner-Occupied Residential Unit Registration. The Director may revoke a certificate of non-owner-occupied residential Unit registration if the applicant makes any false statement in connection with the registration, or if the structure that was covered by it is no longer in compliance with the requirements of this Code, or if the owner, agent, or person in charge of a structure refuses to comply with any provision of this Code required for the use, maintenance and/or occupancy of a structure, including this chapter and Chapters 240, 367, 369 and 371. If the Director revokes a certificate of non-owner-occupied residential unit registration, the owner may appeal the Director's action to the Board of Zoning Appeals, in writing within ten (10) days from the date of the Director's action. The Board may sustain, disapprove or modify the Director's action, and the Board's decision shall be final.

(f)   Revocation of Certificate Approving Rental Occupancy. Whenever the Director discovers that a non-owner-occupied residential unit no longer qualifies for a Certificate Approving Rental Occupancy, the Director shall revoke the certificate. The Director shall mail a copy of the revocation to the owner and to the residential unit addressed to the occupants by name or as "occupants". The Director may have the revocation posted on the residential unit. The revocation of the certificate shall in no way alter the rights of an

8

occupant under a rental agreement or relieve the owner of its obligations under a rental agreement.

(g)   Notice of Change in Information. It is the owner and the Local Agent in Charge's obligation to notify the Director, in writing, of any change in the name, address, telephone number, and/or email address of any information provided in this section within seven (7) days after the change occurs. If written notification is not provided as required in this section, the Director may revoke the certificate of non-owner-occupied residential unit registration until the changed name, address, telephone number, and/or email address is provided in writing.

(h)   The owner or Local Agent in Charge of the unit shall pay a fine of one hundred dollars ($100.00) upon revocation of the Certificate of Non-Owner-Occupied Residential Unit Registration or the Certificate Approving Rental Occupancy, and the certificates shall not be reissued while any fee or fine is outstanding. Cumulative fines for such revocations that are associated with a single owner shall not exceed thirty thousand dollars ($30,000.00) per calendar year.

 (i)   Within two (2) years of passage of this ordinance, the Director shall submit to the Council a report produced by a third party that reviews and evaluates the implementation of Chapter 365 and Chapter 3106; the effect of those chapters on the housing market in Cleveland and on Cleveland residents; and the impact of the Local Agent in Charge requirement.

36. The Predatory Landlord Legislation amended Cleveland Cod.Ord. 365.02(d) to include a litany of documentation that the owner must provide to Defendants in order to be issued a certificate approving rental occupancy.

37. The documentation made the issuance of a rental registration certificate contingent upon the owner being current in his/her/its property taxes, current in his/her/its utility bills and compliant with several other ordinances.

38. Defendant Cleveland knew at the time that it amended the ordinance to required additional documentation that Judge W. Mona Scott, the sole judge of the Cleveland Municipal Court, Housing Division, per the Cleveland Municipal Court, Housing Division Local Rules, would not grant forcible entry and detainer (eviction)

9

actions absent the landlord providing a current rental registration issued by Defendant Cleveland prior to the Cleveland Municipal Court, Housing Division issuing judgment on an eviction.

39. At the time Defendant Cleveland amended Cleveland Cod.Ord. 365.02, Defendant Cleveland had actual knowledge of the Eighth District Court of Appeals' decision in *Shaker House, LLC v. Daniel,* 2022-Ohio-2778.

40. At the time Defendant Cleveland amended Cleveland Cod.Ord. 365.02, Defendant Cleveland knew or should have known that the Eighth District Court of Appeals in *Shaker House, LLC v. Daniel,* 2022-Ohio-2778 ruled that a Cleveland Municipal Court, Housing Division local rule that required landlords to provide proof of compliance with the lead-safe certification set forth in Cleveland Cod.Ord. 365.04 in order for Judge Scott to grant an eviction was unlawful as the Cleveland Municipal Court, Housing Division could not create a substantive local rule that conflicted with Ohio Revised Code Chapter 1923.

41. Knowing that Judge Scott was still enforcing the local rule relative to the rental registration certificate, a substantively identical rule to the one that was ruled unlawful by the Eighth District Court of Appeals, Defendant Cleveland effectively made a landlord's full access to the court system as it relates to evictions contingent upon an owner being current in property taxes, being current in utility bills, and demonstrating compliance with other ordinances.

42. Defendant Cleveland intentionally circumvented the Eighth District Court of

Appeals decision in *Shaker House, LLC v. Daniel,* 2022-Ohio-2778 by making proof of lead-safe certification also contingent upon the issuance of a rental registration certificate.

43. Cleveland Cod.Ord. 365.03 requires owners of residential rental property in the City of Cleveland to pay yearly rental registration fees.

44. Cleveland Cod.Ord. 365.03 states as follows:

> § 365.03 Rental Registration Fee
>
> (a)   An application for a certificate of non-owner-occupied residential unit registration shall be accompanied by a nonrefundable fee for each non-owner-occupied residential unit of seventy dollars ($70.00) for each residential rental unit.
>
> (b)   The Board of Control shall establish any fee exemptions and guidelines for implementation.
>
> (c)   No fees shall be collected from any one (1) owner for all units owned by that owner within the City in excess of thirty thousand dollars ($30,000.00) per calendar year.
>
> (d)   A certificate may be renewed prior to expiration upon application and payment of the fee described above. A certificate that has expired may be renewed upon payment of the above registration fee plus a late fee of one hundred dollars ($100.00).
>
> (e)   The Director shall be authorized to enter into one or more letter agreements with an owner that is a Governmental Entity that reduces or waives the registration fee described in this Section 365.03.

45. As of 2025, Defendants require all landlords to register their residential rental properties and to pay the rental registration fees online via the City of Cleveland Citizen Portal.

46. As such, there is no designated person in the Cleveland Department of Building and Housing tasked with physically accepting the rental registration documents and the rental registration fee.

11

47. Defendants have enforced and continue to enforce Cleveland Cod.Ord. Chapter 365 against Plaintiffs BVG, 7006 Detroit and W101 (hereinafter "Plaintiffs") under threat of assessment of fines, criminal prosecution and other penalties under the law.

48. In addition, the failure to register may result in Defendants assessing a late fee of $100.00 per rental registration certificate per Cleveland Cod.Ord. 365.03.

49. Failure to comply with Cleveland Cod.Ord. Chapter 365 may result in legal action by Defendants against Plaintiffs pursuant to Cleveland Cod.Ord. 367.05 and/or Cleveland Cod.Ord. 367.14.  (A copy of Cleveland Cod.Ord. 367.05 is attached as Exhibit 2 and a copy of Cleveland Cod.Ord. 367.14 is attached as Exhibit 3)

50. Failure to comply with Cleveland Cod.Ord. 365.02 or 365.04 is a first degree misdemeanor pursuant to Cleveland Cod.Ord. 367.99.  (A copy of Cleveland Cod.Ord. 367.99 is attached as Exhibit 4)

51. Plaintiffs have been harmed and continue to be harmed by Defendants unlawful enforcement of Cleveland Cod.Ord. Chapter 365 as Defendants have threatened and continue to threaten Plaintiffs that their failure to comply with Cleveland Cod.Ord. Chapter 365, which necessarily requires Plaintiffs to waive rights afforded to them under the U.S. Constitution, federal law, the Ohio Constitution and Ohio law, may result in the assessment of fines, criminal prosecution and other penalties under the law.


## CLAIMS FOR RELIEF

### COUNT ONE
### DECLARATORY JUDGMENT AND INJUNCTION

52. Plaintiffs restate and repeat all prior allegations as of fully set forth herein.

53. Plaintiffs request that a declaratory judgment be issued per Fed.R.Civ.P. 57 declaring that the Defendant's policies, procedures and ordinances identified herein are unconstitutional, unlawful and unenforceable.

54. Plaintiffs have non-owner-occupied residential units in the City of Cleveland.

55. Plaintiffs are limited liability companies.

56. Since limited liability companies are not owners as defined by Cleveland Cod.Ord. 365.01(l), Plaintiffs are not required to comply with any obligations imposed upon owners pursuant to Cleveland Cod.Ord. Chapter 365.

57. Defendants have unlawfully enforced and continue to unlawfully enforce Cleveland Codified Ordinance Chapter 365 against Plaintiffs despite the fact Defendants have actual knowledge that Plaintiffs are not required to comply with Cleveland Cod.Ord. Chapter 365.

58. Cleveland Cod.Ord. 365.01(k) and Cleveland Cod.Ord. 365.02 require certain owners to designate a local agent in charge.

59. Cleveland Cod.Ord. 365.01(k)(2) requires the owner and the local agent in charge to sign a form accepting responsibility with the owner, including any potential criminal, civil, or administrative liability, for the maintenance and management of the premises.

60. Per Ohio Revised Code 4735.01(5), the local agent in charge necessarily must be a licensed real estate broker.

61. Cleveland Cod.Ord. 365.02 requires an owner to register residential property located in the City of Cleveland.

13

62. Cleveland Cod.Ord. 365.01(k)(2) is unconstitutional for reason that it violates the local agent in charge and the Plaintiffs' rights, including, but not limited to, the right to remain silent and the right to due process, under the U.S. Const., amend V, XIV and the Ohio Const., art. I, §1 and 16 by forcing the local agent in charge and the Plaintiffs to sign a Designation of a Local Agent in Charge form whereby the local agent accepts responsibility with the owner (including any potential criminal, civil, or administrative liability) for the maintenance and management of the premises. (A copy of said form is attached as Exhibit 5)

63. Cleveland Cod.Ord. 365.01(k)(2) and Cleveland Cod.Ord. 365.02(b)(2) are unconstitutional for reason that they violate Plaintiffs' rights pursuant to the U.S. Const., art. I, §10 by interfering with existing property management agreements.

64. Cleveland Cod.Ord. 365.01(k)(2) violates Ohio law for reason that it imposes individual criminal vicarious liability upon the local agent in charge.

65. Cleveland Cod.Ord. 365.01(k) violates Ohio law as Ohio law holds that liability can only be imposed against the titled property owner yet Cleveland Cod.Ord. 365.01(k) requires a local agent in charge to accept responsibility with the owner (including any potential criminal, civil, or administrative liability) for the maintenance and management of the premises.

66. Cleveland Cod.Ord. 365.01(k) and 365.02 violates Ohio contract law for reason that Defendants are forcing Plaintiffs to appoint a local agent in charge and sign a Designation of Local Agent in Charge form against Plaintiffs' free will and Plaintiffs would therefore be signing said agreement under duress.

67. Cleveland Cod.Ord. 365.01(k) violates Ohio contract law for reason that

Defendants are forcing Plaintiffs, by requiring them to sign the Designation of Local Agent in Charge form, to indemnify the local agent in charge for any responsibility and liability against Plaintiffs' free will and Plaintiffs would therefore be signing said agreement under duress.

68. Cleveland Cod.Ord. 365.01(k) is unconstitutional as it interferes with rights afforded to corporations under Ohio Const., art. XIII, §2 which states as follows:

> Corporations may be formed under general laws; but all such laws may, from time to time, be altered or repealed. Corporations may be classified and there may be conferred upon proper boards, commissions or officers, such supervisory and regulatory powers over their organization, business and issue and sale of stocks and securities, and over the business and sale of the stocks and securities of foreign corporations and joint stock companies in this state, as may be prescribed by law. Laws may be passed regulating the sale and conveyance of other personal property, whether owned by a corporation, joint stock company or individual regulating the sale and conveyance of other personal property, whether owned by a corporation, joint stock company or individual.

69. Cleveland Cod.Ord. 365.01(k) and 365.02 are unlawful as they violate Ohio Revised Code Chapter 1701, which is titled "General Corporation Law."

70. Cleveland Cod.Ord. 365.01(k) and 365.02 are unlawful as they violate Ohio Revised Code Chapter 1706, which is titled "Ohio Revised Limited Liability Company Act".

71. The Designation of Local Agent in Charge form requires the notary public to sign below a statement that "the person(s) herein described and having signed the above application and on oath swears, (or affirms) that all the statements herein made are true to the best of knowledge and belief".

72. Defendant Cleveland has been on notice since July 1, 2024 of this apparent

15

error and has failed to fix the form.

73. The Designation of Local Agent in Charge form as written is improper and unlawful.

74. Cleveland Cod.Ord. 365.01(k) and 365.02 in whole and/or in part is unconstitutional and unlawful for reason that it violates Plaintiffs' rights, including, but not limited to, taking of private property and due process, pursuant to the U.S. Const., amend V, XIV as well as Ohio Const., art. I, §1 and §16 by placing unlawful restrictions and/or contingencies on Plaintiffs' properties.

75. Cleveland Cod.Ord. 365.02 is unconstitutional and unlawful as it is overly broad and vague by allowing the Director (currently Defendant O'Toole) complete and unfettered authority to seek any information and documentation the Director wants from the property owner.

76. Cleveland Cod.Ord. 365.02 is unlawful as it seeks irrelevant and improper information, including, but not limited to, requiring the owner to identify the "responsible party" on the online rental registration form, yet failing to provide explanation as to what "responsible" means for purposes of the registration form, and requiring that the responsible person be an individual as the form only allows for a first and last name to be entered as opposed to a company name.

77. Cleveland Cod.Ord. 365.02 is unlawful as it seeks irrelevant and unnecessary documentation.

78. Cleveland Cod.Ord. 365.02 is unlawful as it seeks information and documentation protected by corporate/limited liability laws.

79. Cleveland Cod.Ord. 365.02 is unconstitutional as it violates Plaintiffs'

right to remain silent under U.S. Const., amend V and the Ohio Const., art. I, §1 and 16

80. Cleveland Cod.Ord. 365.02 is unconstitutional as it violates Plaintiffs' right against unlawful warrantless searches pursuant to U.S. Const., amend IV.

81. Cleveland Cod.Ord. 365.01(k) is unconstitutional as it violates Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16.

82. Cleveland Cod.Ord. 365.02 is unconstitutional as it violates Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16.

83. Cleveland Cod.Ord. 365.03 is unconstitutional as it violates Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16.

84. Plaintiffs request that this Court, pursuant to Fed.R.Civ.P. 65 and 28 U.S.C. 2202, issue a preliminary injunction prohibiting Defendants from enforcing Cleveland Cod.Ord. Chapter 365, including, but not limited to, Cleveland Cod.Ord. 365.01, Cleveland Cod.Ord. 365.02 and Cleveland Cod.Ord. 365.03, against Plaintiffs because said ordinances are unconstitutional, unlawful, and unenforceable.

85. Plaintiffs request that this Court, pursuant to Fed.R.Civ.P. 65 and 28 U.S.C. 2202, issue a permanent injunction prohibiting Defendants from enforcing Cleveland Cod.Ord. Chapter 365, including, but not limited to, Cleveland Cod.Ord. 365.01, Cleveland Cod.Ord. 365.02 and Cleveland Cod.Ord. 365.03, against Plaintiffs because said ordinances are unconstitutional, unlawful, and unenforceable.

86. Plaintiffs request that if this Court issues preliminary and/or permanent

injunctions, that said injunction(s) not only enjoin Defendants, but also enjoin their representatives, successors, agents, employees, legal representatives, and any and all other individuals acting for or on behalf of the Defendants  from engaging in any conduct that interferes with, threatens, or attempts to interfere with or threaten the Plaintiffs' rights, including, but not limited to, Plaintiffs' rights under the U.S. Constitution, Ohio Constitution, federal law and Ohio law.

87. Without an injunction, Plaintiffs' rights will not be protected as they may face fines, criminal prosecution, civil action and other penalties pursuant to Cleveland Cod.Ord. Chapter 367.05, 367.14 and 367.99.

**COUNT TWO**
**VIOLATIONS OF EQUAL PROTECTION AND DUE PROCESS UNDER THE U.S.**
**CONSTITUTION, AMENDMENT XIV AND**
**VIOLATIONS OF OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16**
**(42 U.S.C. 1983)**

88. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

89. Cleveland Cod.Ord. 365.02 is titled "Non-Owner-Occupied Residential Unit Registration Required; Application for and Issuance of Certificate of Non-Owner-Occupied Residential Registration; Certificate Approving Rental Occupancy; Revocation".

90. Cleveland Cod.Ord. 365.03 requires the non-owner occupied residential unit registration to be accompanied by a $70.00 nonrefundable fee for each non-owner occupied residential unit.

91. Cleveland Cod.Ord. 365.03 caps the fees for any one owner for all units owned by that owner within the City in excess of $30,000.00 per calendar year.

92. Cleveland Cod.Ord. 365.03(e) allows the Director to "enter into one or more

letter agreements with an owner that is a Governmental Entity that reduces or waives the registration fee described in this Section 365.03."

93. Defendants unlawfully treat two groups of similarly situated property owners who have non-owner occupied residential units in the City of Cleveland differently by allowing for the waiver of the rental registration fee for government owned non-owner occupied residential units but not for privately owned non-owner occupied residential units.

94. Defendants' actions are in violation of Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16.

95. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages.

## COUNT THREE
## VIOLATIONS OF EQUAL PROTECTION AND DUE PROCESS UNDER THE U.S. CONSTITUTION, AMENDMENT XIV AND VIOLATIONS OF OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16
## (42 U.S.C. 1983)

96. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

97. Cleveland Cod.Ord. 365.01(k) states as follows:

> "Local Agent in Charge" means a natural person who is of sound mind and at least eighteen (18) years of age and who is designated by the owner; who is authorized by the owner to receive service of a Notice of Violation on the owner's behalf; and who is responsible for the maintenance and management of the residential rental unit.

98. Cleveland Cod.Ord. 365.01(k)(1) states as follows:

> If the owner is a natural person and a resident of Cuyahoga County or a contiguous county, then the Local Agent in

19

Charge may be the owner. Otherwise, the Local Agent in
Charge shall be a natural person who resides within
Cuyahoga County.

99. Defendants unlawfully treat two groups of similarly situated property owners

who have non-owner occupied residential units in the City of Cleveland differently by

waiving the local agent in charge requirement for individuals who reside in Cuyahoga

County or a contiguous county but forcing entities who are located in Cuyahoga County

or a contiguous county to register a local agent in charge.

100. Defendants' actions are in violation of Plaintiffs' equal protection and due

process rights under the U.S. Const., amend. XIV as well as Plaintiffs' rights pursuant to

Ohio Const., art. I, §1, §2, and §16.

101. As a direct and proximate result of Defendants' actions, Plaintiffs have

sustained damages.


**COUNT FOUR**
**VIOLATIONS OF EQUAL PROTECTION AND DUE PROCESS UNDER THE U.S.**
**CONSTITUTION, AMENDMENT XIV AND**
**VIOLATIONS OF OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16**
**(42 U.S.C. 1983)**

102. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

103. Cleveland Cod.Ord. 365.02(d) titled "Certificate Approving Rental

Occupancy" states:

Before a non-owner-occupied residential unit that is
registered under this section can be rented, the owner must
apply for and obtain a Certificate Approving Rental
Occupancy. The owner shall apply for such certificate in a
manner prescribed by the Director, using forms supplied by
the Director. The Director shall require documentation
demonstrating compliance with the following requirements:

104.  For any non-owner occupied residential rental property that is part of

20

building with four (4) or more residential units, Cleveland Cod.Ord. 365.02(d)(1) requires the submission of documentation demonstrating that a unit with four or more residential units has been examined by a licensed Heating Ventilating and Air Condition (HVAC) contractor and the HVAC systems for the unit(s) found to be well-maintained and in working order in addition to the rental registration form.

105. Defendants unlawfully treat two groups of similarly situated property owners who own non-owner occupied rental units in the City of Cleveland differently by only requiring property owners who own non-owner occupied rental units with four or more residential units in a building to comply with Cleveland Cod.Ord. 365.02(d)(1) while waiving the requirement for property owners who own non-owner occupied rental units in a building with three or less rental units.

106. Defendants' actions are in violation of Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as Plaintiffs' rights pursuant to Ohio Const., art. I, §1, §2, and §16.

107. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages.


### COUNT FIVE
### VIOLATIONS OF EQUAL PROTECTION AND DUE PROCESS UNDER THE U.S. CONSTITUTION, AMENDMENT XIV AND
### VIOLATIONS OF OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16
### (42 U.S.C. 1983)

108. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

109. Cleveland Cod.Ord. 365.02(d) titled "Certificate Approving Rental

Occupancy" states:

> Before a non-owner-occupied residential unit that is
> registered under this section can be rented, the owner must
> apply for and obtain a Certificate Approving Rental
> Occupancy. The owner shall apply for such certificate in a
> manner prescribed by the Director, using forms supplied by
> the Director. The Director shall require documentation
> demonstrating compliance with the following requirements:

110. Cleveland Cod.Ord. 365.02(d)(2) states:

> That where a non-owner-occupied residential unit is part of a
> building with four (4) or more residential units, and where the
> service account holder for water service, electricity service,
> or natural gas service is not the occupant of that unit, then
> the account shall be active, paid in full, and otherwise in
> good standing.

111. Defendants unlawfully treat two groups of similarly situated property owners who own non-owner occupied residential units in the City of Cleveland differently by only requiring non-owner occupied residential rental properties with four or more residential units to comply with Cleveland Cod.Ord. 365.02(d)(2) while waiving the requirement for property owners who own non-owner occupied rental units in a building with three or less rental units.

112. Defendants' actions are in violation of Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV and Ohio Const., art. I, §1, §2, and §16.

113. As a direct and proximate result of Defendants' actions, Plaintiff have sustained damages.

## COUNT SIX
## UNJUST ENRICHMENT AND RESTITUTION

114. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

115. Defendant Cleveland enacted Cleveland Cod.Ord. Chapter 365.

116. Defendants are deemed to have actual knowledge of the language of the ordinances they enacted as well as the lawful application of said ordinances.

117. Defendants knew that Cleveland Cod.Ord. Chapter 365 did not apply to limited liability companies.

118. Despite this knowledge, Defendants have forced and continue to force, under threat of criminal prosecution and civil penalties, for Plaintiffs to comply with Cleveland Cod.Ord. Chapter 365.

119. Defendant Cleveland received rental registration fees from Plaintiffs.

120. Defendant Cleveland knew at the time it received rental registration fees from Plaintiffs that it was not entitled to said fees.

121. Despite said knowledge, Defendant Cleveland retained the rental registration fees.

122. As a result of their failure to return said funds, Defendant Cleveland has been unjustly enriched.

123. Defendant Cleveland has retained said funds under the circumstances would be unjust.

124.  Plaintiffs request Defendant Cleveland be ordered to refund all rental registration fees paid by Plaintiffs to Defendant Cleveland.

125. As a result of Defendants' actions, Plaintiffs has sustained damages.

**<u>COUNT SEVEN</u>**
**<u>UNJUST ENRICHMENT AND RESTITUTION</u>**

126. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

23

127. Defendant Cleveland enacted Cleveland Cod.Ord. Chapter 365.

128. Defendants have forced landlords to pay rental registration fees in excess of tens of millions of dollars.

129. Defendants have forced landlords, including Plaintiffs, to pay rental registration fees even though it knew it was charging said fees to generate revenue.

130. There is no correlation between the rental registration fees paid and the services provided by Defendants.

131. Defendant Cleveland received rental registration fees from Plaintiffs.

132. Defendant Cleveland knew at the time it received rental registration fees from Plaintiffs that it had not earned said fees nor would it earn said fees.

133. Despite said knowledge, Defendant Cleveland retained Plaintiffs' rental registration fees.

134. As a result of their failure to return said funds, Defendant Cleveland has been unjustly enriched.

135. Defendant Cleveland has retained said rental registration fees under the circumstances would be unjust.

136.  Plaintiffs request Defendant Cleveland to be ordered to refund all rental registration fees paid by Plaintiffs to Defendant Cleveland.

137. As a result of Defendants' actions, Plaintiffs has sustained damages.

**COUNT EIGHT**
**VIOLATION OF OHIO LAW**

138. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

139. The rental registration fee is an unlawful tax as defined by Ohio Revised Code 2723.01 et seq.

140. The rental registration fee is unlawful and unenforceable pursuant to Ohio Revised Code 2723.01 et seq.

141. As a result of Defendants' actions, Plaintiffs have sustained damages and seeks compensation for said damages, including, but not limited to, a refund for all rental registration fees paid.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Declare that Cleveland Cod.Ord. Chapter 365 does not apply to Plaintiffs as limited liability companies are not owners as defined by Cleveland Cod.Ord. 365.01(l);
2. Declare that Cleveland Cod.Ord. 365.01(k)(2) violates the U.S. Const., amend V, XIV and the Ohio Const., art. I, §1 and 16;
3. Declare that Cleveland Cod.Ord. 365.01(k)(2) and Cleveland Cod.Ord. 365.02(b)(2) violate the U.S. Const., art. I, §10.
4. Declare that Cleveland Cod.Ord. 365.01(k)(2) violates Ohio law by imposing individual criminal vicarious liability upon the local agent in charge;
5. Declare that Cleveland Cod.Ord. 365.01(k) violates Ohio law by imposing liability against someone other than the titled property owner;
6. Declare that Cleveland Cod.Ord. 365.01(k) and 365.02 violates Ohio contract law;
7. Declare that Cleveland Cod.Ord. 365.01(k) violates Ohio Const., art. XIII, §2;
8. Declare that Cleveland Cod.Ord. 365.01(k) and 365.02 violate Ohio Revised Code Chapter 1701;
9. Declare that Cleveland Cod.Ord. 365.01(k) and 365.02 violate Ohio Revised Code Chapter 1706;
10. Declare that The Designation of Local Agent in Charge form as written is improper and unlawful;
11. Declare that Cleveland Cod.Ord. 365.01(k) and Cleveland Cod.Ord. 365.02 violate the U.S. Const., amend V, XIV as well as Ohio Const., art. I, §1 and §16;
12. Declare that Cleveland Cod.Ord. 365.02 is unconstitutional and unlawful as it is overly broad and vague;
13. Declare that Cleveland Cod.Ord. 365.02 is unlawful as it seeks irrelevant, improper and unnecessary information and documentation;
14. Declare that Cleveland Cod.Ord. 365.02 is unlawful as it seeks information and documentation protected by Ohio law;

15. Declare that Cleveland Cod.Ord. 365.02 violates the U.S. Const., amend V and the Ohio Const., art. I, §1 and 16;
16. Declare that Cleveland Cod.Ord. 365.02 violates U.S. Const., amend IV;
17. Declare that Cleveland Cod.Ord. 365.01(k) violates the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16;
18. Declare that Cleveland Cod.Ord. 365.02 violates the U.S. Const., amend. XIV and Ohio Const., art. I, §1, §2, and §16;
19. Declare that Cleveland Cod.Ord. 365.03 violates the U.S. Const., amend. XIV and Ohio Const., art. I, §1, §2, and §16;
20. Preliminary and permanently enjoin Defendants and all of those acting in concert with them from enforcing Cleveland Cod.Ord. Chapter 365 against Plaintiffs;
21. Preliminary and permanently enjoin Defendants and all of those acting in concert with them from enforcing Cleveland Cod.Ord. 365.01(k) against Plaintiffs;
22. Preliminary and permanently enjoin Defendants and all of those acting in concert with them from enforcing Cleveland Cod.Ord. 365.02 against Plaintiffs;
23. Preliminary and permanently enjoin Defendants and all of those acting in concert with them from enforcing Cleveland Cod.Ord. 365.03 against Plaintiffs;
24. Award Plaintiffs attorney fees, costs and other disbursements in this action pursuant to 42 U.S.C. 1988;
25. Damages pursuant to 42 U.S.C. 1988 and attorney fees as to Count Two;
26. Damages pursuant to 42 U.S.C. 1988 and attorney fees as to Count Three;
27. Damages pursuant to 42 U.S.C. 1988 and attorney fees as to Count Four;
28. Damages pursuant to 42 U.S.C. 1988 and attorney fees as to Count Five;
29. Damages as to Count Six;
30. Damages as to Count Seven;
31. Declare that Cleveland Cod.Ord. 365.03 is an unlawful tax as to Count Eight;
32. Damages as to Count Eight;
33. Attorney fees;
34. Costs;
35. Award any additional relief in Plaintiffs' favor to which it is justly and equitably entitled; and
36. Any and all other further relief deemed just by the Court.


Respectfully submitted,


/S/ SARAH S. GRAHAM_____
Sarah S. Graham, Esq. (0070850)

2 Summit Park Drive, #645
Independence, Ohio 44131
Telephone 216-264-4105
Fax 216-264-4110
sgraham@aiyproperties.com
Attorney for Plaintiffs

STATE OF OHIO )
)ss.                    **A F F I D A V I T**
COUNTY OF CUYAHOGA )

I, JOHN PETRYSHIN, having been duly sworn and deposed according to law, hereby

states the following:

1. My name is John Petryshin and I am at least 18 years of age, of sound mind

and I am competent to testify to all matters herein.

2. I am a duly authorized agent for Plaintiff BVG Properties, LLC.

3. I am a duly authorized agent for Plaintiff 7006 Detroit Road, LLC.

4. I am a duly authorized agent for Plaintiff 1415-1419 West 101 LLC.

5. I have reviewed Plaintiffs' Complaint and Exhibits in this case.

6. I verify that all factual allegations contained in the Plaintiffs' Complaint are true

and accurate.

7. I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOHN PETRYSHIN

Subscribed and sworn to me, a notary public, in my presence and for said county

and state this ___3rd___ day of _____March_____, _2025_.

_____
NOTARY PUBLIC



SARAH S. GRAHAM, Attorney at Law
Notary Public - State of Ohio
My Commission Has No Expiration Date
Section 147.03 R.C.