**Sarah Graham**

From: John Petryshin
Sent: Thursday, March 6, 2025 4:01 AM
To: Sarah Graham
Subject: Fw: City of Cleveland Defends landmark Residents First Legislation
Attachments: Residents First - BVG COMPLAINT TS.pdf; Residents First- Overview.pdf

Sarah,

Ralph from NOAA sent this to me.

Thank You

John Petryshin
Managing Director
AIY Properties Inc
Cell 216-870-0827
Email jpetryshin@aiyproperties.com

2 Summit Park Drive #645
Independence, Ohio
44131

---

**From:** Ralph McGreevy <mcgreevy@noaamembers.com>
**Sent:** Wednesday, March 5, 2025 7:11 PM
**To:** John Petryshin <jpetryshin@aiyproperties.com>
**Subject:** Fw: City of Cleveland Defends landmark Residents First Legislation

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ron O'Leary just sent this to me.     Rslph

Get Outlook for iOS

**From:** Ron O'Leary <roleary@olearylawcle.com>
**Sent:** Wednesday, March 5, 2025 6:31 PM
**To:** Christopher Corrigan <CCorrigan@sseg-law.com>; Ralph McGreevy <mcgreevy@noaamembers.com>
**Subject:** Fw: City of Cleveland Defends landmark Residents First Legislation

I haven't had a chance to read yet.

Get Outlook for iOS

**EXHIBIT 2**

**From:** Griffin, Mark <MGriffin@clevelandohio.gov>
**Sent:** Wednesday, March 5, 2025 5:21:45 PM
**To:** Mayor Bibb <MayorBibb@clevelandohio.gov>
**Subject:** City of Cleveland Defends landmark Residents First Legislation

Cleveland's landmark Residents First legislation is a critical shield for our neighborhoods protecting all of Cleveland from landlords that refuse to maintain their properties, violate the law and then hide behind the mask of an LLC.

This law was passed with the support of Cleveland City Council and the leadership of Ward 12 Councilwoman Rebecca Maurer, Ward 13 Councilman Kris Harsh, Ward 3 Councilman Kerry McCormack and Building & Housing Director Sally Martin O'Toole.

Yesterday, we were served with a lawsuit by three corporations demanding that within 24 hours the City must agree to pause enforcement of our Residents First legislation.

While we are still reviewing the lawsuit, we can definitively say there is no chance that the City will be agreeing to that request.

We look forward to vigorously defending our position that puts our residents above wealthy corporate business owners.

We are not surprised that some wealthy investors want to invalidate a law that holds landlords accountable.  The irony here – as with many of these LLCs – is that this was filed by companies who aren't even located in Cleveland.  Not only are these out-of-town LLCs out-of-touch with the wants and needs of those who actually live here, but there previously was no way to hold them responsible for code violations.  That changed when we required a local agent-in-charge through our Residents First legislation.  These companies, by filing this suit, are insinuating that they want to avoid accountability for their own violations.

Here's an overview of Residents First and why it is important.

## Cleveland's new landlord law faces legal challenge from apartment owners

Updated: Mar. 05, 2025, 3:45 p.m.|Published: Mar. 05, 2025, 12:22 p.m.

downtown cleveland buildings

A group of limited liability companies has sued the City of Cleveland over its housing law passed in 2024. Joshua Gunter, cleveland.com

By Adam Ferrise, cleveland.com

CLEVELAND, Ohio — Companies that own three apartment complexes in Cleveland sued the city on Tuesday over a law that aims at giving city officials more teeth to fight blight and force absentee landlords to fix code violations.

The three limited liability companies who filed the lawsuit— BVG Properties, 7006 Detroit Road and 1415-1419 West 101— are challenging the legality of Mayor Justin Bibb's "Residents First Law."

The companies said in their lawsuit filed Tuesday in federal court in Cleveland that the law violates landlords' due process and equal protection rights under federal and Ohio law.

They asked a judge to stop the city from enforcing the law immediately and to strike it down as unconstitutional. The case is assigned to U.S. District Judge Pamela Barker.

Cleveland city spokesman Tyler Sinclair called the limited liability companies "out-of-town" and "out-of-touch" with the needs of Cleveland residents.

"We are not surprised that some wealthy corporate business owners want to invalidate a law that holds landlords accountable," Sinclair's statement said. "The irony here – as with many of these LLCs – is that this was filed by companies who aren't even located in Cleveland."

He said that by filing the lawsuit, the companies "are insinuating that they want to avoid accountability for their own violations."

"We look forward to vigorously defending our position that puts our residents above wealthy, out-of-town investors who are more interested in profits than Clevelanders," the statement said.

The law, passed in February 2024, put in place new requirements for landlords.

It forced them to register with the city, including designating a local agent responsible for the property, under threat of fines.

It also gave the city more tools to fine landlords for code violations and made it mandatory for new buyers of vacant buildings to fix code violations.

Bibb touted the law as a way to crack down on absentee landlords, protect renters and make housing safer for residents.

The lawsuit comes as the city expects to begin issuing $200 fines to landlords who aren't complying with the law.

The companies said in the lawsuit, filed by attorney Sarah Sheida Graham, that the law forces owners to provide a "litany of documentation," including showing that they are current in property taxes and utility bills.

The law requires limited liability companies to "waive rights" under Ohio and federal laws and that it could hinder landlords' ability to evict tenants, the lawsuit says.

BVG owns Broadview Gardens Apartments, while 7006 Detroit owns the 7006 Detroit Street Apartments. The other company, 1415-1419 West 101 LC, owns the West 101 Street Apartments.

Adam Ferrise covers federal courts at cleveland.com and The Plain Dealer. You can find his work here.

Stories by Adam Ferrise

---
The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

---
The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by replying to the message and deleting it from your computer. Thank you.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| BVG PROPERTIES, LLC | ) | CASE NO.: |
| 2 SUMMIT PARK DRIVE, #645 | ) | |
| INDEPENDENCE, OHIO 44131 | ) | JUDGE: |
| | ) | |
| AND | ) | |
| | ) | **VERIFIED COMPLAINT FOR** |
| 7006 DETROIT ROAD, LLC | ) | **DECLATORY JUDGMENT AND** |
| 2 SUMMIT PARK DRIVE, #645 | ) | **INJUNCTIVE RELIEF AND DAMAGES** |
| INDEPENDENCE, OHIO 44131 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| 1415-1419 WEST 101 LLC | ) | |
| 2 SUMMIT PARK DRIVE, #645 | ) | |
| INDEPENDENCE, OHIO 44131 | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | |
| 601 LAKESIDE AVENUE | ) | |
| CLEVELAND, OHIO 44114 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| SALLY MARTIN | ) | |
| AKA SALLY MARTIN O'TOOLE | ) | |
| IN HER OFFICIAL CAPACITY AS | ) | |
| DIRECTOR OF DEPARTMENT | ) | |
| OF BUILDING AND HOUSING FOR | ) | |
| CLEVELAND | ) | |
| 601 LAKESIDE AVENUE, ROOM 510 | ) | |
| CLEVELAND, OHIO 44114 | ) | |
| | ) | |
| DEFENDANTS | ) | |

## **PARTIES**

1. Plaintiff BVG Properties, LLC ("BVG") is and was at all times relevant herein a duly registered limited liability company organized and operating in the State of Ohio.

2. BVG is and was at all times relevant herein the titled property owner of the residential rental property known as Broadview Gardens Apartments.

3. Broadview Gardens Apartments is located in the County of Cuyahoga and the City of Cleveland, Ohio.

4. Plaintiff 7006 Detroit Road LLC (hereinafter "7006 Detroit") is and was at all times relevant herein a duly registered limited liability company organized and operating in the State of Ohio.

5. At all times relevant herein, 7006 Detroit was and is the titled property owner for the residential rental property known as The 7006 Detroit Street Apartments.

6. The 7006 Detroit Street Apartments is located in the County of Cuyahoga and the City of Cleveland, Ohio.

7. Plaintiff 1415-1419 West 101 LLC (hereinafter "West 101") is and was at all times relevant herein a duly registered limited liability company organized and operating in the State of Ohio.

8. West 101 is and was at all times relevant herein the titled property owner of the residential rental property known as West 101 Street Apartments.

9. West 101 Street Apartments is located in the County of Cuyahoga and the City of Cleveland, Ohio.

10. Defendant City of Cleveland (hereinafter "Defendant Cleveland") is a

2

municipality organized under the State of Ohio Constitution and the laws of the State of Ohio.

11. Defendant Cleveland is located in Cuyahoga County, Ohio.

12. Cleveland is a state actor and is not protected by sovereign immunity for this lawsuit.

13. At all times relevant herein, Cleveland was acting under color of law.

14. Defendant Sally Martin aka Sally Martin O'Toole (hereinafter "Defendant O'Toole"), in her official capacity, is the current Director of Building and Housing for Defendant Cleveland.

15. Defendant O'Toole is a state actor and at all times herein was acting under color of law.

16. The Cleveland Building and Housing Department is physically located in the County of Cuyahoga and the City of Cleveland, Ohio.

## JURISDICTION AND VENUE

17. Plaintiffs restate and repeat all prior allegations as of fully set forth herein.

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343(a)(3), 28 U.S.C. 1343(a)(4), 28 U.S.C. 2201(a), 28 U.S.C. 2202, 42 U.S.C. 1983 and 42 U.S.C. 1988.

19. Venue is proper pursuant to Local Declare 3.8 and 28 U.S.C. 1391(b).

20. Supplemental jurisdiction is proper over Plaintiffs' state claims pursuant to 28 U.S.C. 1367.

3

**BACKGROUND**

21. Plaintiffs restate and repeat all prior allegations as of fully set forth herein.

22. In or about 2023, Defendant Cleveland and Defendant O'Toole (hereinafter collectively "Defendants") began the process of enacting new legislation relative to building and housing.

23. The legislation was called "Predatory Landlord Legislative Package". (hereinafter "Predatory Landlord Legislation").

24. For "branding" reasons, Defendants repackaged their illegal proposed laws as pro tenant "Residents First" legislation in or about late summer or early fall of 2023.

25. Defendant Cleveland designated The Predatory Landlord Legislation as file number 1039-2023.

26. The Predatory Landlord Legislation was introduced as an emergency ordinance at a Cleveland City Council meeting on September 18, 2023.

27. The Predatory Landlord Legislation was passed on February 5, 2024.

28. The Predatory Landlord Legislation revised several existing provisions in Cleveland Cod.Ord. Chapter 365 and added new provisions. (A copy of the current 2024 version of Cleveland Cod.Ord. Chapter 365 is attached as Exhibit 1)

29. Cleveland Cod.Ord. Chapter 365 is titled "Rental Registration and Lead-Safe Certification".

30. Per Cleveland Cod.Ord. 365.01(l), owner "means the person, partnership or corporation that holds title to the residential rental unit."

31. By its own definition, limited liability companies are not owners.

32. The Predatory Landlord Legislation added a local agent in charge

4

requirement for certain property owners of non-owner occupied residential rental units in the City of Cleveland.

33. Cleveland Cod.Ord. 365.01(k) states as follows:

(k)   Local Agent in Charge" means a natural person who is of sound mind and at least eighteen (18) years of age and who is designated by the owner; who is authorized by the owner to receive service of a Notice of Violation on the owner's behalf; and who is responsible for the maintenance and management of the residential rental unit.

(1)   If the owner is a natural person and a resident of Cuyahoga County or a contiguous county, then the Local Agent in Charge may be the owner. Otherwise, the Local Agent in Charge shall be a natural person who resides within Cuyahoga County.

(2)   If the Local Agent in Charge is not the owner, then the Local Agent in Charge shall, in a form to be supplied by the Director, accept responsibility with the owner (including any potential criminal, civil, or administrative liability) for the maintenance and management of the premises during any time when such person is identified as the Local Agent in Charge. The form shall include a provision in which the owner indemnifies the Local Agent in Charge for any such responsibility and liability. In any enforcement or pursuit of those responsibilities and liabilities, the City shall make a good faith effort to hold the owner exclusively responsible or liable, but the City may, in its sole discretion, hold the Local Agent in Charge responsible or liable, in part or in full.

 (3)   If the Local Agent in Charge is a real estate broker as defined in RC 4735.01, then the Local Agent in Charge shall include a copy of their real estate broker's license in any form or application they file with the City.

(4)   If the owner is a Governmental Entity, then the owner shall be deemed to be the Local Agent in Charge and owner shall not be required to designate any natural person as the Local Agent in Charge.

34. Cleveland Cod.Ord. 365.02 requires owners to register their Cleveland residential rental properties with Defendants.

35. Cleveland Cod.Ord. 365.02 states as follows:

§ 365.02 Non-Owner-Occupied Residential Unit Registration Required; Application for and Issuance of Certificate of Non-Owner-Occupied Residential Registration; Certificate Approving Rental Occupancy; Revocation

(a)   Non-Owner-Occupied Residential Unit Registration Required. An owner of a non-owner-occupied residential unit or units located in the City shall apply to register each unit in a manner prescribed in writing by the Director in a publicly available non-owner-occupied residential unit registry established and maintained by the Director. Upon approval of an application, the owner shall receive a Certificate of Non-Owner-Occupied Residential Unit Registration. Such an owner, before renting such a unit, shall obtain a Certificate Approving Rental Occupancy. If the owner is a Governmental Entity, then it shall be exempt from the rental registration requirements of this Section 365.02, unless and until the Governmental Entity intends to rent the unit as evidenced by the owner simultaneously applying for a Certificate Approving Rental Occupancy as described in division (d) of this section.

 (b)   Information Required for Annual Non-Owner-Occupied Residential Unit Registration. Application for a certificate of non-owner-occupied residential unit registration required by this Housing Code shall be made annually, on or before March 1st of each calendar year in accordance with the process prescribed in writing by the Director. Information, or documentation, to be supplied on, or with, an application shall include, but is not limited to, the following:

 (1)   The name, address, telephone number and email address of the owner or owners of the premises. If the owner is a partnership, then the names, addresses, telephone numbers and email addresses of all general partners. If the owner is a corporation, the names, addresses, telephone numbers and email addresses of the current statutory agent and all corporate officers of the corporation. The address for corporations and partnerships shall be the principal place of business and the address for persons shall be the home address;

A.   If the owner is a natural person, then the application shall include a copy of the owner's driver's license or an acceptable government issued photo identification card.

B.   If the owner is not a natural person, then the application shall include a current copy of the owner's Certificate of Good Standing issued by the Ohio Secretary of State.

(2)   The name, address, telephone number and email address of a Local Agent in Charge.

 (c)   Issuance of Certificate of Non-Owner-Occupied Residential Unit Registration. Upon receipt of application, the Director shall issue a certificate of non-owner-occupied residential unit registration that shall state conspicuously: "This Certificate establishes that the residential unit described here is registered with the City of Cleveland Department of Building and Housing, which means that the owner has provided information to the Department concerning the property as required by law. This Certificate does not establish that the residential unit described herein is safe from lead paint

6

hazards, meets Housing Code and Building Code requirements, or is fit and habitable to live in. A separate "Certificate Approving Rental Occupancy" from the Department of Building and Housing establishes a record of compliance with those laws and requirements." The Certificate shall also indicate:

(1)   The street address or other identifying characteristics of the building or other structure;

(2)   The name, address, telephone number and email address of the owner or owners of the premises. In the case of a partnership, the names of all general partners;

(3)   If the record owner is a corporation, the names, addresses, telephone numbers and email addresses of the current statutory agent and all corporate officers of that corporation;

(4)   The name, address, telephone number and email address of the managing agent of the premises, if any;

(5)   The name, address (including the dwelling unit, apartment or room number), telephone number and email address of the superintendent, custodian, or other individual employed by the owner or managing agent to provide regular maintenance services, if any;

(6)   The name, address, telephone number and email address of an individual representative of the owner or managing agent who may be reached or contacted at any time in the event of an emergency affecting the premises of any rental unit in that structure, including such emergencies as the failure of a utility system or service, and who has the authority to make emergency decisions concerning the building including its repairs or expenditures;

(7)   The name, address, telephone number and email address of any Local Agent in Charge;

(8)   The use and occupancy authorized; and

(9)   A statement concerning the current lead-safe certification status of the property, if applicable and a statement concerning the existence of any Lead Hazard Control Order.

(d)   Certificate Approving Rental Occupancy. Before a non-owner-occupied residential unit that is registered under this section can be rented, the owner must apply for and obtain a Certificate Approving Rental Occupancy. The owner shall apply for such certificate in a manner prescribed by the Director, using forms supplied by the Director.

The Director shall require documentation demonstrating compliance with the following requirements:

(1)   That where a non-owner-occupied residential unit is part of a building with four (4) or more residential units, the unit shall have been examined by a licensed Heating Ventilating and Air Condition (HVAC) contractor and the HVAC systems for the unit(s) found to be well-maintained and in working order.

(2)   That where a non-owner-occupied residential unit is part of a building with four (4) or more residential units, and where the service account holder for water service, electricity service, or natural gas service is not the occupant of that unit, then the account shall be active, paid in full, and otherwise in good standing.

(3)   The City of Cleveland's Lead Safe Certification requirement and any Lead Hazard Control Orders.

(4)   Any Notices of Violations issued for the unit, with acceptable documentation to include but not be limited to, as appropriate, certificates of correction, inspection reports, or documentation from contractors that demonstrates and certifies that the object of the Notice of Violation was resolved.

(5)   That parcels shall not be delinquent regarding their property tax balance or in good standing on a County payment plan in the case of a tax delinquency.

(6)   That parcels shall not be delinquent in fines and/or fees owed to the City, including but not limited to those related to nuisance abatement.

(e)   Revocation of Certificate of Non-owner-Occupied Residential Unit Registration. The Director may revoke a certificate of non-owner-occupied residential Unit registration if the applicant makes any false statement in connection with the registration, or if the structure that was covered by it is no longer in compliance with the requirements of this Code, or if the owner, agent, or person in charge of a structure refuses to comply with any provision of this Code required for the use, maintenance and/or occupancy of a structure, including this chapter and Chapters 240, 367, 369 and 371. If the Director revokes a certificate of non-owner-occupied residential unit registration, the owner may appeal the Director's action to the Board of Zoning Appeals, in writing within ten (10) days from the date of the Director's action. The Board may sustain, disapprove or modify the Director's action, and the Board's decision shall be final.

(f)   Revocation of Certificate Approving Rental Occupancy. Whenever the Director discovers that a non-owner-occupied residential unit no longer qualifies for a Certificate Approving Rental Occupancy, the Director shall revoke the certificate. The Director shall mail a copy of the revocation to the owner and to the residential unit addressed to the occupants by name or as "occupants". The Director may have the revocation posted on the residential unit. The revocation of the certificate shall in no way alter the rights of an

8

occupant under a rental agreement or relieve the owner of its obligations under a rental agreement.

(g)   Notice of Change in Information. It is the owner and the Local Agent in Charge's obligation to notify the Director, in writing, of any change in the name, address, telephone number, and/or email address of any information provided in this section within seven (7) days after the change occurs. If written notification is not provided as required in this section, the Director may revoke the certificate of non-owner-occupied residential unit registration until the changed name, address, telephone number, and/or email address is provided in writing.

(h)   The owner or Local Agent in Charge of the unit shall pay a fine of one hundred dollars ($100.00) upon revocation of the Certificate of Non-Owner-Occupied Residential Unit Registration or the Certificate Approving Rental Occupancy, and the certificates shall not be reissued while any fee or fine is outstanding. Cumulative fines for such revocations that are associated with a single owner shall not exceed thirty thousand dollars ($30,000.00) per calendar year.

 (i)   Within two (2) years of passage of this ordinance, the Director shall submit to the Council a report produced by a third party that reviews and evaluates the implementation of Chapter 365 and Chapter 3106; the effect of those chapters on the housing market in Cleveland and on Cleveland residents; and the impact of the Local Agent in Charge requirement.

36. The Predatory Landlord Legislation amended Cleveland Cod.Ord. 365.02(d) to include a litany of documentation that the owner must provide to Defendants in order to be issued a certificate approving rental occupancy.

37. The documentation made the issuance of a rental registration certificate contingent upon the owner being current in his/her/its property taxes, current in his/her/its utility bills and compliant with several other ordinances.

38. Defendant Cleveland knew at the time that it amended the ordinance to required additional documentation that Judge W. Mona Scott, the sole judge of the Cleveland Municipal Court, Housing Division, per the Cleveland Municipal Court, Housing Division Local Rules, would not grant forcible entry and detainer (eviction)

9

actions absent the landlord providing a current rental registration issued by Defendant Cleveland prior to the Cleveland Municipal Court, Housing Division issuing judgment on an eviction.

39. At the time Defendant Cleveland amended Cleveland Cod.Ord. 365.02, Defendant Cleveland had actual knowledge of the Eighth District Court of Appeals' decision in *Shaker House, LLC v. Daniel,* 2022-Ohio-2778.

40. At the time Defendant Cleveland amended Cleveland Cod.Ord. 365.02, Defendant Cleveland knew or should have known that the Eighth District Court of Appeals in *Shaker House, LLC v. Daniel,* 2022-Ohio-2778 ruled that a Cleveland Municipal Court, Housing Division local rule that required landlords to provide proof of compliance with the lead-safe certification set forth in Cleveland Cod.Ord. 365.04 in order for Judge Scott to grant an eviction was unlawful as the Cleveland Municipal Court, Housing Division could not create a substantive local rule that conflicted with Ohio Revised Code Chapter 1923.

41. Knowing that Judge Scott was still enforcing the local rule relative to the rental registration certificate, a substantively identical rule to the one that was ruled unlawful by the Eighth District Court of Appeals, Defendant Cleveland effectively made a landlord's full access to the court system as it relates to evictions contingent upon an owner being current in property taxes, being current in utility bills, and demonstrating compliance with other ordinances.

42. Defendant Cleveland intentionally circumvented the Eighth District Court of

Appeals decision in *Shaker House, LLC v. Daniel,* 2022-Ohio-2778 by making proof of

lead-safe certification also contingent upon the issuance of a rental registration

certificate.

43. Cleveland Cod.Ord. 365.03 requires owners of residential rental property in

the City of Cleveland to pay yearly rental registration fees.

44. Cleveland Cod.Ord. 365.03 states as follows:

> § 365.03 Rental Registration Fee
>
> (a)   An application for a certificate of non-owner-occupied residential unit registration shall be accompanied by a nonrefundable fee for each non-owner-occupied residential unit of seventy dollars ($70.00) for each residential rental unit.
>
> (b)   The Board of Control shall establish any fee exemptions and guidelines for implementation.
>
> (c)   No fees shall be collected from any one (1) owner for all units owned by that owner within the City in excess of thirty thousand dollars ($30,000.00) per calendar year.
>
> (d)   A certificate may be renewed prior to expiration upon application and payment of the fee described above. A certificate that has expired may be renewed upon payment of the above registration fee plus a late fee of one hundred dollars ($100.00).
>
> (e)   The Director shall be authorized to enter into one or more letter agreements with an owner that is a Governmental Entity that reduces or waives the registration fee described in this Section 365.03.

45. As of 2025, Defendants require all landlords to register their residential rental

properties and to pay the rental registration fees online via the City of Cleveland Citizen

Portal.

46. As such, there is no designated person in the Cleveland Department of

Building and Housing tasked with physically accepting the rental registration documents

and the rental registration fee.

47. Defendants have enforced and continue to enforce Cleveland Cod.Ord. Chapter 365 against Plaintiffs BVG, 7006 Detroit and W101 (hereinafter "Plaintiffs") under threat of assessment of fines, criminal prosecution and other penalties under the law.

48. In addition, the failure to register may result in Defendants assessing a late fee of $100.00 per rental registration certificate per Cleveland Cod.Ord. 365.03.

49. Failure to comply with Cleveland Cod.Ord. Chapter 365 may result in legal action by Defendants against Plaintiffs pursuant to Cleveland Cod.Ord. 367.05 and/or Cleveland Cod.Ord. 367.14. (A copy of Cleveland Cod.Ord. 367.05 is attached as Exhibit 2 and a copy of Cleveland Cod.Ord. 367.14 is attached as Exhibit 3)

50. Failure to comply with Cleveland Cod.Ord. 365.02 or 365.04 is a first degree misdemeanor pursuant to Cleveland Cod.Ord. 367.99. (A copy of Cleveland Cod.Ord. 367.99 is attached as Exhibit 4)

51. Plaintiffs have been harmed and continue to be harmed by Defendants unlawful enforcement of Cleveland Cod.Ord. Chapter 365 as Defendants have threatened and continue to threaten Plaintiffs that their failure to comply with Cleveland Cod.Ord. Chapter 365, which necessarily requires Plaintiffs to waive rights afforded to them under the U.S. Constitution, federal law, the Ohio Constitution and Ohio law, may result in the assessment of fines, criminal prosecution and other penalties under the law.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**DECLARATORY JUDGMENT AND INJUNCTION**

12

52. Plaintiffs restate and repeat all prior allegations as of fully set forth herein.

53. Plaintiffs request that a declaratory judgment be issued per Fed.R.Civ.P. 57 declaring that the Defendant's policies, procedures and ordinances identified herein are unconstitutional, unlawful and unenforceable.

54. Plaintiffs have non-owner-occupied residential units in the City of Cleveland.

55. Plaintiffs are limited liability companies.

56. Since limited liability companies are not owners as defined by Cleveland Cod.Ord. 365.01(l), Plaintiffs are not required to comply with any obligations imposed upon owners pursuant to Cleveland Cod.Ord. Chapter 365.

57. Defendants have unlawfully enforced and continue to unlawfully enforce Cleveland Codified Ordinance Chapter 365 against Plaintiffs despite the fact Defendants have actual knowledge that Plaintiffs are not required to comply with Cleveland Cod.Ord. Chapter 365.

58. Cleveland Cod.Ord. 365.01(k) and Cleveland Cod.Ord. 365.02 require certain owners to designate a local agent in charge.

59. Cleveland Cod.Ord. 365.01(k)(2) requires the owner and the local agent in charge to sign a form accepting responsibility with the owner, including any potential criminal, civil, or administrative liability, for the maintenance and management of the premises.

60. Per Ohio Revised Code 4735.01(5), the local agent in charge necessarily must be a licensed real estate broker.

61. Cleveland Cod.Ord. 365.02 requires an owner to register residential property located in the City of Cleveland.

13

62. Cleveland Cod.Ord. 365.01(k)(2) is unconstitutional for reason that it violates the local agent in charge and the Plaintiffs' rights, including, but not limited to, the right to remain silent and the right to due process, under the U.S. Const., amend V, XIV and the Ohio Const., art. I, §1 and 16 by forcing the local agent in charge and the Plaintiffs to sign a Designation of a Local Agent in Charge form whereby the local agent accepts responsibility with the owner (including any potential criminal, civil, or administrative liability) for the maintenance and management of the premises.  (A copy of said form is attached as Exhibit 5)

63. Cleveland Cod.Ord. 365.01(k)(2) and Cleveland Cod.Ord. 365.02(b)(2) are unconstitutional for reason that they violate Plaintiffs' rights pursuant to the U.S. Const., art. I, §10 by interfering with existing property management agreements.

64. Cleveland Cod.Ord. 365.01(k)(2) violates Ohio law for reason that it imposes individual criminal vicarious liability upon the local agent in charge.

65. Cleveland Cod.Ord. 365.01(k) violates Ohio law as Ohio law holds that liability can only be imposed against the titled property owner yet Cleveland Cod.Ord. 365.01(k) requires a local agent in charge to accept responsibility with the owner (including any potential criminal, civil, or administrative liability) for the maintenance and management of the premises.

66. Cleveland Cod.Ord. 365.01(k) and 365.02 violates Ohio contract law for reason that Defendants are forcing Plaintiffs to appoint a local agent in charge and sign a Designation of Local Agent in Charge form against Plaintiffs' free will and Plaintiffs would therefore be signing said agreement under duress.

67. Cleveland Cod.Ord. 365.01(k) violates Ohio contract law for reason that

Defendants are forcing Plaintiffs, by requiring them to sign the Designation of Local Agent in Charge form, to indemnify the local agent in charge for any responsibility and liability against Plaintiffs' free will and Plaintiffs would therefore be signing said agreement under duress.

68. Cleveland Cod.Ord. 365.01(k) is unconstitutional as it interferes with rights afforded to corporations under Ohio Const., art. XIII, §2 which states as follows:

> Corporations may be formed under general laws; but all such laws may, from time to time, be altered or repealed. Corporations may be classified and there may be conferred upon proper boards, commissions or officers, such supervisory and regulatory powers over their organization, business and issue and sale of stocks and securities, and over the business and sale of the stocks and securities of foreign corporations and joint stock companies in this state, as may be prescribed by law. Laws may be passed regulating the sale and conveyance of other personal property, whether owned by a corporation, joint stock company or individual regulating the sale and conveyance of other personal property, whether owned by a corporation, joint stock company or individual.

69. Cleveland Cod.Ord. 365.01(k) and 365.02 are unlawful as they violate Ohio Revised Code Chapter 1701, which is titled "General Corporation Law."

70. Cleveland Cod.Ord. 365.01(k) and 365.02 are unlawful as they violate Ohio Revised Code Chapter 1706, which is titled "Ohio Revised Limited Liability Company Act".

71. The Designation of Local Agent in Charge form requires the notary public to sign below a statement that "the person(s) herein described and having signed the above application and on oath swears, (or affirms) that all the statements herein made are true to the best of knowledge and belief".

72. Defendant Cleveland has been on notice since July 1, 2024 of this apparent

error and has failed to fix the form.

73. The Designation of Local Agent in Charge form as written is improper and unlawful.

74. Cleveland Cod.Ord. 365.01(k) and 365.02 in whole and/or in part is unconstitutional and unlawful for reason that it violates Plaintiffs' rights, including, but not limited to, taking of private property and due process, pursuant to the U.S. Const., amend V, XIV as well as Ohio Const., art. I, §1 and §16 by placing unlawful restrictions and/or contingencies on Plaintiffs' properties.

75. Cleveland Cod.Ord. 365.02 is unconstitutional and unlawful as it is overly broad and vague by allowing the Director (currently Defendant O'Toole) complete and unfettered authority to seek any information and documentation the Director wants from the property owner.

76. Cleveland Cod.Ord. 365.02 is unlawful as it seeks irrelevant and improper information, including, but not limited to, requiring the owner to identify the "responsible party" on the online rental registration form, yet failing to provide explanation as to what "responsible" means for purposes of the registration form, and requiring that the responsible person be an individual as the form only allows for a first and last name to be entered as opposed to a company name.

77. Cleveland Cod.Ord. 365.02 is unlawful as it seeks irrelevant and unnecessary documentation.

78. Cleveland Cod.Ord. 365.02 is unlawful as it seeks information and documentation protected by corporate/limited liability laws.

79. Cleveland Cod.Ord.  365.02 is unconstitutional as it violates Plaintiffs'

right to remain silent under U.S. Const., amend V and the Ohio Const., art. I, §1 and 16

80. Cleveland Cod.Ord. 365.02 is unconstitutional as it violates Plaintiffs' right against unlawful warrantless searches pursuant to U.S. Const., amend IV.

81. Cleveland Cod.Ord. 365.01(k) is unconstitutional as it violates Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16.

82. Cleveland Cod.Ord. 365.02 is unconstitutional as it violates Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16.

83. Cleveland Cod.Ord. 365.03 is unconstitutional as it violates Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16.

84. Plaintiffs request that this Court, pursuant to Fed.R.Civ.P. 65 and 28 U.S.C. 2202, issue a preliminary injunction prohibiting Defendants from enforcing Cleveland Cod.Ord. Chapter 365, including, but not limited to, Cleveland Cod.Ord. 365.01, Cleveland Cod.Ord. 365.02 and Cleveland Cod.Ord. 365.03, against Plaintiffs because said ordinances are unconstitutional, unlawful, and unenforceable.

85. Plaintiffs request that this Court, pursuant to Fed.R.Civ.P. 65 and 28 U.S.C. 2202, issue a permanent injunction prohibiting Defendants from enforcing Cleveland Cod.Ord. Chapter 365, including, but not limited to, Cleveland Cod.Ord. 365.01, Cleveland Cod.Ord. 365.02 and Cleveland Cod.Ord. 365.03, against Plaintiffs because said ordinances are unconstitutional, unlawful, and unenforceable.

86. Plaintiffs request that if this Court issues preliminary and/or permanent

injunctions, that said injunction(s) not only enjoin Defendants, but also enjoin their representatives, successors, agents, employees, legal representatives, and any and all other individuals acting for or on behalf of the Defendants  from engaging in any conduct that interferes with, threatens, or attempts to interfere with or threaten the Plaintiffs' rights, including, but not limited to, Plaintiffs' rights under the U.S. Constitution, Ohio Constitution, federal law and Ohio law.

87. Without an injunction, Plaintiffs' rights will not be protected as they may face fines, criminal prosecution, civil action and other penalties pursuant to Cleveland Cod.Ord. Chapter 367.05, 367.14 and 367.99.

**COUNT TWO**
**VIOLATIONS OF EQUAL PROTECTION AND DUE PROCESS UNDER THE U.S. CONSTITUTION, AMENDMENT XIV AND**
**VIOLATIONS OF OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16**
**(42 U.S.C. 1983)**

88. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

89. Cleveland Cod.Ord. 365.02 is titled "Non-Owner-Occupied Residential Unit Registration Required; Application for and Issuance of Certificate of Non-Owner-Occupied Residential Registration; Certificate Approving Rental Occupancy; Revocation".

90. Cleveland Cod.Ord. 365.03 requires the non-owner occupied residential unit registration to be accompanied by a $70.00 nonrefundable fee for each non-owner occupied residential unit.

91. Cleveland Cod.Ord. 365.03 caps the fees for any one owner for all units owned by that owner within the City in excess of $30,000.00 per calendar year.

92. Cleveland Cod.Ord. 365.03(e) allows the Director to "enter into one or more

18

letter agreements with an owner that is a Governmental Entity that reduces or waives the registration fee described in this Section 365.03."

93. Defendants unlawfully treat two groups of similarly situated property owners who have non-owner occupied residential units in the City of Cleveland differently by allowing for the waiver of the rental registration fee for government owned non-owner occupied residential units but not for privately owned non-owner occupied residential units.

94. Defendants' actions are in violation of Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16.

95. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages.

**COUNT THREE**
**VIOLATIONS OF EQUAL PROTECTION AND DUE PROCESS UNDER THE U.S. CONSTITUTION, AMENDMENT XIV AND VIOLATIONS OF OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16**
**(42 U.S.C. 1983)**

96. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

97. Cleveland Cod.Ord. 365.01(k) states as follows:

> "Local Agent in Charge" means a natural person who is of sound mind and at least eighteen (18) years of age and who is designated by the owner; who is authorized by the owner to receive service of a Notice of Violation on the owner's behalf; and who is responsible for the maintenance and management of the residential rental unit.

98. Cleveland Cod.Ord. 365.01(k)(1) states as follows:

> If the owner is a natural person and a resident of Cuyahoga County or a contiguous county, then the Local Agent in

> Charge may be the owner. Otherwise, the Local Agent in
> Charge shall be a natural person who resides within
> Cuyahoga County.

99. Defendants unlawfully treat two groups of similarly situated property owners who have non-owner occupied residential units in the City of Cleveland differently by waiving the local agent in charge requirement for individuals who reside in Cuyahoga County or a contiguous county but forcing entities who are located in Cuyahoga County or a contiguous county to register a local agent in charge.

100. Defendants' actions are in violation of Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as Plaintiffs' rights pursuant to Ohio Const., art. I, §1, §2, and §16.

101. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages.

## COUNT FOUR
## VIOLATIONS OF EQUAL PROTECTION AND DUE PROCESS UNDER THE U.S. CONSTITUTION, AMENDMENT XIV AND
## VIOLATIONS OF OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16
## (42 U.S.C. 1983)

102. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

103. Cleveland Cod.Ord. 365.02(d) titled "Certificate Approving Rental Occupancy" states:

> Before a non-owner-occupied residential unit that is
> registered under this section can be rented, the owner must
> apply for and obtain a Certificate Approving Rental
> Occupancy. The owner shall apply for such certificate in a
> manner prescribed by the Director, using forms supplied by
> the Director. The Director shall require documentation
> demonstrating compliance with the following requirements:

104. For any non-owner occupied residential rental property that is part of

20

building with four (4) or more residential units, Cleveland Cod.Ord. 365.02(d)(1) requires the submission of documentation demonstrating that a unit with four or more residential units has been examined by a licensed Heating Ventilating and Air Condition (HVAC) contractor and the HVAC systems for the unit(s) found to be well-maintained and in working order in addition to the rental registration form.

105. Defendants unlawfully treat two groups of similarly situated property owners who own non-owner occupied rental units in the City of Cleveland differently by only requiring property owners who own non-owner occupied rental units with four or more residential units in a building to comply with Cleveland Cod.Ord. 365.02(d)(1) while waiving the requirement for property owners who own non-owner occupied rental units in a building with three or less rental units.

106. Defendants' actions are in violation of Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV as well as Plaintiffs' rights pursuant to Ohio Const., art. I, §1, §2, and §16.

107. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages.

## COUNT FIVE
## VIOLATIONS OF EQUAL PROTECTION AND DUE PROCESS UNDER THE U.S. CONSTITUTION, AMENDMENT XIV AND
## VIOLATIONS OF OHIO CONSTITUTION, ARTICLE I, §1, §2 AND §16
## (42 U.S.C. 1983)

108. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

109. Cleveland Cod.Ord. 365.02(d) titled "Certificate Approving Rental

Occupancy" states:

> Before a non-owner-occupied residential unit that is registered under this section can be rented, the owner must apply for and obtain a Certificate Approving Rental Occupancy. The owner shall apply for such certificate in a manner prescribed by the Director, using forms supplied by the Director. The Director shall require documentation demonstrating compliance with the following requirements:

110. Cleveland Cod.Ord. 365.02(d)(2) states:

> That where a non-owner-occupied residential unit is part of a building with four (4) or more residential units, and where the service account holder for water service, electricity service, or natural gas service is not the occupant of that unit, then the account shall be active, paid in full, and otherwise in good standing.

111. Defendants unlawfully treat two groups of similarly situated property owners who own non-owner occupied residential units in the City of Cleveland differently by only requiring non-owner occupied residential rental properties with four or more residential units to comply with Cleveland Cod.Ord. 365.02(d)(2) while waiving the requirement for property owners who own non-owner occupied rental units in a building with three or less rental units.

112. Defendants' actions are in violation of Plaintiffs' equal protection and due process rights under the U.S. Const., amend. XIV and Ohio Const., art. I, §1, §2, and §16.

113. As a direct and proximate result of Defendants' actions, Plaintiff have sustained damages.

**COUNT SIX**
**UNJUST ENRICHMENT AND RESTITUTION**

22

114. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

115. Defendant Cleveland enacted Cleveland Cod.Ord. Chapter 365.

116. Defendants are deemed to have actual knowledge of the language of the ordinances they enacted as well as the lawful application of said ordinances.

117. Defendants knew that Cleveland Cod.Ord. Chapter 365 did not apply to limited liability companies.

118. Despite this knowledge, Defendants have forced and continue to force, under threat of criminal prosecution and civil penalties, for Plaintiffs to comply with Cleveland Cod.Ord. Chapter 365.

119. Defendant Cleveland received rental registration fees from Plaintiffs.

120. Defendant Cleveland knew at the time it received rental registration fees from Plaintiffs that it was not entitled to said fees.

121. Despite said knowledge, Defendant Cleveland retained the rental registration fees.

122. As a result of their failure to return said funds, Defendant Cleveland has been unjustly enriched.

123. Defendant Cleveland has retained said funds under the circumstances would be unjust.

124.  Plaintiffs request Defendant Cleveland be ordered to refund all rental registration fees paid by Plaintiffs to Defendant Cleveland.

125. As a result of Defendants' actions, Plaintiffs has sustained damages.

<u>**COUNT SEVEN**</u>
<u>**UNJUST ENRICHMENT AND RESTITUTION**</u>

126. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

127. Defendant Cleveland enacted Cleveland Cod.Ord. Chapter 365.

128. Defendants have forced landlords to pay rental registration fees in excess of tens of millions of dollars.

129. Defendants have forced landlords, including Plaintiffs, to pay rental registration fees even though it knew it was charging said fees to generate revenue.

130. There is no correlation between the rental registration fees paid and the services provided by Defendants.

131. Defendant Cleveland received rental registration fees from Plaintiffs.

132. Defendant Cleveland knew at the time it received rental registration fees from Plaintiffs that it had not earned said fees nor would it earn said fees.

133. Despite said knowledge, Defendant Cleveland retained Plaintiffs' rental registration fees.

134. As a result of their failure to return said funds, Defendant Cleveland has been unjustly enriched.

135. Defendant Cleveland has retained said rental registration fees under the circumstances would be unjust.

136.  Plaintiffs request Defendant Cleveland to be ordered to refund all rental registration fees paid by Plaintiffs to Defendant Cleveland.

137. As a result of Defendants' actions, Plaintiffs has sustained damages.

## COUNT EIGHT
## VIOLATION OF OHIO LAW

138. Plaintiffs restate and realleges all prior allegations as if fully set forth herein.

139. The rental registration fee is an unlawful tax as defined by Ohio Revised Code 2723.01 et seq.

24

140. The rental registration fee is unlawful and unenforceable pursuant to Ohio Revised Code 2723.01 et seq.

141. As a result of Defendants' actions, Plaintiffs have sustained damages and seeks compensation for said damages, including, but not limited to, a refund for all rental registration fees paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Declare that Cleveland Cod.Ord. Chapter 365 does not apply to Plaintiffs as limited liability companies are not owners as defined by Cleveland Cod.Ord. 365.01(I);
2. Declare that Cleveland Cod.Ord. 365.01(k)(2) violates the U.S. Const., amend V, XIV and the Ohio Const., art. I, §1 and 16;
3. Declare that Cleveland Cod.Ord. 365.01(k)(2) and Cleveland Cod.Ord. 365.02(b)(2) violate the U.S. Const., art. I, §10.
4. Declare that Cleveland Cod.Ord. 365.01(k)(2) violates Ohio law by imposing individual criminal vicarious liability upon the local agent in charge;
5. Declare that Cleveland Cod.Ord. 365.01(k) violates Ohio law by imposing liability against someone other than the titled property owner;
6. Declare that Cleveland Cod.Ord. 365.01(k) and 365.02 violates Ohio contract law;
7. Declare that Cleveland Cod.Ord. 365.01(k) violates Ohio Const., art. XIII, §2;
8. Declare that Cleveland Cod.Ord. 365.01(k) and 365.02 violate Ohio Revised Code Chapter 1701;
9. Declare that Cleveland Cod.Ord. 365.01(k) and 365.02 violate Ohio Revised Code Chapter 1706;
10. Declare that The Designation of Local Agent in Charge form as written is improper and unlawful;
11. Declare that Cleveland Cod.Ord. 365.01(k) and Cleveland Cod.Ord. 365.02 violate the U.S. Const., amend V, XIV as well as Ohio Const., art. I, §1 and §16;
12. Declare that Cleveland Cod.Ord. 365.02 is unconstitutional and unlawful as it is overly broad and vague;
13. Declare that Cleveland Cod.Ord. 365.02 is unlawful as it seeks irrelevant, improper and unnecessary information and documentation;
14. Declare that Cleveland Cod.Ord. 365.02 is unlawful as it seeks information and documentation protected by Ohio law;

15. Declare that Cleveland Cod.Ord. 365.02 violates the U.S. Const., amend V and the Ohio Const., art. I, §1 and 16;
16. Declare that Cleveland Cod.Ord. 365.02 violates U.S. Const., amend IV;
17. Declare that Cleveland Cod.Ord. 365.01(k) violates the U.S. Const., amend. XIV as well as rights afforded to Plaintiffs pursuant to Ohio Const., art. I, §1, §2, and §16;
18. Declare that Cleveland Cod.Ord. 365.02 violates the U.S. Const., amend. XIV and Ohio Const., art. I, §1, §2, and §16;
19. Declare that Cleveland Cod.Ord. 365.03 violates the U.S. Const., amend. XIV and Ohio Const., art. I, §1, §2, and §16;
20. Preliminary and permanently enjoin Defendants and all of those acting in concert with them from enforcing Cleveland Cod.Ord. Chapter 365 against Plaintiffs;
21. Preliminary and permanently enjoin Defendants and all of those acting in concert with them from enforcing Cleveland Cod.Ord. 365.01(k) against Plaintiffs;
22. Preliminary and permanently enjoin Defendants and all of those acting in concert with them from enforcing Cleveland Cod.Ord. 365.02 against Plaintiffs;
23. Preliminary and permanently enjoin Defendants and all of those acting in concert with them from enforcing Cleveland Cod.Ord. 365.03 against Plaintiffs;
24. Award Plaintiffs attorney fees, costs and other disbursements in this action pursuant to 42 U.S.C. 1988;
25. Damages pursuant to 42 U.S.C. 1988 and attorney fees as to Count Two;
26. Damages pursuant to 42 U.S.C. 1988 and attorney fees as to Count Three;
27. Damages pursuant to 42 U.S.C. 1988 and attorney fees as to Count Four;
28. Damages pursuant to 42 U.S.C. 1988 and attorney fees as to Count Five;
29. Damages as to Count Six;
30. Damages as to Count Seven;
31. Declare that Cleveland Cod.Ord. 365.03 is an unlawful tax as to Count Eight;
32. Damages as to Count Eight;
33. Attorney fees;
34. Costs;
35. Award any additional relief in Plaintiffs' favor to which it is justly and equitably entitled; and
36. Any and all other further relief deemed just by the Court.


Respectfully submitted,


/S/ SARAH S. GRAHAM
Sarah S. Graham, Esq. (0070850)

2 Summit Park Drive, #645
Independence, Ohio 44131
Telephone 216-264-4105
Fax 216-264-4110
sgraham@aiyproperties.com
Attorney for Plaintiffs

STATE OF OHIO      )

                     )ss.          **A F F I D A V I T**

COUNTY OF CUYAHOGA )

I, JOHN PETRYSHIN, having been duly sworn and deposed according to law, hereby states the following:

    1. My name is John Petryshin and I am at least 18 years of age, of sound mind and I am competent to testify to all matters herein.

    2. I am a duly authorized agent for Plaintiff BVG Properties, LLC.

    3. I am a duly authorized agent for Plaintiff 7006 Detroit Road, LLC.

    4. I am a duly authorized agent for Plaintiff 1415-1419 West 101 LLC.

    5. I have reviewed Plaintiffs' Complaint and Exhibits in this case.

    6. I verify that all factual allegations contained in the Plaintiffs' Complaint are true and accurate.

    7. I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

                                       _____

                                     JOHN PETRYSHIN

    Subscribed and sworn to me, a notary public, in my presence and for said county and state this \_\_\_3rd\_\_\_ day of \_\_\_\_March\_\_\_\_\_, 2025.

                                       _____

                                   NOTARY PUBLIC



SARAH S. GRAHAM, Attorney at Law
Notary Public - State of Ohio
My Commission Has No Expiration Date
Section 147.03 R.C.

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
BVG Properties, LLC, et al.

**DEFENDANTS**
City of Cleveland, et al.

**(b)** County of Residence of First Listed Plaintiff   Cuyahoga
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cuyahoga
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sarah S. Graham, Esq. (0070850)
2 Summit Park Dr.#645, Independence, OH 44131

Attorneys *(If Known)*
Mark Griffin, Esq., Director of Law, City of Cleveland
601 Lakeside, Room 106, Cleveland, OH 44114

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 | U.S. Government Defendant | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983 and 42 U.S.C. 1988
Brief description of cause:
Cleveland Cod.Ord. Chapter 365 is inapplicable to LLCs and it also violates the U.S. and Ohio Constitutions as well as federal and Ohio law.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
March 3, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**  Civil Categories: (Please check one category only).

1. [✔] General Civil
2. [ ] Administrative Review/Social Security
3. [ ] Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.**  **RELATED OR REFILED CASES.** See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: [ ] is **RELATED** to another **PENDING** civil case [ ] is a **REFILED** case [ ] was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**  In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county

**COUNTY:** Cuyahoga

Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2) **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.

**COUNTY:**

(3) **Other Cases.** If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.

**COUNTY:**

**IV.**  The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section **III**, please check the appropriate division.

**EASTERN DIVISION**

[ ] **AKRON** (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[✔] **CLEVELAND** (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
[ ] **YOUNGSTOWN** (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

[ ] **TOLEDO** (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

# CHAPTER 365 – RENTAL REGISTRATION AND LEAD-SAFE CERTIFICATION

365.01   Definitions

365.02   Non-Owner-Occupied Residential Unit Registration Required; Application for and Issuance of Certificate of Non-Owner-Occupied Residential Registration; Certificate Approving Rental Occupancy; Revocation

365.03   Rental Registration Fee

365.04   Lead-Safe Certification Required for Residential Rental Units Built Before January 1, 1978

365.05   Internal Review

365.06   Impact of Lead-Safe Certification Requirement; Review

365.07   Lead-Safe Advisory Board; Responsibilities

365.08   Records Kept by Department

365.09   Inspections; Right of Entry

365.10   Severability

## § 365.01 Definitions

For purposes of this chapter:

(a)   "Clearance examination" means an examination, performed by a clearance technician, lead inspector, or lead risk assessor, to determine whether lead hazards in a residential unit have been sufficiently controlled. A clearance examination includes a visual assessment, collection and analysis of environmental samples.

(b)   "Clearance technician" means a person, other than a licensed lead inspector or lead risk assessor, who is licensed under RC Chapter 3742 to perform a clearance examination.

(c)   "Director" means the Director of Building and Housing.

(d)   "Governmental Entity" means the United States, or an agency thereof, the State of Ohio or a political subdivision thereof, or a county land reutilization corporation organized and existing under Chapter 1724 of the Revised Code or its wholly owned subsidiary.

(e)   "Lead-based paint" means any paint or other similar surface-coating substance containing lead at or in excess of the level that is hazardous to human health as set forth in Rule 3701-32-19 of the Ohio Administrative Code (OAC) as it may be hereafter amended.

(f)   "Lead hazard" means material that is likely to cause lead exposure and endanger an individual's health as set forth in OAC Rule 3701-32-19. Lead hazard includes lead-based paint, lead-contaminated dust, lead-contaminated soil and lead-contaminated water pipes.

(g)   "Lead inspector" means any individual licensed under RC Chapter 3742 who conducts a lead inspection, provides professional advice regarding a lead inspection, or prepares a report explaining the results of a lead inspection.

(h)   "Lead risk assessment" means an on-site investigation to determine and report the existence, nature, severity, and location of lead hazards in a residential unit including information gathering from the unit, current owner's knowledge regarding the age and painting history of the unit, and occupancy by children under six (6) years of age, visual inspection, limited wipe sampling and other environmental sampling techniques, and any other activity as may be appropriate.

(i)   "Lead risk assessor" means a person licensed under RC Chapter 3742 who is responsible for developing a written inspection, risk assessment and analysis plan; conducting inspections for lead hazards in a residential unit; interpreting results of inspections or risk assessments; identifying hazard control strategies to reduce or eliminate lead exposures; and completing a risk assessment report.

(j)   "Lead-safe certification" means that the owner of a residential rental unit built before January 1, 1978 has provided to the Director a clearance examination report or lead risk assessment that indicates that lead hazards are not identified in the unit. A lead-safe certification is valid for two (2) years from the date of the certification.

(k)   "Local Agent in Charge" means a natural person who is of sound mind and at least eighteen (18) years of age and who is designated by the owner; who is authorized by the owner to receive service of a Notice of Violation on the owner's behalf; and who is responsible for the maintenance and management of the residential rental unit.

(1)   If the owner is a natural person and a resident of Cuyahoga County or a contiguous county, then the Local Agent in Charge may be the owner. Otherwise, the Local Agent in Charge shall be a natural person who resides within Cuyahoga County.

(2)   If the Local Agent in Charge is not the owner, then the Local Agent in Charge shall, in a form to be supplied by the Director, accept responsibility with the owner (including any potential criminal, civil, or administrative liability) for the maintenance and management of the premises during any time when such person is identified as the Local Agent in Charge. The form shall include a provision in which the owner indemnifies the Local Agent in Charge for any such responsibility and liability. In any enforcement or pursuit of those responsibilities and liabilities, the City shall make a good faith effort to hold the owner exclusively responsible or liable, but the City may, in its sole discretion, hold the Local Agent in Charge responsible or liable, in part or in full.

(3)   If the Local Agent in Charge is a real estate broker as defined in RC 4735.01, then the Local Agent in Charge shall include a copy of their real estate broker's license in any form or application they file with the City.

(4)   If the owner is a Governmental Entity, then the owner shall be deemed to be the Local Agent in Charge and owner shall not be required to designate any natural person as the Local Agent in Charge.

(l)   "Owner" means the person, partnership or corporation that holds title to the residential rental unit.

(m)   "Permanent" means an expected design life of at least twenty (20) years.

(n)   "Residential rental unit" means any part of a building being used, designed or intended to be used as an individual's private residence, including a unit occupied by one (1) or more persons regardless of whether the occupant pays rent or provides anything else of value to the titled owner in consideration for occupying the structure. A residential rental unit does not include a unit occupied by the titled owner.

(Ord. No. 1039-2023. Passed 2-5-24, eff. 2-6-24)

**EXHIBIT 1**

### § 365.02 Non-Owner-Occupied Residential Unit Registration Required; Application for and Issuance of Certificate of Non-Owner-Occupied Residential Registration; Certificate Approving Rental Occupancy; Revocation

(a)   *Non-Owner-Occupied Residential Unit Registration Required.* An owner of a non-owner-occupied residential unit or units located in the City shall apply to register each unit in a manner prescribed in writing by the Director in a publicly available non-owner-occupied residential unit registry established and maintained by the Director. Upon approval of an application, the owner shall receive a Certificate of Non-Owner-Occupied Residential Unit Registration. Such an owner, before renting such a unit, shall obtain a Certificate Approving Rental Occupancy. If the owner is a Governmental Entity, then it shall be exempt from the rental registration requirements of this Section 365.02, unless and until the Governmental Entity intends to rent the unit as evidenced by the owner simultaneously applying for a Certificate Approving Rental Occupancy as described in division (d) of this section.

(b)   *Information Required for Annual Non-Owner-Occupied Residential Unit Registration.* Application for a certificate of non-owner-occupied residential unit registration required by this Housing Code shall be made annually, on or before March 1st of each calendar year in accordance with the process prescribed in writing by the Director. Information, or documentation, to be supplied on, or with, an application shall include, but is not limited to, the following:

(1)   The name, address, telephone number and email address of the owner or owners of the premises. If the owner is a partnership, then the names, addresses, telephone numbers and email addresses of all general partners. If the owner is a corporation, the names, addresses, telephone numbers and email addresses of the current statutory agent and all corporate officers of the corporation. The address for corporations and partnerships shall be the principal place of business and the address for persons shall be the home address;

   A.   If the owner is a natural person, then the application shall include a copy of the owner's driver's license or an acceptable government issued photo identification card.

   B.   If the owner is not a natural person, then the application shall include a current copy of the owner's Certificate of Good Standing issued by the Ohio Secretary of State.

(2)   The name, address, telephone number and email address of a Local Agent in Charge.

(c)   *Issuance of Certificate of Non-Owner-Occupied Residential Unit Registration.* Upon receipt of application, the Director shall issue a certificate of non-owner-occupied residential unit registration that shall state conspicuously: "This Certificate establishes that the residential unit described here is registered with the City of Cleveland Department of Building and Housing, which means that the owner has provided information to the Department concerning the property as required by law. This Certificate does not establish that the residential unit described herein is safe from lead paint hazards, meets Housing Code and Building Code requirements, or is fit and habitable to live in. A separate Certificate Approving Rental Occupancy from the Department of Building and Housing establishes a record of compliance with those laws and requirements." The Certificate shall also indicate:

(1)   The street address or other identifying characteristics of the building or other structure;

(2)   The name, address, telephone number and email address of the owner or owners of the premises. In the case of a partnership, the names of all general partners;

(3)   If the record owner is a corporation, the names, addresses, telephone numbers and email addresses of the current statutory agent and all corporate officers of that corporation;

(4)   The name, address, telephone number and email address of the managing agent of the premises, if any;

(5)   The name, address (including the dwelling unit, apartment or room number), telephone number and email address of the superintendent, custodian, or other individual employed by the owner or managing agent to provide regular maintenance services, if any;

(6)   The name, address, telephone number and email address of an individual representative of the owner or managing agent who may be reached or contacted at any time in the event of an emergency affecting the premises of any rental unit in that structure, including such emergencies as the failure of a utility system or service, and who has the authority to make emergency decisions concerning the building including its repairs or expenditures;

(7)   The name, address, telephone number and email address of any Local Agent in Charge;

(8)   The use and occupancy authorized; and

(9)   A statement concerning the current lead-safe certification status of the property, if applicable and a statement concerning the existence of any Lead Hazard Control Order.

(d)   *Certificate Approving Rental Occupancy.* Before a non-owner-occupied residential unit that is registered under this section can be rented, the owner must apply for and obtain a Certificate Approving Rental Occupancy. The owner shall apply for such certificate in a manner prescribed by the Director, using forms supplied by the Director.

The Director shall require documentation demonstrating compliance with the following requirements:

(1)   That where a non-owner-occupied residential unit is part of a building with four (4) or more residential units, the unit shall have been examined by a licensed Heating Ventilating and Air Condition (HVAC) contractor and the HVAC systems for the unit(s) found to be well-maintained and in working order.

(2)   That where a non-owner-occupied residential unit is part of a building with four (4) or more residential units, and where the service account holder for water service, electricity service, or natural gas service is not the occupant of that unit, then the account shall be active, paid in full, and otherwise in good standing.

(3)   The City of Cleveland's Lead Safe Certification requirement and any Lead Hazard Control Orders.

(4)   Any Notices of Violations issued for the unit, with acceptable documentation to include but not be limited to, as appropriate, certificates of correction, inspection reports, or documentation from contractors that demonstrates and certifies that the object of the Notice of Violation was resolved.

(5)   That parcels shall not be delinquent regarding their property tax balance or in good standing on a County payment plan in the case of a tax delinquency.

(6)   That parcels shall not be delinquent in fines and/or fees owed to the City, including but not limited to those related to nuisance abatement.

(e)   *Revocation of Certificate of Non-owner-Occupied Residential Unit Registration.* The Director may revoke a certificate of non-owner-occupied residential Unit registration if the applicant makes any false statement in connection with the registration, or if the structure that was covered by it is no longer in compliance with the requirements of this Code, or if the owner, agent, or person in charge of a structure refuses to comply with any provision of this Code required for the use, maintenance and/or occupancy of a structure, including this chapter and Chapters 240, 367, 369 and 371. If the Director revokes a certificate of non-owner-occupied residential unit registration, the owner may appeal the Director's action to the Board of Zoning Appeals, in writing within ten (10) days from the date of the Director's action. The Board may sustain, disapprove or modify the Director's action, and the Board's decision shall be final.

(f)   *Revocation of Certificate Approving Rental Occupancy.* Whenever the Director discovers that a non-owner-occupied residential unit no longer qualifies for a Certificate Approving Rental Occupancy, the Director shall revoke the certificate. The Director shall mail a copy of the revocation to the owner and to the residential unit addressed to the occupants by name or as "occupants". The Director may have the revocation posted on the residential unit. The revocation of the certificate shall in no way alter the rights of an occupant under a rental agreement or relieve the owner of its obligations under a rental agreement.

(g)  *Notice of Change in Information.* It is the owner and the Local Agent in Charge's obligation to notify the Director, in writing, of any change in the name, address, telephone number, and/or email address of any information provided in this section within seven (7) days after the change occurs. If written notification is not provided as required in this section, the Director may revoke the certificate of non-owner-occupied residential unit registration until the changed name, address, telephone number, and/or email address is provided in writing.

(h)  The owner or Local Agent in Charge of the unit shall pay a fine of one hundred dollars ($100.00) upon revocation of the Certificate of Non-Owner-Occupied Residential Unit Registration or the Certificate Approving Rental Occupancy, and the certificates shall not be reissued while any fee or fine is outstanding. Cumulative fines for such revocations that are associated with a single owner shall not exceed thirty thousand dollars ($30,000.00) per calendar year.

(i)  Within two (2) years of passage of this ordinance, the Director shall submit to the Council a report produced by a third party that reviews and evaluates the implementation of Chapter 365 and Chapter 3106; the effect of those chapters on the housing market in Cleveland and on Cleveland residents; and the impact of the Local Agent in Charge requirement.

(Ord. No. 1039-2023. Passed 2-5-24, eff. 2-6-24)

## § 365.03 Rental Registration Fee

(a)  An application for a certificate of non-owner-occupied residential unit registration shall be accompanied by a nonrefundable fee for each non-owner-occupied residential unit of seventy dollars ($70.00) for each residential rental unit.

(b)  The Board of Control shall establish any fee exemptions and guidelines for implementation.

(c)  No fees shall be collected from any one (1) owner for all units owned by that owner within the City in excess of thirty thousand dollars ($30,000.00) per calendar year.

(d)  A certificate may be renewed prior to expiration upon application and payment of the fee described above. A certificate that has expired may be renewed upon payment of the above registration fee plus a late fee of one hundred dollars ($100.00).

(e)  The Director shall be authorized to enter into one or more letter agreements with an owner that is a Governmental Entity that reduces or waives the registration fee described in this Section 365.03.

(Ord. No. 1039-2023. Passed 2-5-24, eff. 2-6-24)

## § 365.04 Lead-Safe Certification Required for Residential Rental Units Built Before January 1, 1978

(a)  *Presumption and Policy.* Any residential rental unit originally constructed prior to January 1, 1978 is presumed to have lead-based paint. It is the policy of the City to help prevent the poisoning of children by requiring that the presence of deteriorated lead-based paint on the interior and exterior of residential rental structures built before January 1, 1978 be identified and be correctly addressed by reducing and controlling lead-based paint hazards which may be present, in order to prevent human exposure to these hazards. Therefore, it is the further policy of the City to require all residential rental units in the City constructed prior to January 1, 1978 to have lead-safe certification no later than March 1, 2023.

(b)  *Lead-Safe Certification.* Beginning March 1, 2021, all residential rental units constructed before January 1, 1978 shall have lead-safe certification from the Director according to a quarterly schedule established by the Director, but in no case later than March 1, 2023.

A lead-safe certification is valid for two (2) years from the date of issuance. No earlier than thirty (30) days prior to expiration, an owner shall re-apply for a lead-safe certification by providing the necessary documentation as set forth in this section.

(1)  To obtain a lead-safe certification, an owner of a residential rental unit constructed prior to January 1, 1978 shall provide to the Director a copy of a clearance examination report or lead risk assessment, completed pursuant to applicable Ohio laws and rules, within ninety (90) days prior to the date of submission evidencing that lead hazards were not identified in the unit.

(2)  For a structure constructed prior to January 1, 1978 that contains five (5) or more residential rental units to obtain a lead-safe certification, an owner shall provide to the Director a copy of a report, completed pursuant to applicable law within ninety (90) days prior to the date of submission, that lead hazards were not identified in the minimum number of units tested relative to the total number of units in the structure, according to Federal HUD Guidelines, 2012 edition, as may be amended from time to time.

(c)  *Exemption.* To be exempt from the lead-safe certification requirement set forth in this section, the owner of a residential rental unit originally constructed prior to January 1, 1978 shall submit a copy of a comprehensive lead risk assessment and paint inspection report, issued by a lead risk assessor verifying that the unit has been abated of lead hazards in accordance with 40 C.F.R. 745.227 and applicable state law. The report shall have been completed within twenty (20) years prior to the date of submission to the Director.

(d)  An owner of a residential rental unit is not required to obtain a lead-safe certification so long as the unit is unoccupied and the owner does not receive rent or anything else of value for the unit. The owner shall file an affidavit, in the form prescribed by the Director, that the unit is unoccupied and that the owner does not receive rent or anything else of value for the unit, which affidavit shall be filed annually so long as the unit remains unoccupied and the owner does not receive rent or anything else of value for the unit.

(e)  *Affirmative Defense.* It is an affirmative defense to a charge for a violation of this section that the rental unit is unoccupied and the owner of the rental unit does not receive rent or anything else of value for the unit.

(f)  *Conflict of Interest.* Any clearance technician, lead risk assessor or lead inspector who performs a clearance examination or lead risk assessment for purposes of this section shall not be:

(1)  the owner or an immediate family member, agent or employee of the owner;

(2)  part of a company or associated with a company that is directly or beneficially owned, controlled or managed by the owner, or by an immediate family member, agent or employee of the owner;

(3)  a person hired by or under contract with the owner to manage or maintain the owner's residential rental unit or units as directed by the owner;

(4)  a person who has been authorized by the owner to manage or maintain the owner's residential rental unit or units on the owner's behalf; or

(5)  a person who has a financial interest in the laboratory results of dust sampling or testing, or in the determination of whether lead hazards are identified in the owner's residential rental unit or units.

For purposes of this division "immediate family member" means a spouse residing in the owner's household and any dependent child.

(Ord. No. 747-2019. Passed 7-24-19, eff. 7-26-19)

## § 365.05 Internal Review

The Director, through a designated Lead-Safe Auditor, shall monitor the City lead-safe certification process to ensure efficiency and effectiveness. The Lead-Safe Auditor shall perform such other tasks as required by the Director, including maintaining a list of certified inspectors and contractors and coordinating regular monitoring and reporting with the Lead-Safe Advisory Board and other appropriate entities.

(Ord. No. 747-2019. Passed 7-24-19, eff. 7-26-19)

### § 365.06 Impact of Lead-Safe Certification Requirement; Review

Within one (1) year after implementation and yearly thereafter, the City shall review the impacts of the lead-safe certification requirement to determine if tenants have been unduly displaced and to identify any other negative unintended consequences that may have occurred due to implementation of the lead-safe certification requirement. If negative impacts are occurring or have occurred, the City will re-evaluate the program and work toward eliminating any negative impacts.

(Ord. No. 747-2019. Passed 7-24-19, eff. 7-26-19)

### § 365.07 Lead-Safe Advisory Board; Responsibilities

(a)   There is hereby established a Lead-Safe Advisory Board to consist of seven (7) members: six (6) members appointed by the Mayor with approval of Council and one (1) member appointed by Council who shall be a member of Council. Of the members, at least two (2) shall be representatives from the Lead Safe Cleveland Coalition or similar organization, at least one (1) shall be a current owner of residential rental property located in the City, one (1) shall be the Lead-Safe Auditor, and one (1) shall be a current member of the Cleveland Area Board of Realtors or similar organization of realtors. Of the original appointments, three (3) shall be appointed for terms of two (2) years and four (4) shall be appointed for terms of three (3) years. Thereafter, the terms shall be four (4) years. None of the members shall be current employees of the City. The Lead-Safe Advisory Board shall meet as often as a majority of its members deems necessary, but at least quarterly in each calendar year. The Board shall establish its own rules and regulations.

(b)   The responsibilities of the Lead-Safe Advisory Board shall be as follows: to provide recommendations for improvements to the City's lead-safe policies and procedures; to report, on a quarterly basis, progress and status of the City's Lead-Safe Certification requirement and other lead poisoning related efforts to the Council, the Directors of Building and Housing, Public Health and Community Development, and the Lead Safe Cleveland Coalition or similar organization; to cause an appropriate outside entity or entities to produce impact analyses of the Lead Safe Certification program; to review such impact analyses and report same to the Council, the Directors of Building and Housing, Public Health and Community Development, and the Lead Safe Cleveland Coalition or similar organization.

(Ord. No. 747-2019. Passed 7-24-19, eff. 7-26-19)

### § 365.08 Records Kept by Department

Copies of all applications, certificates of rental registration and documents submitted for lead-safe certification are a public record and shall be kept on file by the Director as required by applicable law.

(Ord. No. 747-2019. Passed 7-24-19, eff. 7-26-19)

### § 365.09 Inspections; Right of Entry

(a)   All residential rental units shall be subject to inspection for the purpose of determining compliance with the provisions of this Housing Code and all other applicable laws, ordinances, rules and regulations. Inspections shall be conducted in accordance with the residential rental unit inspection schedule established by the Director, or as may be necessary in the Director's discretion pursuant to specific complaint received under this Code.

(b)   The Director and the Director's duly authorized agents or inspectors may enter at reasonable times any residential rental unit registered under this chapter in accordance with the right of entry defined in Chapter 367.

(Ord. No. 1039-2023. Passed 2-5-24, eff. 2-6-24)

### § 365.10 Severability

If any section, subsection, sentence, clause, phrase, or other portion of this chapter, or its application to any person, is, for any reason, declared invalid, in whole or in part by any court or agency of competent jurisdiction, said decision shall not affect the validity of the remaining portions of this chapter.

(Ord. No. 747-2019. Passed 7-24-19, eff. 7-26-19)

## § 367.05 Noncompliance with Notice; Vacation of Premises; Board and Demolition of Premises

  (a)   No person shall fail to comply with any provision of this Housing Code or fail to comply with any lawful order issued under this Housing Code.

  (b)   Whenever the owner, agent or person in charge of a dwelling structure or premises fails, neglects or refuses to comply with a notice of the Director of Building and Housing, the Director may issue a notice ordering the structure or premises concerned to be vacated, or he or she may advise the Director of Law of the circumstances and request the Director of Law to institute an appropriate action of law to compel a compliance, or both.

  (c)   Whenever the owner or agent or person in charge of a dwelling structure or premises fails, neglects or refuses to comply with a notice to vacate issued by the Director, the Director may request the Director of Public Safety to enforce the orders of such notice of vacation and cause the structure to be vacated in accordance with the terms of such notice.

  (d)   Whenever the Director has made the determination that a dwelling structure or premises constitutes a public nuisance in that the structure or premises is injurious to the public health, safety and welfare, and the owner, agent or person in charge of such structure fails, neglects or refuses to comply with a notice of violation ordering such structure to be demolished or boarded, or the violations corrected, the Director may take necessary action to demolish or effectively board such structure in accordance with the procedure and requirements set forth in Section 3103.09 or take such other action as may be necessary to abate the nuisance. The Director shall give written notice in conformance with the procedures set forth in division (h)(6) of Section 3103.09 for the service of notice of violation informing the owner or agent, mortgagee of record, lessee of record or lien holder of record of the City's intention to demolish or effectively board such structure at least thirty (30) days prior to such intended action by the City.

(Ord. No. 1039-2023. Passed 2-5-24, eff. 2-6-24)

**EXHIBIT 2**

## § 367.14 Other Legal Action

   The imposition of any penalty shall not preclude the Director of Law from instituting an appropriate action or proceeding in a court of proper jurisdiction to prevent an unlawful repair or maintenance, or to restrain, correct or abate a violation, or to prevent the occupancy of a building, structure or premises, or to require compliance with the provisions of this Housing Code or other applicable laws, ordinances, rules or regulations, or the orders or determinations of the Commissioner of Housing or the Board of Building Standards and Building Appeals.

(Ord. No. 2409-59. Passed 4-4-60, eff. 4-6-60)

**EXHIBIT 3**

### § 367.99 Penalty

   (a)   Whoever violates any provision of this Housing Code for which no other penalty is provided or any rule or regulation promulgated thereunder or fails to comply with this Housing Code or with any order issued shall be guilty of a misdemeanor of the first degree. Each day of a continuing violation shall be deemed a separate offense.

   Whoever causes or permits the continuation of any violation of this Housing Code or any rule or regulation promulgated hereunder or fails to comply with this Housing Code or with any written notice or written order issued hereunder, subsequent to conviction therefor shall be liable for further prosecution, conviction and punishment upon the same order or notice without the necessity of issuing a new order or notice, until full compliance has been had on such order or notice upon which the original conviction was made.

   (b)   Whoever violates Section 367.11 shall be guilty of a misdemeanor of the first degree.

   (c)   Whoever violates Section 367.12 or 367.13 shall be guilty of a misdemeanor of the first degree.

   (d)   Whoever violates Section 365.02, 365.04 or 371.01 shall be guilty of a misdemeanor of the first degree. Each day of a continuing violation shall be deemed a separate offense.

   (e)   Whoever violates Sections 369.13, 369.14, 369.15, 369.16, 369.17, 369.18, 369.19, 371.05, 371.07, 371.10 or 371.13, or Section 369.08, as a first offense shall be guilty of a minor misdemeanor. In addition to any other method of enforcement provided for in this chapter, the above listed minor misdemeanors may be enforced by the issuance of a citation in compliance with Rule 4.1 of the Ohio Rules of Criminal Procedure.

   Whoever violates Sections 392.02, 392.021, 392.03, 392.04, or 392.05 is subject to the penalty established in Section 392.99 of these Codified Ordinances. In addition to any other means of enforcement provided for in these Codified Ordinances by statute, Sections 392.02, 392.03, 392.04, 392.05 or 392.06 may be enforced by the issuance of a citation in compliance with Rule 4.1 of the Rules of Criminal Procedure, provided that the offense is a minor misdemeanor.

   (f)   Whoever violates Section 369.08 as a second offense of that section shall be guilty of a misdemeanor of the fourth degree. Whoever violates Section 369.08 as a third or subsequent offense of that section shall be guilty of a misdemeanor of the first degree.

   (g)   A court of competent jurisdiction may require whoever is convicted of or pleads guilty to a violation of this Housing Code to pay to the Department of Building and Housing fees for inspections of violations that have not been remedied, which fees are described in Sections 367.08 and 3105.26, and the expenses or costs incurred under the provisions for demolition or boarding contained in the Housing Code.

(Ord. No. 388-2024. Passed 4-1-24, eff. 4-3-24)

**EXHIBIT 4**



**CITY OF CLEVELAND**
Mayor Justin M. Bibb

### Designation of Local Agent in Charge under Cleveland Codified Ordinances 365.02; and Acceptance by Local Agent in Charge

**Property Owner Name** ⸻⸻⸻⸻⸻⸻⸻
*If LLC, please provide proof of current registration with the Ohio, Secretary of State*

**I. Designation by Owner**

As part of registration of a non-owner occupied residential unit or units under Cleveland Codified Ordinance 365.02, I designate myself to be the Local Agent in Charge. My address is:

**Name of Local Agent in Charge** *(must be human being residing in Cuyahoga or contiguous county)*

_____

Printed Name

**Local Agent's Residence Address**

_____     _____

Number and Street                                   City, State & Zip *(must be in Cuyahoga County, Ohio, or a contiguous county)*

Email address: _____

Cell Phone: _____     Other Phone: _____

As part of registration of a non-owner occupied residential unit or units under Cleveland Codified Ordinance 365.02, I designate the following person to be the Local Agent in Charge:

_____     _____

Name of Local Agent in Charge                     Age *(must be at least 18 years old)*

**EXHIBIT 5**

**Local Agent's Residence Address**

_____    _____

Number and Street                        City, State & Zip *(must be in Cuyahoga County, Ohio, or a contiguous county)*

_____    _____

Business Name *(if applicable)*                Business Address

Email address: _____

Cell Phone: _____    Other Phone: _____

I agree to indemnify my designee for any liability that my designee has under C.C.O. 365.01(k)(2) for the maintenance and management of the non-owner occupied residential units I am registering.

_____

Signature of Owner

## II. Acceptance of Designation as Local Agent in Charge

I, _____ , agree to be the Local Agent in Charge for non-owner occupied residential units being registered, with addresses (attach separate sheet as needed):

_____

_____

_____

_____

I understand that I am being authorized by the owner to accept service of any Notice of Violations issued to the owner.

I understand that I am accepting joint responsibility with the owner for the maintenance, management, and repair of the units being registered, including criminal, civil or administrative liability, the City having the duty to make a good faith effort to hold the owner responsible before seeking to impose liability on me, as provided in C.C.O. 365.01(k)(2)

☐ I am a licensed real estate broker as defined in Ohio Revised Code 4735.01 and I have attached a copy of my license to this form.

☐ I am not a licensed real estate broker as defined in Ohio Revised Code 4735.01.

☐ I swear that the address indicated above is my residence address.

_____

Signature of Local Agent in Charge *(must be witnessed or notarized)*

State of Ohio, County of _____

Sworn to and subscribed in my presence this _____ day of _____, 20 _____

by _____

The person (s) herein described and having signed the above application and on oath swears, (or affirms) that all the statements herein made are true to the best of knowledge and belief.

_____

Notary Public





# Residents First
# **Legislative Package**

*Why It's Needed*

 Percentage of A and B graded properties dropped from 78% in 2015 to 54% in 2023

 Over half of all vacant structures surveyed in 2023 were graded D or F

 C-graded properties rose from 16% to 37%.

 On the east side: 54% of 1-3 family sales went to non-owner occupants in 2021

On the west side: 24%.

Residents First **Legislative Package**

# Vacant Building **Crisis**



"[V]acant, abandoned, and deteriorated properties reduce the value of surrounding properties, *leading to decreases in owners' equity and personal wealth.*"

"In Cleveland, Ohio, properties within 500 feet of a vacant, tax-delinquent, and foreclosed property *lost 9.4 percent of their value.*"

**"How Vacant and Abandoned Buildings Affect the Community,"** Center for Community Progress, March 24, 2023



# Vacancy + Foreclosure

*Has led to steep decline in owner-occupancy, especially on the East side of Cleveland*



Percent Change in Number of Owner-Occupied Units in Cleveland from 2000 - 2021

West Side: -19.0%

East Side: -30.7%

Source: US Census, US American Community Survey (ACS) and NEO CANDO at Case Western Reserve University; Analysis prepared by Frank Ford, Senior Policy Advisor, Fair Housing Center for Rights and Research, 2023.



**Residents First Legislative Package**

# Local Agent
# In Charge

*Establishing responsibility and accountability mechanisms for property owners of Cleveland structures who do not reside in the area.*



All non-owner-occupied units need to identify a Local Agent in Charge (LAIC).



If a property owner is located outside of Cuyahoga County or a contiguous county, their LAIC must be a human being who resides in Cuyahoga County.



The LAIC is legally responsible for the condition of the property, just like the owner.



For enforcement, the City focuses on the owner first. The owner indemnifies (legally pledges to make whole) the LAIC for any actions the City takes against the LAIC.

# Residents First Legislative Package

## Civil
# Tickets

*Establishes legal authority for inspectors to issue civil tickets for nuisances. Becomes a new, powerful tool in the code enforcement toolbox.*

*Unpaid tickets will be assessed to the property tax duplicate.*

○ Allows for the issuance of a $200 fine per infraction. Assessed to tax duplicate if unpaid. $50 fee for late payments.

○ Tickets include specific violations of multiple codes: Building & Housing, Zoning, Fire, Health, etc.

○ Health and Fire inspectors also empowered to issue civil tickets when they see infractions.

○ Similar process currently utilized by Public Works to address trash cans

○ Owners with hardships may appeal tickets within 30 days. First appeal is to the Director. If denied, they may appeal to Board of Building Standards and Building Appeals.



**Residents First Legislative Package**

Civil
# Tickets

*Includes numerous nuisance issues, and will more quickly address nuisance properties.*

**Rubbish and Garbage Disposal**

**Infestation of Pests**

**Smoke Detection and Alarm Systems**

**Maintenance of Exterior Walls and Roof**

**Lead-Safe Certification Requirements**

**Portable Storage Containers**

**Sanitation Responsibilities**

**Graffiti Removal**



**Residents First Legislative Package**

Registry
**Overhaul**



Revising and supplementing the City's existing rental registration process



Establishing a new vacant building registry



Eliminating loopholes in registrations and in the Certificate of Disclosure



Holds housing stock to a higher standard to improve rental conditions for tenants as well as property values for owner-occupiers.

# RENTAL REGISTRY: Do you own non-owner-occupied property in the City of Cleveland?

**YES**

## Step 1:

### Register Your Unit as a Non-Owner-Occupied Residential Unit

- ☑ Property Address
- ☑ Owner Identity
- ☑ Identify Local Agent in Charge

## Step 2:

### Apply for certificate Approving Rental Occupancy

- ☑ Correction of Lead Hazard Control Orders
- ☑ 4+ units: HVAC examined by licensed professional
- ☑ Lead Safe Certificate
- ☑ 4+ units: Up to date on utilities (water, electric, gas if owner paid)
- ☑ Up to date on property taxes
- ☑ Compliance with any Notices of Violation

**Steps 1 and 2 INCOMPLETE:**
*ILLEGAL to rent this unit*

**Steps 1 and 2 COMPLETED:**
*APPROVED for rental occupancy*



Residents First **Legislative Package**

## VACANT REGISTRY: Do you own a vacant building in the City of Cleveland?



YES

### Step 1:
Submit Vacant Building Registration annually or until not vacant

☑ Property Address

☑ Owner Identity

☑ Identify Local Agent in Charge

☑ Requires basic upkeep (roof, graffiti, weather)

☑ City inspection required for transfer (sale)

### Step 2: Residential Buildings
If the pre-transfer inspection found violations, then the buyer has a 6-month window to make code corrections.

*Extensions provided when progress is demonstrated*

### Step 2: Non-Residential Buildings
- No bond needed if no code violations, no board-ups, and no valid complaints over past 3 years.
- No bond needed if under active repair.
- Otherwise, a cash bond is needed:
  $5,000 for <=10,000 sq ft
  $15,000 for >10,000 sq ft

# EXTERIOR INSPECTIONS: for Transferring Residential Vacant Buildings with 1-3 Units

Inspections only needed when transferring:

- Vacant,
- Residential,
- 1-3 unit buildings

When the owner is ready to sell/transfer, they'll need an inspection.

**Inspections are...**

- ☑ Valid for one year prior to transfer
- ☑ External only
- ☑ FREE!

If the inspection reveals any code violations, then the person who buys or receives the property will learn about them before they decide to purchase the property.

The new property owner will have six months from purchase to remedy the code violations.

***Extensions are granted as long as progress is demonstrated.***



Residents First **Legislative Package**

# Certificate of **Disclosure**

## Current State

- Different processes for disclosing issues with small parcels (1-4 units) vs. large parcels (5 units and above)

- Creates confusion

- Does not disclose code violations on larger (5 unit and above) buildings—only discloses eligible property use

- No prosecution for non-compliance for 5+ units

## Future State

- Merges Certificate of Disclosure requirements with Statement of Authorized Use into one process

- Minimizes loopholes

- All parcels transferred must provide property condition disclosures and zoning information to buyers uniformly prior to transfer

- Will allow for more aggressive prosecution of negligent landlords

**Bottom Line:** *These changes protect transferees who will now have information disclosed about their property, no matter the size of the property.*

**Residents First Legislative Package**

Inspecting
# Parking Garages

*Follows same process as the façade ordinance.*

## Inspections will…

○   Occur every five years

○   Require an inspection report to be submitted to the Director

○   Require Notice of Unsafe Condition

○   If satisfactory and in safe condition, owners will receive a parking garage certificate



**Residents First Legislative Package**

Tall
**Grass**

## For tall grass (8") or noxious weeds:

○ Post one notice at a property and, if not abated in 72 hours, City may abate that property for the rest of the season without needing to post again

○ Residents can appeal their abatement status to Director and BBS.

○ Health inspectors now have equivalent authority over grass.

**Residents First Legislative Package**

## Consistency &
# Clarification

*Adjusts our existing ordinances to promote clarity among departments, consistency in our issuance of citations, and continuity of legal language.*

### Building, Housing, Zoning, Health, Fire, and Sidewalks Code

○ Updating for consistency for service of a nuisance Notice of Violation & providing for service at reasonable address.

○ Updating for consistency in making a nuisance violation a first-degree misdemeanor, with each day of violation a separate offense.

○ Updating for consistency for who at the City is authorized to make inspections.

○ Clarifying procedures and expectations for inspectors to request a search warrant from a judge.



# Residents First Legislative Package

## Vacant Building
# Inspections

### *Case Study | Tremont*

*Fire damage not repaired by owner; sold to out-of-state investor*

**August 11, 2020**



*From Twitter,* **@ClevelandFire**



**Residents First Legislative Package**

## Vacant Building
# Inspections

*Case Study | Tremont*

---

> ### *If Residents First Had Been the Law in 2020:*
> *Vacant Building Registry*

○ The property would register as a Vacant Building.

○ Vacant registry requires identifying a LAIC—someone we can haul into court for violations.

○ Code violations would also be subject to Civil Tickets—no court needed.

○ Before owner could sell to out-of-state purchaser, City would require an inspection.

○ New buyer would assume all violations and be required to make repairs within 6 months of purchase.

