| | |
|---|---|
| **From:** | Davis, Austin |
| **To:** | Martin-O"Toole, Sally; Matthew Kreis |
| **Subject:** | RE: Residents First Legislative Package |
| **Date:** | Thursday, December 21, 2023 6:24:08 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image013.png |
| | image014.png |

Matt—great to meet. I've been working with Sally on our local efforts here. Grateful for your partnership.

REALLY appreciate you highlighting where cities have best compelled action. I think our vision is to build our internal capacity to take on bigger picture models like those. But it's a great reminder that we need to interface better with our local public housing authority.

On the agent liability---very helpful direction. Minneapolis in particular seems to be doing exactly we're aiming to do. (Also appreciate you suggesting Chicago—seems like a similar result in 14A-2-202("Owner") + 14A-3-301.2(liability).)

> Minneapolis 244.1840(3): "Every [rental registry] applicant, whether an individual, partnership, or corporation, shall identify in the application, by name, residence or business street address, telephone number, and date of birth, a natural person who is actively involved in, and responsible for, the maintenance and management of the premises. **Said natural person shall, if other than the owner, affix his or her notarized signature to the application, thereby accepting joint and several responsibility with the owner (including any potential criminal, civil, or administrative liability) for the maintenance and management of the premises.** A post office box or commercial mail receiving service are not acceptable as an address for such person." (with clarity that the agent must be local in a nearby section).

In addition to the Connecticut offer (thank you), do you have a contact in Minneapolis whose brain we could pick, particularly around our concern about disproportionate impact?

I've also been chewing on a potential alternative to joint-and-several liability. Maybe a "cascading" liability scheme where the agent would, per ordinance, only face liability if the owner failed to appear/pay/etc. That the agent would otherwise be released from liability if judgment is rendered against the owner + the owner made appropriate restitution. The goal being to clarify that our intended target is the owner, not the agent, without undermining the ultimate threat of potential liability to all parties. And to align the agent's incentives with our own in getting the owner to actually appear in court. Have you seen anything like this?

Best,

**EXHIBIT 13**

Austin



**Austin N. Davis**
*Senior Policy Advisor*
**Phone** 216.664.3298
**Mobile** 216.571.3486
**Web** clevelandohio.gov



---

**From:** Martin-O'Toole, Sally <SMartin3@clevelandohio.gov>
**Sent:** Thursday, December 21, 2023 3:51 PM
**To:** Matthew Kreis <mkreis@communityprogress.org>
**Cc:** Davis, Austin <ADavis3@clevelandohio.gov>
**Subject:** Re: Residents First Legislative Package

Thanks Matt. This is good information. Yes, I think it would be great to connect with other cities currently holding a LAIC liable for property conditions. I did it in South Euclid with solid results and some other suburbs around here do it also, but I am looking for larger peer cities as examples.



**Sally Martin O'Toole**
Director of Building and Housing
601 Lakeside Avenue, Room 510
**Phone** 216-664-2651
**Web** clevelandohio.gov



---

**From:** Matthew Kreis <mkreis@communityprogress.org>
**Sent:** Thursday, December 21, 2023 3:19 PM
**To:** Martin-O'Toole, Sally <SMartin3@clevelandohio.gov>; Davis, Austin <ADavis3@clevelandohio.gov>
**Cc:** Tarik Abdelazim <tabdelazim@communityprogress.org>; Libby Benton <ebenton@communityprogress.org>
**Subject:** FW: Residents First Legislative Package

> You don't often get email from mkreis@communityprogress.org. Learn why this is important

Hi Sally!

I am sorry, I didn't respond earlier but it looks like the letters in my email got mixed up (the "e" and the "i", which I actually do myself occasionally).

The short answer is that I'm not sure anyone has a "best practice" related to specifically holding "local agents-in-charge" responsible for violations by imposing criminal charges. Some cities (e.g., Minneapolis, Chicago) have expanded the definition of the word "owner" in their housing/property maintenance statutes to potentially include a property manager. Some just explicitly name the property manager as potentially liable for violations. All of them get roughly the same kind of push back you're getting.

But in my experience, all of these efforts to hold owners—or property managers—personally liable meet with mixed levels of success and certainly get some pushback. I'm one of those who has concerns around the equity issues involved in pursuing criminal charges, simply because once you start making that the primary tool it can be hard to control or foresee the types of outcomes/effects its use might have. That said, I also understand there are some pretty awful landlords or PMs, and the desire to have those tools to use in your back pocket is understandable in those situations.

In our experience, however, the most effective tools to compel action are those that, in effect, cut off the revenue stream. This is not easy, but when demonstrated and done right it is often the most effective. Here are two examples from places you've no doubt heard a great deal from over the years:

1. **Rochester, NY**. One of the key tools motivating owners/PMs to comply is a City/County partnership where the City's code enforcement team (which conducts its lead/rental inspections) shares data with the County agency that administers housing assistance payments for low-income families. There is a NY law called the Spiegel Act which allows the County to withhold those funds—which are direct payments of rent to landlords—if the property is cited by the City's code enforcement team and it is reported to the appropriate county agency.  This law also provides protection to the tenant from eviction. I'm glossing over a lot, but in effect, a great deal of landlords rely on these subsidies and the threat of losing them is believed to be a significant factor in Rochester's high compliance rates

2. **Minneapolis, MN.**  In the Minneapolis Code of Ordinances (Sec. 244.1800 *et seq*.), the City really relies on its licensing scheme to compel compliance. You can't rent without a license, and the most effective action to compel compliance is to revoke the license. The City doesn't do this lightly or often, but it will revoke the license making it illegal to rent it, work to vacate and then house the existing tenants in a decent replacement if the property is non habitable (obviously a lot of work), and seek to hold the owner responsible for all associated costs. At this, they've been somewhat successful. According to conversations we've had with them, their willingness to do this in a few instances have made it clear to the universe of landlords/PMs that they are not kidding around. They do hold owners/PMs liable for misdemeanors for violations as well, but the real tool here is that they've essentially cut off the rental income stream.

These likely aren't exactly what you're hoping to hear in terms of good examples, and they cost a lot of implement and do well. I know there are other cities that do a decent job of leveraging criminal penalties against landlords/PMs to compel compliance—where they can find folks and bring them

into court—but in our experience those examples are rare. I can connect you with some folks in Connecticut who believe they have some good tactics they use, but I'm not sure their systems/laws are all that comparable.

Happy to connect further on this if you like. Sorry I didn't have anything for you directly on point.

Matt

---

**From:** Martin, Sally <SMartin3@clevelandohio.gov>
**Sent:** Tuesday, December 19, 2023 4:48 PM
**To:** mkries@communityprogress.org; Libby Benton <ebenton@communityprogress.org>; Tarik Abdelazim <tabdelazim@communityprogress.org>
**Cc:** Davis, Austin <ADavis3@clevelandohio.gov>
**Subject:** Residents First Legislative Package

Good Afternoon Matthew, Libby, and Tarik:

I'm reaching out with the hope that you all can point us to specific communities with best practices around rental enforcement, specifically related to local agents-in- charge.  As you may be aware, we are proposing legislative changes that will require out of town property owners to appoint a local agent-in-charge.  Our intent is to hold the LAIC criminally responsible for the property condition.  We are getting some pushback on this, especially around equity issues at pursuing criminal charges.  We are hoping to review some model best practices as we shape the final iteration of these changes.  I'm attaching some background info on what we are proposing.

All the best,

Sally



**Sally Martin O'Toole**
Director of Building and Housing
601 Lakeside Avenue, Room 510
**Phone** 216-664-2651
**Web** clevelandohio.gov

