IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BVG PROPERTIES, LLC, *et al.*, | ) CASE NO.:  1:25-CV-00430 |
| Plaintiffs, | ) JUDGE PAMELA A. BARKER |
| vs. | ) |
| CITY OF CLEVELAND, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR AN ORDER FOR PLAINTIFFS TO FILE A CORRECTIVE SUPPLEMENTAL MOTION AND/OR AN ORDER GRANTING DEFENDANTS A CORRESPONDING EXEMPTION**

Defendant City of Cleveland and Defendant Sally Martin O'Toole, in her official capacity as Director of the Department of Building and Housing (collectively, "Defendants"), pursuant to Rule 7.1 of the Local Rules, requests that this Honorable Court strike the Supplemental Motion for Preliminary Injunction filed by Plaintiff BVG Properties, LLC, Plaintiff 7006 Detroit, LLC, and Plaintiff 1415-1419 West 101, LLC ("Plaintiffs") on April 8, 2025. This Court can strike the Supplemental Motion and refuse to consider the request for a Preliminary Injunction. In the alternative, Defendants request an order that Plaintiffs issue a corrective Supplemental Motion. Defendants request an order granting a corresponding extension of page limitations or any other exemptions for their Memorandum in Opposition that may be permitted for Plaintiffs. *L.R. 7.1(f)*.

Respectfully submitted,

By:    */s/ J.R. Russell*
William Menzalora (0061136)
Chief Assistant Director of Law
James R. Russell, Jr. (0075499)
Chief Assistant Director of Law
Gilbert E. Blomgren (0065240)
Assistant Director of Law
City of Cleveland, Dept. of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
JRussell2@clevelandohio.gov
*Attorneys for Defendant City of Cleveland and the Director of Building and Housing*

## **MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT**

Pursuant to the Local Rules, all Motions must be made in writing with Memoranda supporting said Motion. *L.R. 7.1(b)-(c)*. Without prior approval of the Court for good cause shown, memoranda relating to dispositive motions "must not exceed…twenty (20) pages for administrative, standard and unassigned cases, thirty (30) pages for complex cases…" *L.R. 7.1(f)*. "Memoranda relating to all other motions must not exceed fifteen (15) pages in length." *Id.* However, all memoranda that exceed 15 pages in length, "must have a table of contents, a table of authorities cited, a brief statement of the issue(s) to be decided, and a summary of the argument presented." *Id.* "Failure to comply with these provisions" may result in adverse orders at the discretion of the Court. *Id.* "Any motion (other than motions made during hearings or at trial) served and filed beyond the motion deadline established by the Court may be denied solely on the basis of the untimely filing." *L.R. 7.1(h)*.

2

Plaintiffs' Motion does not even attempt to comply with Local Rule 7.1.[1] Their Motion is sixty-eight (68) pages long (*Doc. 14, PageID #630*). It is true that it does not appear that this Honorable Court assigned this case to a specific track yet. But, Plaintiffs did not request prior approval to exceed the page limitations in place for any track, for dispositive motions or otherwise. *Id.* Plaintiffs did not certify that the page limitations were modified by a prior court order. *Id.* In any event, because Plaintiffs' Motion is longer than 15 pages, they were required to include a table of contents, a table of authorities cited, a brief statement of the issues, and a summary of the argument presented – regardless of the final length of the memorandum in support. *Id., PageID #561-562*.

This Honorable Court has the discretion, as specifically provided in the Local Rules, to strike the Motion for a Preliminary Injunction, and deny the Motion for a Preliminary Injunction solely on the basis of the untimely filing required by April 8, 2025 (*Order, April 2, 2025*).

In the alternative, Defendants request that this Honorable Court order Plaintiffs to file a corrective Brief that complies with Local Rule 7.1. If this Honorable Court determines that some or all of the provisions of Local Rule 7.1 do not apply to Plaintiffs' original or corrective Memorandum, then Defendants request that this Court grant Defendants the same exceptions to Local Rule 7.1 for their Memorandum in Opposition that this Court may grant to Plaintiffs for their filing.

---

[1] Defendants did not have the time to fully read Plaintiffs' Brief in Support to determine whether Plaintiffs' filing specifically addresses the issues raised on April 1, 2025.

          Respectfully submitted,

By:   */s/ J.R. Russell*
William Menzalora (0061136)
Chief Assistant Director of Law
James R. Russell, Jr. (0075499)
Chief Assistant Director of Law
Gilbert E. Blomgren (0065240)
Assistant Director of Law
City of Cleveland, Dept. of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
JRussell2@clevelandohio.gov
*Attorneys for Defendants*

## LOCAL RULE CERTIFICATION

This case is was not assigned to a specific track at this time. The Court ordered an expedited briefing schedule.  The Memorandum is fully in compliance with the page limitations set forth in Local Rule 7.1(f).

          */s/ J.R. Russell*
          James R. Russell, Jr. (0075499)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 9th day of April, 2024.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

          */s/ J.R. Russell.*
          James R. Russell, Jr. (0075499)