IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BVG Properties, et al.,** | Case No. 1:25-cv-00430-PAB |
| **Plaintiffs,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **City of Cleveland, et al.,** | **ORDER** |
| **Defendants.** | |

On March 31, 2025, Plaintiffs filed an Amended Complaint[1] (Doc. No. 8) and Amended Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 9). On April 2, 2025, the Court conducted a hearing to address Plaintiffs' Amended Motion for a Temporary Restraining Order and Preliminary Injunction (hereinafter "Motion" or "Motion for Preliminary Injunction") (Doc. No. 9). (*See* 4/2/2025 Entry.) At that hearing, the Court explained to Plaintiffs' counsel that it was unclear to the Court which exact claims were being relied upon as the basis for Plaintiffs' Motion for Preliminary Injunction. Accordingly, the Court instructed Plaintiffs to file a supplement in further support of their request for a preliminary injunction by April 8, 2025, and include therein the precise claim(s) set forth in the Verified Amended Complaint that serve as the bas(es) for their preliminary injunction request, including any arguments as to Plaintiffs' likelihood of success on the specific claim(s) identified. (*Id.*)

---

[1] Although the Amended Complaint (Doc. No. 8) and Amended Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 9) sought relief against former Defendants Cleveland Municipal Court, Housing Division and Judge W. Mona Scott, those Defendants have since been dismissed from this matter. (*See* Doc. No. 12.)

On April 8, 2025, Plaintiffs filed a Supplemental Motion for Preliminary Injunction ("First Supplemental Motion"). (Doc. No. 14.) Plaintiffs' First Supplemental Motion is sixty-eight (68) pages long, not including exhibits, and does not contain a table of contents, table of authorities, brief statement of issues, and summary of argument as required by Local Rule 7.1(f). (*Id.*)

On April 9, 2025, Defendants City of Cleveland (hereinafter the "City") filed a Motion to Strike or in the Alternative, for Other Orders ("Motion to Strike"). (Doc. No. 16.) Therein, the City requests that the Court either: (i) strike Plaintiffs' First Supplemental Motion entirely and refuse to consider the request for a preliminary injunction; (ii) require Plaintiffs to issue a corrective Supplemental Motion in compliance with Local Rule 7.1; or (iii) grant Defendants a corresponding extension of page limitations of any other exemptions for their Memorandum in Opposition that may be permitted for Plaintiffs. (*Id.*)

That same day, Plaintiffs filed an Opposition to Motion to Strike. (Doc. No. 18.) Plaintiffs also filed a Motion to Exceed Page Limitation and Motion for Leave to File Amended Supplemental Motion for Preliminary Injunction ("Motion to Exceed Pages"). (Doc. No. 19.) Therein, Plaintiffs contend that good cause exists for the Court to grant their request to exceed the page limitation for three reasons: (i) it is imperative for Plaintiffs to provide context to the events leading up to the request for injunction relief; (ii) it is imperative for Plaintiffs to provide background information as to the Cleveland City Ordinances at issue; and (iii) "Plaintiffs identified numerous bases for relief in their Motion for Preliminary Injunction and the information that was included in the [First] Supplemental Motion was extensive." (*Id.* at PageID #858–59.)

Plaintiffs also seek permission to file an Amended Supplemental Motion ("Second Supplemental Motion") containing a table of contents, table of authorities cited, brief statement of

issue(s) to be decided, and summary of the argument presented. (*Id.* at PageID #859.) Although not granted permission by the Court, Plaintiffs then filed their Second Supplemental Motion that same day. (*See* Doc. No. 21.)

> Local Rule 7.1(f) sets forth the following page limitations and requirements for memoranda:
>
> Without prior approval of the Judicial Officer for good cause shown, memoranda relating to dispositive motions must not exceed ten (10) pages in length for expedited cases, twenty (20) pages for administrative, standard and unassigned cases, thirty (30) pages for complex cases, and forty (40) pages for mass tort cases … Memoranda relating to all other motions must not exceed fifteen (15) pages in length. All memoranda exceeding fifteen (15) pages in length, excepting those in Social Security reviews, must have a table of contents, a table of authorities cited, a brief statement of the issue(s) to be decided, and a summary of the argument presented. Appendices of evidentiary, statutory or other materials are excluded from these page limitations and may be bound separately from memoranda.

Loc. Rule 7.1(f). A "dispositive motion" is defined under Local Rule 16.1(b)(5) as follows:

> "[M]otions to dismiss pursuant to Fed. R. Civ. P. 12(b), motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), motions for summary judgment pursuant to Fed. R. Civ. P. 56, motions to remand pursuant to 28 U.S.C. § 1447, or any other motion which, if granted, would result in the entry of judgment or dismissal, or would dispose of any claims or defenses, or would terminate the litigation."

Loc. Rule 16.1(b)(5).

Pursuant to Local Rule 16.1(b)(5), Plaintiffs' Motion for Preliminary Injunction would not be characterized as a dispositive motion and is thus a non-dispositive motion. Accordingly, pursuant to Local Rule 7.1(f), the page limitation for Plaintiffs' non-dispositive Motion is fifteen (15) pages, unless otherwise modified by order of this Court. *See* Loc. Rule 7.1(f).

The limited purpose of the Court's request for Plaintiffs to submit a Supplement in further support of its Motion for Preliminary Injunction was to clarify for the Court which exact claims in the Amended Complaint serve as the basis for Plaintiffs' Motion. Specifically, the Court had already reviewed Plaintiffs' Motion for Preliminary Injunction (Doc. No. 9) and sought clarification from

Plaintiffs as to which exact claims in the Amended Complaint serve as the basis of *that* already-filed Motion for Preliminary Injunction.

The Court did not seek for Plaintiff to file a *new* Motion that expanded or asserted new arguments not contained in the previously filed Motion for Preliminary Injunction (Doc. No. 9). Rather, the Court simply requested that Plaintiffs file a short supplement that: (i) clarified which underlying claim(s) in the Amended Complaint corresponded with each argument *already* asserted in Plaintiffs' Motion (Doc. No. 9); and (ii) set forth why Plaintiffs' have a likelihood of success on *those* specific claim(s) identified in the Amended Complaint. This Supplement was requested for the sole purpose of clarifying the arguments already asserted in Plaintiffs' Motion (Doc. No. 9) to assist the Court in evaluating that Motion.

Accordingly, the Court orders Plaintiffs to file a new Supplement—supplementing their already-filed Motion for Preliminary Injunction as described above—which shall be no more fifteen (15) pages of length. First, the Court notes that Plaintiffs' Motion for Preliminary Injunction (Doc. No. 9) is already thirty-seven (37) pages long[2]—more than twice the fifteen (15) page allowance permitted by Local Rule 7.1(f). Therefore, with respect to Plaintiffs' Supplement, the Court finds it unwarranted to provide Plaintiffs with any further page limit extensions beyond those already provided for Plaintiffs' Motion for Preliminary Injunction (Doc. No. 9). Again, Plaintiffs' Supplement should be narrowly tailored to address the two points described by the Court above.

Plaintiffs assert that it is imperative to provide context to the events that led up to and surround the basis for Plaintiffs' request for injunction relief, and to provide background information as to the

---

[2] Plaintiffs' Motion for Preliminary Injunction is technically forty (40) pages long. However, the final three pages of the Motion solely contain Plaintiffs' Proposed Order rather than any substantive arguments on the merits. (Doc. No. 9 at PageID #356–58.)

4

Cleveland City Ordinances at issue in this case. (Doc. No. 19 at PageID #858–59.) However, these details are already included in both Plaintiffs' Amended Complaint (Doc. No. 8) and Plaintiffs' Motion for Preliminary Injunction (Doc. No. 9). Accordingly, Plaintiffs' Supplement need not include a recitation of these points.

Plaintiffs also assert that they "identified numerous bases for relief in their Motion for Preliminary Injunction and the information that was included in the Supplemental Motion was extensive." (Doc. No. 19 at PageID #859.) Again, Plaintiffs' Motion already sets forth the arguments relevant to Plaintiffs' request for relief across thirty-seven (37) pages. (Doc. No. 9.) Given that this requested Supplement merely serves to clarify how those arguments are connected to the specific claim(s) in the Amended Complaint, as explained above, the Court finds that an additional fifteen (15) pages for the Supplement is sufficient for the purpose of providing the Court with the clarification described above.

Finally, the Court turns to the City's concerns regarding the lack of a table of contents, table of authorities cited, brief statement of the issue(s) to be decided, and a summary of the argument presented. Upon review, the Court observes that Plaintiffs' Motion for Preliminary Injunction filed on March 31, 2025 (Doc. No. 9) does not contain these memoranda requirements as set forth in Local Rule 7.1(f). Accordingly, the Court hereby strikes Plaintiffs' Motion for Preliminary Injunction (Doc. No. 9) and orders Plaintiffs to re-file an *identical* Motion for Preliminary Injunction—without making any substantive changes from the Motion filed on March 31, 2025 (Doc. No. 9)—except with an added table of contents, table of authorities cited, brief statement of the issue(s) to be decided, and a summary of the argument presented.

For the foregoing reasons, the City's Motion to Strike (Doc. No. 16) is GRANTED and Plaintiffs' Motion for Leave to Exceed Page Limitations (Doc. No. 19) is GRANTED IN PART and DENIED IN PART, as follows.

The Court hereby STRIKES Plaintiffs' First Supplemental Motion for Preliminary Injunction (Doc. No. 14), and Plaintiffs' Second Supplemental Motion for Preliminary Injunction (Doc. No. 21). The Court DENIES AS MOOT Plaintiffs' initial Motion for Preliminary Injunction filed on March 28, 2025 (Doc. No. 6).

The Court STRIKES Plaintiffs' Motion for Preliminary Injunction filed on March 31, 2025 (Doc. No. 9) and ORDERS Plaintiffs to re-file an *identical* Motion with an accompanying table of contents, table of authorities cited, brief statement of the issue(s) to be decided, and a summary of the argument presented, by April 14, 2025. For clarity, this newly filed Motion for Preliminary Injunction will, upon filing, become the sole operative Motion as to Plaintiffs' request for preliminary injunction.

The Court further ORDERS Plaintiffs to file a Supplement that: (i) clarifies which underlying claim(s) in the Amended Complaint correspond with each argument *already* asserted in Plaintiffs' Motion for Preliminary Injunction[3]; and (ii) sets forth why Plaintiffs' have a likelihood of success on *those* specific claim(s) identified in the Amended Complaint. Plaintiffs' Supplement shall be filed no later than April 14, 2025, and shall be no longer than fifteen (15) pages, 12-point font, and double spaced (with the exception of block quotes, used as necessary, which may be single spaced).

---

[3] In other words, Plaintiffs shall file their new Motion for Preliminary Injunction by April 14, 2025, which shall be identical to Plaintiffs' Motion filed on March 31, 2025 (Doc. No. 9) in all respects except for the addition of a table of contents, table of authorities cited, brief statement of the issue(s) to be decided, and a summary of the argument. In addition, Plaintiffs shall also file a Supplement by April 14, 2025, which shall clarify for the Court the arguments asserted in the Motion for Preliminary Injunction as explained above.

Following the filing of Plaintiffs' new Motion and Supplement, Defendants shall file their Opposition by April 28, 2025.  Defendants' Opposition is subject to a thirty (30) page limitation.  If Defendants require more than thirty (30) pages in their Opposition, they may file a Motion on the docket for an extension of this page limitation for good cause.

Following the filing of Defendants' Opposition, Plaintiffs shall file any Reply by May 12, 2025.  Plaintiffs' Reply is subject to a thirty (30) page limitation.

The Preliminary Injunction Hearing scheduled for May 16, 2025 at 9:00 a.m. is unchanged and remains scheduled for that date and time in Courtroom 16A before this Court.

**IT IS SO ORDERED.**

Dated:  April 11, 2024 
*s/Pamela A. Barker*
PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE