**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BVG PROPERTIES, LLC, et al., | ) | CASE NO.: 1:25:CV-00430 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA  A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFFS' AMENDED COMBINED MOTION FOR A TEMPORARY RESTRAINING
ORDER AND A PRELIMINARY INJUNCTION**</u>

Now comes Plaintiffs, BVG Properties, LLC, 7006 Detroit LLC and 1415-1419

West 101 LLC, by and through the undersigned counsel, and respectfully requests this

Honorable Court to grant its Motion for Preliminary Injunction pursuant to Fed.R.Civil.P.

65(a) and Motion for Temporary Restraining Order pursuant to Fed.R.Civil.P. 65(b).  A

brief in support is attached hereto.

A hearing is currently set for April 1, 2025 at 1:30 p.m. as to Plaintiffs' original

complaint and original combined motion for temporary restraining order and preliminary

injunction.

Respectfully submitted,

/S/ SARAH S. GRAHAM
Sarah S. Graham, Esq. (0070850)
2 Summit Park Drive, #645
Independence, Ohio 44131
Telephone 216-264-4105
Fax 216-264-4110
sgraham@aiyproperties.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiffs' Amended Combined Motion for Temporary Restraining Order and Preliminary Injunction was served electronically via the Court's filing system on April 14, 2025[1] to the following:

JR Russell, Esq.
601 Lakeside Avenue
Cleveland, Ohio 44114
jrussell2@clevelandohio.gov

/S/ SARAH S. GRAHAM
Sarah S. Graham, Esq. (0070850)
Attorney for Plaintiffs

---

[1] Although the Court's April 11, 2025 Order instructed Plaintiffs to file an identical Motion to the one filed on March 31, 2025, Plaintiffs' counsel had to modify the certificate of service page to reflect the new service date and that it was only served via the court's filing system.

## TABLE OF CONTENTS

I.  FACTS ................................................................................................... 1

II.  CLEVELAND COD.ORD. CHAPTER 365 ........................................... 3

III.  BACKGROUND ..................................................................................... 5

IV.  THE ONLINE RENTAL REGISTRATION APPLICATION ................... 13

V.  CLEVELAND MUNICIPAL COURT, HOUSING DIVISION LOCAL RULE 3(B)(4) AND (5). ................................................................................................... 15

   A.  PLAINTIFFS HAVE A STRONG OR SUBSTANTIAL LIKELIHOOD OF ........ 25 SUCCESS ON THE MERITS. ................................................................ 25

   B.  PLAINTFFS WILL SUFFER IRREPARABLE HARM WITHOUT THE RELIEF REQUESTED. .................................................................................... 29

   C.  GRANTING THE INJUNCTION WILL NOT CAUSE ANY HARM TO ANYONE. ……………………………………………………………………………...35

   D.  THE PUBLIC INTEREST WILL BE SERVED BY GRANTING THE RELIEF REQUESTED. .................................................................................... 36

VII.  CONCLUSION ................................................................................... 36

## **TABLE OF AUTHORITIES**

**Cases**

*Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield Assn.*, 110 F.3d 318 (6th Cir.1997) ................................................................................................. 21

*Bobay v. Wright State Univ.*, 2023 U.S. App. LEXIS 14825 (6th Cir. June 13, 2023)..... 21

*Enchant Christmas Light Maze & Mkt. v. Glowco, LLC*, 958 F.3d 532 (6th Cir. 2020) ... 20

*Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 526 (6th Cir. 2017)................. 20

*Hamilton Watch Co.* v. *Benrus Watch Co.*, 206 F.2d 738, 742 (CA2 1953) ................... 20

*Industrial Bank of Washington* v. *Tobriner*, 132 U. S. App. D. C. 51, 54, 405 F.2d 1321, 1324 (1968) ................................................................................................. 20

*Jones v. City of Monroe*, 341 F.3d 474 (6th Cir.2003)..................................................... 21

*Mascio v. Public Employees Retirement Sys. of Ohio*, 160 F.3d 310, 312 (6th Cir. 1998) ..................................................................................................................... 21

*Motor Vehicle Board of California v. Orrin W. Fox, et al.*, 434 U.S. 1345, 1347 n. 2, 98 S. Ct. 359, 54 L. Ed. 2d 439 (1977) ............................................................... 22

*Obama for Am. v. Husted*, 697 F.3d 423, 428 (6th Cir. 2012) ........................................ 20

*Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).............. 22

*Progress Development Corp.* v. *Mitchell*, 286 F.2d 222 (CA7 1961).............................. 20

Reid v. Hood 2011 U.S. Dist. LEXIS 7631 (N.D.Ohio Jan. 26, 2011) ............................. 22

*Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)...... 21

*Shaker House LLC v. Daniel*, 2022-Ohio-2778, 193 N.E.3d 1159 (8th Dist.) .......... passim

*University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981) ......................................................................................................... 20, 22

*Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) .......... 20

**Statutes**

Chapter 1923 of the Ohio Revised Code............................................................... 15, 18
Ohio Revised Code 1701.01(A) ..................................................................................... 27
Ohio Revised Code 1706.01(N) ..................................................................................... 27
Ohio Revised Code Chapter 1701 ................................................................................. 27
Ohio Revised Code Chapter 1706 ................................................................................. 27
Ohio Revised Code Chapter 1923 ........................................................................... 15, 28

**Ordinances**

CCO §365.01(a)......................................................................................................... 17, 31
Cleveland Cod.Ord. 361.03 ........................................................................................... 26
Cleveland Cod.Ord. 361.03(c)....................................................................................... 26

Cleveland Cod.Ord. 363.12 ................................................................ 26, 27, 28
Cleveland Cod.Ord. 365.01(k)(1) ...................................................................... 4
Cleveland Cod.Ord. 365.01(k)(2) ...................................................................... 4
Cleveland Cod.Ord. 365.01(k)(4) ...................................................................... 4
Cleveland Cod.Ord. 365.02 .................................................................... passim
Cleveland Cod.Ord. 365.02(b) ........................................................................ 25
Cleveland Cod.Ord. 365.02(b)(2) ...................................................................... 4
Cleveland Cod.Ord. 365.03 .................................................................... passim
Cleveland Cod.Ord. 365.03(e) ........................................................................... 5
Cleveland Cod.Ord. 367.05 ..................................................................... 22, 29
Cleveland Cod.Ord. 367.14 ..................................................................... 23, 29
Cleveland Cod.Ord. 367.99 ..................................................................... 24, 29
Cleveland Cod.Ord. 371 .................................................................................... 3
Cleveland Cod.Ord. Chapter 361 ................................................................ 3, 26
Cleveland Cod.Ord. Chapter 363 ...................................................................... 3
Cleveland Cod.Ord. Chapter 365 ............................................................. passim
Cleveland Cod.Ord. Chapter 367 ...................................................................... 3
Cleveland Cod.Ord. Chapter 369 ...................................................................... 3
Cleveland Cod.Ord. Chapter 373 ...................................................................... 3
Cleveland Cod.Ord. Chapter 375 ...................................................................... 3

**Rules**

Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) ......................... passim
Cleveland Municipal Court, Housing Division Local Rule 3(B)(5) ...................... passim
Cleveland Municipal Housing Court Local Rule 3(B) ............................................. 16, 30
Fed.R.Civil.P. 65 ............................................................................................ 19

**Constitutional Provisions**

Article 1, Section 16 of the Ohio Constitution ................................................... 18, 28, 36

## BRIEF STATEMENT OF THE ISSUES TO BE DECIDED

Whether Plaintiffs BVG Properties, LLC, 7006 Detroit Road, LLC and 1415-1419 W101, LLC are entitled to a preliminary injunction?[2]

---

[2] In following the exact instructions set forth in its April 11, 2025 Order, this Motion is identical to the one filed on March 31, 2025 and it therefore still sets forth the request for temporary restraining order (now moot as it was denied on April 2, 2025) and claims against Defendants Cleveland Municipal Court, Housing Division and Defendant Judge Scott (both parties were dismissed on April 1, 2025).

## SUMMARY OF ARGUMENT PRESENTED

Plaintiffs BVG Properties, LLC, 7006 Detroit Road, LLC and 1415-1419 W101 LLC ("Plaintiffs"), are and were at all times relevant herein, duly registered limited liability companies organized and operating in the State of Ohio.  Plaintiffs are all owners of non-owner occupied residential rental units in Cleveland, Ohio.

Cleveland Cod.Ord. Chapter 365 is titled "Rental Registration and Lead-Safe Certification".  Cleveland Cod.Ord. 365.01(I) states ""Owner" means the person, partnership or corporation that holds title to the residential rental unit." *Id*.  Limited liability companies are not owners as defined by Cleveland Cod.Ord. 365.01(I) and are therefore not required to comply with any obligation imposed upon an owner in Cleveland Cod.Ord. Chapter 365.  Despite the clear language of Cleveland Cod.Ord. 365.01(I), Defendant City of Cleveland and Defendant Sally Martin aka Sally Martin O'Toole, in her official capacity of Director of Building and Housing, ("Defendants") unlawfully force, under threat of criminal prosecution and civil fines, limited liability companies such as Plaintiffs to comply with Cleveland Cod.Ord. Chapter 365.

Plaintiffs have a strong likelihood of success that this Honorable Court will find that Plaintiffs are not owners as defined by Cleveland Cod.Ord. 365.01(I) and are therefore not required to comply with any obligation imposed upon owners in Cleveland Cod.Ord. Chapter 365.  As such and for the reasons fully set forth in Plaintiffs' Motion, this Honorable Court should issue a preliminary injunction.

**BRIEF IN SUPPORT**

## I.    FACTS

On March 4, 2025, Plaintiffs BVG Properties, LLC, 7006 Detroit Road, LLC and

1415-1419 W101 LLC (hereinafter "Plaintiffs") filed a Verified Complaint for Declaratory

Judgment and Injunctive Relief and Damages.

A timestamped copy of the Verified Complaint was forwarded to Attorney Mark

Griffin, Director of Law for City of Cleveland on March 4, 2025 at 1:23 p.m.  Attorney

James R. Russell and Attorney Gilbert Blomgren, both attorneys with the City of

Cleveland Law Department, were carbon copied on said email. In said email, Plaintiffs'

counsel requested a response no later than March 5, 2025 at 5:00 p.m. as to whether it

would agree to stay any action by Defendant City of Cleveland (hereinafter "Defendant

Cleveland") and Defendant Sally Martin aka Sally Martin O'Toole (hereinafter

"Defendant O'Toole"), or anyone on their behalf, as to enforcement of Cleveland

Cod.Ord. Chapter 365 against Plaintiffs during the pendency of the lawsuit. No

response was received by Attorney Griffin by the March 5, 2025 deadline.  On March 6,

2025 at 9:33 a.m., Plaintiffs' counsel again emailed Attorney Griffin, Attorney Russell

and Attorney Blomgren again asking if they would provide a response to the March 4,

2025 email.  (A copy of the email chain is attached as Exhibit 1)[3]

On March 6, 2025, John Petryshin, an employee of AIY Properties, Inc.

forwarded to the undersigned an email he had received.  (A copy of said email with

---

[3] Although a time stamped copy of the Complaint with exhibits was attached to both the original March 4, 2025 email as well as the March 6, 2025 email, only one copy of the Complaint has been attached to the email chain for the purpose of this Exhibit.

1

attachments attached as Exhibit 2)  AIY Properties, Inc. is a property management company who, at all times relevant herein, has managed BVG, 7006 Detroit and W101. The forwarded email originated from Attorney Griffin.  On March 5, 2025 at 5:21 p.m., Attorney Griffin sent an email to Mayor Justin Bibb about the instant case.  However, given that Ronald O'Leary forwarded the original email to others, it appears that at a minimum at least one person was blind carbon copied.  In said email, Attorney Griffin stated in part that "Yesterday, we were served with a lawsuit by three corporations demanding that within 24 hours the City must agree to pause enforcement of Residents First Legislation.  While we are still reviewing the lawsuit, we can definitely say that there is no chance that the City will be agreeing to that request."  Although Attorney Griffin never responded to Plaintiffs' counsel, Attorney Griffin instead told others that his clients were not agreeing to a stay.

On March 31, 2025, Plaintiffs filed an Amended Complaint adding the Cleveland Municipal Court, Housing Division and Judge Mona Scott, the sole judge of the Cleveland Municipal Court, Housing Division Court as Defendants.  In addition to the relief sought in the original Complaint and original Combined Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiffs also sought a declaratory judgment against Defendant Cleveland Municipal Court, Housing Division and Defendant Judge Scott relative to their enforcement of Cleveland Municipal Court, Housing Division Local Rule 3(B)(4).

Plaintiffs submit that a temporary restraining order and preliminary injunction are necessary in the instant case in order to maintain the status quo that existed prior to March 1, 2025 and to prevent irreparable injury, loss or damage to Plaintiffs.  Plaintiffs

specifically reserve the right to include additional claims and arguments not set forth in this Motion but that were set forth in the Complaint when arguing for a permanent injunction and judgment as to the other claims set forth in the Complaint.

## II.    CLEVELAND COD.ORD. CHAPTER 365

The Housing Code is set forth in Title IX of the Cleveland Codified Ordinances. Within Title IX of the Housing Code are the following chapters: Cleveland Cod.Ord. Chapter 361- Purpose and Scope, Cleveland Cod.Ord. Chapter 363- Definitions, Cleveland Cod.Ord. Chapter 365- Rental Registration and Lead-Safe Certification, Cleveland Cod.Ord. Chapter 367- Enforcement and Penalty, Cleveland Cod.Ord. Chapter 369- Residential Occupancy Standards, Cleveland Cod.Ord. 371- Rental Dwelling Standards, Cleveland Cod.Ord. Chapter 373- Rooming Occupancy Standards, Cleveland Cod.Ord. Chapter 375- Landlords and Tenants.

Defendants require certain owners of residential rental property within the City of Cleveland to comply with Cleveland Cod.Ord. Chapter 365.  Cleveland Cod.Ord. 365.01(I) states ""Owner" means the person, partnership or corporation that holds title to the residential rental unit."  *Id.*  Cleveland Cod.Ord. 365.01(k) requires certain owners to designate a local agent in charge.  Cleveland Cod.Ord. 365.02 requires an owner of non-owner occupied rental units to register with Defendant Cleveland.  Cleveland Cod.Ord. 365.03 requires the owner to pay a rental registration fee.  If an owner fails to comply, Defendants may pursue civil fines and initiate criminal prosecution against the owner.

The 2024 amendment to Cleveland Cod.Ord. Chapter 365 included a requirement for certain landlords to designate a local agent in charge.  Cleveland

3

Cod.Ord. 365.01(k) defines a local agent in charge as "…a natural person who is of sound mind and at least eighteen (18) years of age and who is designated by the owner; who is authorized by the owner to receive service of a Notice of Violation on the owner's behalf; and who is responsible for the maintenance and management of the residential rental unit." *Id.* Cleveland Cod.Ord. 365.01(k)(1) states "If the owner is a natural person and a resident of Cuyahoga County or a contiguous county, then the Local Agent in Charge may be the owner. Otherwise, the Local Agent in Charge shall be a natural person who resides within Cuyahoga County." Further, Cleveland Cod.Ord. 365.01(k)(4) states that "If the owner is a Governmental Entity, then the owner shall be deemed to be the Local Agent in Charge and owner shall not be required to designate any natural person as the Local Agent in Charge." *Id.*

Cleveland Cod.Ord. 365.01(k)(2) sets forth the requirement for the local agent in charge:

> If the Local Agent in Charge is not the owner, then the **Local Agent in Charge shall, in a form to be supplied by the Director, accept responsibility with the owner (including any potential criminal, civil, or administrative liability) for the maintenance and management of the premises during any time when such person is identified as the Local Agent in Charge. The form shall include a provision in which the owner indemnifies the Local Agent in Charge for any such responsibility and liability.** In any enforcement or pursuit of those responsibilities and liabilities, the City shall make a good faith effort to hold the owner exclusively responsible or liable, but the City may, in its sole discretion, hold the Local Agent in Charge responsible or liable, in part or in full. (emphasis added)

*Id. (*A copy of the Designation of Local Agent in Charge form Defendant Cleveland is forcing owners to sign is attached as Exhibit 7) Cleveland Cod.Ord. 365.02(b)(2) requires the disclosure of "[t[he name, address, telephone number and email address of

a Local Agent in Charge." *Id.*  To be clear, Defendant Cleveland (1) forces an entity or partnership located in Cuyahoga County or a contiguous county to hire an Ohio licensed real estate broker who resides in Cuyahoga County to be the local agent in charge (2) forces an entity or partnership to enter into a contractual relationship with the local agent in charge via the signing of the Designation of Local Agent in Charge whereby the owner and local agent in charge both agree that they will share in joint responsibility for the maintenance and management of the rental property (3) forces an entity or partnership to enter into a contractual relationship with the local agent in charge via the signing of the Designation of Local Agent in Charge whereby the owner must indemnify the local agent in charge and (4) forces an entity or partnership to waive their constitutional rights and rights afforded to them under federal and Ohio law, including their right against government compelled self-incrimination and right to due process. Cleveland Cod.Ord. 365.03 requires an owner to pay a yearly rental registration fee per unit.  Unlike private owners of non-owner occupied rental units, government owners of non-owner occupied rental units can apply for a reduction or wavier of the rental registration fee.  Cleveland Cod.Ord. 365.03(e) states that "The Director shall be authorized to enter into one or more letter agreements with an owner that is a Governmental Entity that reduces or waives the registration fee described in this Section 365.03."

## III.    BACKGROUND

In or about March of 2023, Defendants began the process of enacting new legislation related to building and housing.  Defendant Cleveland and/or Defendant O'Toole titled this legislation "Predatory Landlord Legislative Package" ("Predatory

Landlord Legislation").  For "branding" reasons, Defendants repackaged their illegal proposed laws as a pro tenant "Residents First" legislation in or about September of 2023.  Revisions to and additions to Cleveland Cod.Ord. Chapter 365 were included in the Predatory Landlord Legislation.  (A copy of Cleveland Cod.Ord. Chapter 365 is attached as Exhibit 3) The Predatory Landlord Legislation was passed as law on February 5, 2024 and went into effect on February 6, 2024.  However, owners who registered by March 1, 2024 were not required to comply with the Predatory Landlord Legislation for the 2024 rental registrations.

The venom Defendants have towards landlords was the catalyst for the Predatory Landlord Legislation. Cleveland City Council Members, Cleveland Mayor Justin Bibb's Senior Policy Advisor Attorney Austin Davis, Defendant O'Toole and even the Cleveland Department of Law Director Mark Griffin have all vocalized that the target of the Predatory Landlord Legislation was landlords who were limited liability companies. Plaintiffs submit that the Predatory Landlord Legislation was not a result of sound common sense and the desire to enact lawful ordinances.  Instead, the Predatory Landlord Legislation was a result of Defendants' goal of regulating the Cleveland housing market by restricting landlords' rights to such an extent that out-of-town landlords would not want to purchase rental property in Cleveland.

In 2023, a one-page brochure was drafted by Cleveland to explain the Predatory Landlord Legislation.  The brochure identified "problems" with owners of "crumbling properties".  According to the brochure, the first problem was "Out-of-state LLCs would either find a legal loophole- or just not show up to court. They were **making big profits and avoiding any consequences for their illegal actions."**  (as bolded in the

6

brochure). The second problem was "These **slumlords** saw Cleveland as an easy market, so they bought up all the homes they could- **taking away the chance for Clevelanders to buy those homes."** (as bolded in brochure). The third problem was "When corporations don't care about community and make money from letting homes rot, they **drag down the property values for responsible residents nearby."** (as bolded in brochure). (A copy of the brochure is attached as Exhibit 4)

In drafting a response to the litany of form letters sent by what appeared to be real estate agents who were vocalizing their concern about the new legislation and specifically the local agent in charge requirement, Cleveland Council Member Michael D. Polensek sent Mayor Bibb an email on January 23, 2024 of what appears to be a draft response to those who vocalized their concern with the Predatory Landlord Legislation:[4] Council Member Polensek wrote the following:

> I, like most in Council, are disgusted by what I witness daily. Virtually every week I receive a call or a postcard in the mail asking if I want to sell my own property. My response is unequivocally, "NO." However, it only reinforces to me that there is a feeding frenzy going on with out-of-state and often out-of-the-country investors looking to buy up affordable properties in the City of Cleveland. The City, under the current Building & Housing code, in connection with the Zoning codes, is incapable of dealing with the onslaught of absentee owners. Our codes, rules and regulations are antiquated and have only aided and abetted speculators, disinvestment and predatory lending practices. That is, if a resident in the City of Cleveland can even get a mortgage loan. It is clear that those who are residents in the city, especially on the eastside, are being red-lined by the major financial institutions in our city. I experienced that, myself, firsthand.
>
> Is the piece of legislation before us in Council, the absolute cure all? Probably not, but it is a major step, for the first time in decades, to level the playing field for our residents by giving the Bibb Administration the tools they need to address the housing crisis and lack of accountability; for

---

[4] It is unclear if Council Member Polensek sent out the response/letter.

far too many property owners in the City, who, for one reason or another, will not maintain their property.

In closing, if those of you in the Real Estate community really want to be helpful and to be stakeholders, offer some meaningful and useful suggestions to help make the legislation more effective, while at the same time not stiffing the legitimate real estate market in our city. To just say "no," like many did with the first Fair Housing Law, which was passed in the 1980's, and which I co-sponsored, as well, won't cut it anymore. My message to all of you is clear, "get on board the train, in one shape or another, because it is leaving the station." We, in Cleveland are done being abused and being taken advantage of by flippers, speculators and individuals who are just unwilling to maintain real property in the city. End of story.

*Id.*  Mayor Bibb's one word response was "wow".  (A copy of the January 23, 2024 email is attached as Exhibit 5)

Defendants involved many organizations and individuals in the legislative process to seek feedback, including specific organizations that wanted exemptions for certain fees that would be imposed. In the thousands of pages of documents that discussed the Predatory Landlord Legislation, noticeably absent from the discussion was any substantive input from landlords.[5]  In a November 16, 2023 email from Senior Policy Advisor Attorney Austin Davis, Attorney Davis prefaced the allowance of a landlord as a potential panelist at an upcoming city council committee meeting in January of 2024 with "Maybe an **upstanding** landlord".  (emphasis added)  (A copy of the November 16, 2023 email is attached as Exhibit 6)  Apparently, Defendants were unable to find a landlord that Defendants deemed to be "upstanding" to warrant being a panelist because no landlords seemed to provide any meaningful input at the committee

---

[5] The public records did have dozens of form letters that appeared to be from real estate agents who were concerned specifically about the proposed local agent in charge requirement.

hearing on January 23, 2024 or on January 30, 2024, both of which are available on the

City of Cleveland's YouTube page.

On January 23, 2024, the Development, Planning and Sustainability Committee

met to discuss the Predatory Landlord Legislation.  The January 23, 2024 meeting can

be viewed via Cleveland City Council's YouTube page at

https://www.youtube.com/watch?v=pbYQAGxmbTs.  During said committee meeting,

Senior Policy Advisor Attorney Austin Davis stated as follows:

> …the number one answer is **it's our goal to prevent that
> from happening even in the first place and that we're
> focusing on those out of state landlords to make it
> harder for them to ever become landlords here in the
> city in the first place**.  We don't roll out the red carpet just
> about for these exploitative poverty uh profiteers to allow
> them to go into neighborhoods and charge rent on
> extortionary terms and provide so few services in return.
> These tickets and these rental registries and then the
> accompanying vacant registry are checking those landlords
> at every turn.  We're going to make their lives a pain.  If
> they're going to move here and have that kind of attitude in
> our neighborhood we're going to make their business hard to
> make money on and we're going to make it a pain for them
> to live here so or a pain for them to do business here.  The
> idea is we're going to get those folks to not be here in the
> first place and have that kind of attitude.  At the end of the
> day it's tough to stop a legal eviction when it's just a
> relationship between a tenant and a landlord.  We can't get
> into every single tenant landlord relationship.  State law has
> some other stuff in there too **but we can start to regulate
> that market and make it hard for those folks with that
> terrible mindset those out of state landlords with that
> mindset they're just taking from residents we can keep
> them out.** (emphasis added)

*Id.*  beginning at approximately 4:05:49. During the January 23, 2024 committee

meeting, Defendant O'Toole stated in part that "establishing a local agent and charge

requirement and this is to address the issue of investor activity and the and the role of investors in our housing market." *Id.* beginning at approximately 55:59.

The Development, Planning and Sustainability Committee met again to discuss the Predatory Landlord Legislation on January 30, 2024.  During said meeting, the sole judge of the Cleveland Municipal Court, Housing Division, Judge W. Mona Scott, appeared to provide her input on the Predatory Landlord Legislation. Notably, Judge Scott is also sole judge who would be enforcing the Predatory Landlord Legislation. The January 30, 2024 meeting can be viewed via Cleveland City Council's YouTube page at https://www.youtube.com/live/yhdCJYe9tgc?si=RuCkTgEUSWjX0Fu8&t=938. Judge Scott's appearance begins at approximately 15:38. At approximately 50:00, Cleveland City Council Member Kris Harsh asked Judge Scott if she can refuse an eviction if a property is not currently registered with the City of Cleveland.  At approximately 51:00, Judge Scott states that "…what we require from the court through the local rules is that you provide that you are registered with the City through the rental registration…"  At approximately 51:19, Judge Scott explained "if they [the landlord] don't have that [rental registration] certificate what happens um they will not go through to a [forcible entry and detainer] hearing …"   Council Member Kris Harsh asked at approximately 51:45 "…if we add a local agent in charge to the rental registry so we say register the owner and a local agent in charge it's all part of the same form that you require before you can proceed with an eviction action?" At approximately 51:57, Judge Scott replied "yes".

On February 23, 2024, Judge Scott appeared before Cleveland City Council

10

during its annual budget meeting.  The February 23, 2024 hearing titled "Finance, Diversity, Equity and Inclusion Committee (Part 1)- Budget Hearings" can be found on Cleveland City Council's official Youtube page at

https://www.youtube.com/live/qFinHC7B3No?si=juB2CLeN9KdUpX_v&t=3637.  Judge Scott's appearance begins at approximately 1:00:00.  At approximately 1:49:00, Respondent confirms she knows that the Eighth District Court of Appeals ruled she could no longer enforce compliance with the lead paint certification ordinance as part of the eviction process. Judge Scott confirms that she understands that enforcement of the lead paint certification is for the Department of Building and Housing to do and that it should not bar people from accessing evictions.  Judge Scott confirms she still requires landlords to attach proof of compliance with the rental registry to the [forcible entry and detainer] complaint.  At approximately 1:55:00, Cleveland City Council member Kris Harsh confirms that new requirements [proof of compliance with other ordinances as prerequisites to the issuance of a rental registration certificate] have been added to the rental registry [ordinance].

Defendant Cleveland admitted via their own Director of Law that it is going to discriminate in the enforcement of its ordinances. During the Finance, Diversity, Equity and Inclusion Committee Budget Hearings (Part 2) on February 18, 2025, Cleveland Law Director Mark Griffin explained exactly how Defendants intended on prosecuting violations of the building and housing code:

> … the other thing I would say is that our focus is on the LLC's and one of the things that you'll see is fewer but bigger cases so we are not going after us grandma uh we are not going after uh owners and residents in their own homes we're going after the LLC's that are not keeping up their properties uh unfortunately that also means that they have

11

> lawyers and so uh so we thank you for the extra two lawyers
> of support that you're giving us…

*Id.* beginning at approximately 2:05:00.  The video of the February 18, 2025 hearing is

available to view via Cleveland City Council's YouTube page at

https://www.youtube.com/watch?v=6QiLgBHHofY&t=31s.

On February 20, 2025, during the City of Cleveland Finance, Diversity, Equity

and Inclusion Committee Meeting regarding the 2025 budgets, Judge Scott of the

Cleveland Municipal Court, Housing Division appeared.  The video of the February 20,

2025 hearing is available to view via Cleveland City Council's YouTube page at

https://www.youtube.com/watch?v=vW9QqfaHS_Q. At approximately 12 minutes and 46

seconds, Judge Scott begins her presentation.  At approximately 40 minutes and 29

seconds, Judge Scott, in discussing the fact that she could no longer enforce the local

rule that required landlords to provide proof of compliance with the lead paint

certification ordinance, stated:

> …it came back the Eighth District Court of Appeals  came
> back and said that this court um Housing Court should not
> be dabbling in seeing if they have lead safe certification
> that's something for the city of Cleveland to do.  Whether
> they connected with the renter registration so when the
> Eighth District came back out we immediately stopped
> having them do the affidavits um and then you guys
> connected in order to get a rental registration of you all
> properties now according to the new resident first law has to
> be either registered under rental of the rental registry you
> have to now go for your certificate of I kind of hate that they
> changed the name because it's just a mouthful but the Cairo
> certificate approving rental occupancy that's the new rental
> registration certificate and order to get that you must have a
> lead safe certificate so they incorporated that back into it and
> you have to have updated property tax or be on an approved
> property tax payment plan um those things are necessary for
> you to get a certificate of uh certificate approving rental
> occupancy now and you must now have that effective March

12

1st of 2025 is for one year according to building and housing
it expired March 1st of 2026 so I think overall the laws
covered it it is just now how does it look going into the
process and code enforcement prosecutors pursuing.

*Id. beginning at 40:29- 42:09.*

Defendant Cleveland, acting under color of law, memorized their ongoing

contempt for landlords by continuing to enforce previously enacted ordinances and

enacted new ordinances, such as the local agent in charge requirement, that Plaintiffs

submit Defendant Cleveland knew or should have known were unlawful and

unconstitutional.  Defendant Cleveland directed Defendant O'Toole, who was also

acting under color of law, to enforce the Predatory Landlord Legislation.  If landlords do

not acquiesce to Defendant Cleveland's ordinances, they will be subject to criminal

prosecution and civil fines. In addition, Defendants knew that the failure to acquiesce

would prevent landlords from full access to the court system because Judge Scott, the

sole judge of the Cleveland Municipal Court, Housing Division, requires landlords to

provide a copy of their current rental registration certificate issued by Defendants in

order for an eviction to be granted.

Plaintiffs submit that the Predatory Landlord Legislation was nothing more than

an enactment of sham ordinances by a city desperate to exclude certain landlords from

Cleveland.

## IV.    THE ONLINE RENTAL REGISTRATION APPLICATION

All owners must register their residential rental properties and pay the rental

registration fee online at https://aca-prod.accela.com/COC/Login.aspx.  (A copy of the

affidavit of Attorney Sarah S. Graham is attached hereto as Exhibit 8; A copy of the

online rental registration application is attached as Affidavit Exhibit A)  Plaintiffs submit

that the online rental registration application is inaccurate, incomplete and uses undefined terminology thereby rendering the entire application legally defective.  In fact, Plaintiffs, as limited liability companies, cannot even complete the online rental registration application as doing so would require it to provide false and inaccurate information.  The online rental registration application includes, but is not limited to the following issues:

1.  On page three of the online rental registration application, the applicant is required to provide the contact information for "Responsible Party".  Page four is a screenshot of what appears when the applicant selects "add new" for responsible party.  There is no definition in Cleveland Cod.Ord. Chapter 365 for "responsible party".

2.  On page three of the online rental registration application, the question is asked as to whether the applicant is a corporation or a partnership.  Page five is a screenshot of what appears when the applicant selects the drop down for the question "Is the owner an individual or a corporation/partnership".  Once selected, there are two options to select from- corporation/partnership or individual. Noticeably absent is the applicant's ability to select limited liability company.

3.  On page three of the online rental registration application, the applicant is required to provide the corporation/partnership information.  Page six is the screenshot of what appears when the applicant selects "add new" for partnership/corporation information. Notably, the contact information required

14

includes the first and last name of an individual which of course makes no sense when entering the information for a corporation.

4. Page seven requires the applicant to select the county where the property owner resides from a drop down.  Page eight is a screenshot of what appears when the applicant selects the drop down. Notably, an entity cannot "reside" anywhere.

## V.  CLEVELAND MUNICIPAL COURT, HOUSING DIVISION LOCAL RULE 3(B)(4) AND (5).

*In Shaker House LLC v. Daniel*, 2022-Ohio-2778, 193 N.E.3d 1159 (8th Dist.), the Eighth District Court of Appeals held that Cleveland Municipal Housing Court Local Rule 3.015, which required landlords to provide proof of compliance with a City of Cleveland ordinance relating to lead safe certification, was invalid as it conflicted with the landlord's substantive rights pursuant to Ohio Revised Code Chapter 1923.  The Eighth District Court of Appeals specifically addressed the issue of whether local rules that imposed additional requirements upon landlords not found in Chapter 1923 of the Ohio Revised Code were lawful.   The Eighth District Court of Appeals ruled the answer was no.  Local Rule 3(B)(4) is identical to former Local Rule 3.015 in substance except for the specific document being required to be attached to the complaint.   Yet, Defendant Cleveland Municipal Court, Housing Division and Defendant Judge Scott continue to delay and deny forcible entry and detainer actions based upon Local Rule 3(B)(4) and 3(B)(5).

15

The documents required to be filed with a forcible entry and detainer complaint are set forth in Cleveland Municipal Housing Court Local Rule 3(B), which states as follows:

**B. DOCUMENTS TO BE FILED WITH COMPLAINT**

1.    *Evidence of status by Domestic, Foreign and Fictitious Entities.*  Complaints brought by a domestic or foreign business entity, including, but not limited to a corporation, nonprofit corporation, professional corporation, limited liability company, limited partnership, limited liability partnership, or fictitious entity (including "doing business as" names), must include, at the time of filing, documentary evidence of the entity and owner's good standing, active registration or active license with the Ohio Secretary of State.  Failure to include sufficient documentation may result in sanctions up to the dismissal of the complaint without prejudice.

2.    *Evidence of current ownership.*  When filing an eviction complaint, plaintiff must attach proof of current ownership of the premises that is the subject of the action.  Proof of current ownership may include, but is not limited to, a print-out of the "General Information" tab for the premises from the Cuyahoga County Auditor's ("Auditor") website.  Failure to do so may result in sanctions up to the dismissal of the complaint with prejudice.

3.    *Certification Regarding Plaintiff's Criminal Housing Cases*

a.  All plaintiffs (individuals and business entities) filing cases in the Cleveland Municipal Housing Court must certify at filing that they, nor the actual owner, have criminal cases in this Court in which they are the defendant and have (i) failed to appear for a scheduled hearing (and have not corrected that failure) OR (ii) failed to make payments within the time required in the criminal case.  All such failures of either Plaintiff or the owner are to be resolved prior to filing.

b.    False or inaccurate certifications may result in sanctions, including but not limited to, dismissal of the complaint, a continuance to allow Plaintiff to appear for and

16

resolve the outstanding criminal matter, or, where warranted, prosecution for perjury.

    4.     *Evidence of Current Cleveland Residential Rental Registration Status.*

    a.     Complaints in eviction must include, at the time of filing, documentary evidence from the City of Cleveland Department of Building and Housing verifying the active registration of the premises with the City's Rental Registration Program, or an exemption thereto.  See CCO Chapter 365.

    b.     CCO §365.01(a) states that:

"…a rental unit is defined as any part of a building being used, designed or intended to be used as an individual's private residence.  A rental unit includes a unit occupied by one (1) or more persons regardless of whether the occupant pays rent or provides anything else of value to the titled owner in consideration for occupying the structure.  A unit is not considered a rental unit if the titled owner is one (1) of the occupants."

    5.     Failure to include sufficient documentation may result in sanctions, up to the dismissal of the complaint without prejudice.

Plaintiffs submit that the entirety of Local Rule 3(B) is arguably unlawful and that Local Rule 3(B)(4) and 3(B)(5) as it relates to 3(B)(4) is unquestionably unlawful. Defendant Cleveland Municipal Court, Housing Division and Judge Scott's continued enforcement of Cleveland Municipal Housing Court Local Rule 3(B)(4) results in unlawful delays of entering judgment on forcible entry and detainer cases and interferes with the summary nature of forcible entry and detainer actions as said local rule is unlawful per the analysis and holding in *Shaker House LLC v. Daniel*, 2022-Ohio-2778, 193 N.E.3d 1159 (8th Dist.).

Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) requires a landlord to attach to the forcible entry and detainer complaint proof of compliance with rental registry ordinance set forth in Cleveland City Ordinance Chapter 365.  Said rule adds an additional requirement for a landlord to obtain restitution of the rental premises not found in Chapter 1923 of the Ohio Revised Code.  Chapter 365 of the Cleveland City Ordinance required landlords to pay a fee and register their rental properties yearly. Defendant Cleveland Municipal Court, Housing Division and Judge Scott will not issue a judgment in a forcible entry and detainer action absent a landlord's compliance with Cleveland Municipal Court, Housing Division Local Rule 3(B)(4).

Judge Scott, in her own words as stated above, is clearly aware of the Eighth District Court of Appeals holding in *Shaker House LLC v. Daniel*.  Judge Scott, via her enforcement of the rental registration local rule, knowingly *prohibits* full access to the Cleveland Municipal Court, Housing Division as it relates to forcible entry and detainer actions unless Plaintiffs and all other landlords pay their property taxes and have complied with the litany of other requirements set forth in Cleveland City Ordinance 365.02.  Judge Scott's actions of continued enforcement of an unlawful local rule, Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) as it applies to 3(B)(4), are in direct violation of Shaker House LLC v. Daniel, Article I, Section 16 of the Ohio Constitution, Chapter 1923 of the Ohio Revised Code and Ohio case law.

Per Ohio law, including the Eighth District Court of Appeals' decision and analysis in *Shaker House LLC v. Daniel,* Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) are unlawful and enforceable.

## VI.    LAW AND ARGUMENT

Fed.R.Civil.P. 65 states in relevant part as follows:

(a) Preliminary Injunction.
(1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.
(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) Temporary Restraining Order.
(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who

19

obtained the order must proceed with the motion; if the party
does not, the court must dissolve the order.

*Id.*  In explaining the purpose of a preliminary injunction, the United States Supreme

Court in *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) stated:

> The purpose of a preliminary injunction is merely to preserve
> the relative positions of the parties until a trial on the merits
> can be held. Given this limited purpose, and given the haste
> that is often necessary if those positions are to be preserved,
> a preliminary injunction is customarily granted on the basis
> of procedures that are less formal and evidence that is less
> complete than in a trial on the merits. A party thus is not
> required to prove his case in full at a preliminary-injunction
> hearing, *Progress Development Corp*. v. *Mitchell*, 286 F.2d
> 222 (CA7 1961), and the findings of fact and conclusions of
> law made by a court granting a preliminary injunction are not
> binding at trial on the merits, *Industrial Bank of
> Washington* v. *Tobriner*, 132 U. S. App. D. C. 51, 54, 405
> F.2d 1321, 1324 (1968); *Hamilton Watch Co*. v. *Benrus
> Watch Co*., 206 F.2d 738, 742 (CA2 1953).

*Id.* at 395.  In *Enchant Christmas Light Maze & Mkt. v. Glowco, LLC*, 958 F.3d 532 (6th

Cir. 2020), the Sixth Circuit Court of Appeals stated as follows:

> Granting a "preliminary injunction is an extraordinary remedy
> reserved only for cases where it is necessary to preserve the
> status quo until trial." *Hall v. Edgewood Partners Ins. Ctr.,
> Inc.*, 878 F.3d 524, 526 (6th Cir. 2017). "A plaintiff seeking
> a preliminary injunction must establish that he is likely to
> succeed on the merits, that he is likely to suffer irreparable
> harm in the absence of preliminary relief, that the balance of
> equities tips in his favor, and that an injunction is in the
> public interest." *Obama for Am. v. Husted*, 697 F.3d 423, 428
> (6th Cir. 2012) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20,
> 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)).

20

*Id.* at 535-536.  In *Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield Assn.*, 110

F.3d 318 (6th Cir.1997), the Sixth Circuit Court of Appeals outlined the four factors to

consider when ruling on a motion for a preliminary injunction:

> When ruling on a motion for a preliminary injunction, a
> district court must consider and balance four factors:
> (1) whether the movant has a strong likelihood of success on
> the merits; (2) whether the movant would suffer irreparable
> injury without the injunction; (3) whether issuance of the
> injunction would cause substantial harm to others; and (4)
> whether the public interest would be served by issuance of
> the injunction. *See, e.g.*, *Sandison v. Michigan High Sch.*
> *Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995).

*Id at 322.*  As to a court's application of the four factors, the Sixth Circuit in *Jones v. City*

*of Monroe*, 341 F.3d 474 (6th Cir.2003) explained that:

> The four considerations applicable to preliminary injunction
> decisions are factors to be balanced, not prerequisites that
> must be met.  *DeLorean*, 755 F.2d at 1228. Moreover, a
> district court is not required to make specific findings
> concerning each of the four factors used in determining a
> motion for preliminary injunction if fewer factors are
> dispositive of the issue. *Id.; Mascio v. Public Employees*
> *Retirement Sys. of Ohio*, 160 F.3d 310, 312 (6th Cir. 1998)
> (affirming the district court's grant of a preliminary injunction
> based on the district court's conclusion that the plaintiff had
> demonstrated a substantial likelihood of success on the
> merits).

*Id. at 476.*  As for a temporary restraining order, *Bobay v. Wright State Univ.*, 2023 U.S.

App. LEXIS 14825 (6th Cir. June 13, 2023), the Sixth Circuit Court of Appeals has

stated:

> Recall a TRO's purpose. "Applicants for injunctive relief" may
> be faced with the "possibility that irreparable injury will occur
> before the hearing for a preliminary injunction" can be held.
> 11A Wright & Miller, Fed. Prac. & Proc. § 2951 (3d ed. 2023).
> Federal Rule of Civil Procedure 65(b) offers litigants a
> mechanism to allay that concern. Under Rule 65(b), a

> plaintiff may seek a TRO—an order "designed
> to preserve the status quo until there is an opportunity to
> hold a hearing on the application for a preliminary
> injunction." *Id.* TROs are "sharply limited [in] duration"
> (typically 14 days), one of the primary factors differentiating a
> TRO from a preliminary injunction. *Id.* § 2953.

*Id.* at *5-6. In Reid v. Hood 2011 U.S. Dist. LEXIS 7631 (N.D.Ohio Jan. 26, 2011)

> The Sixth Circuit has explained that "the purpose of a TRO
> under Rule 65 is to preserve the status quo so that a
> reasoned resolution of a dispute may be had." *Procter &
> Gamble Co. v. Bankers Trust Co*., 78 F.3d 219, 227 (6th Cir.
> 1996). The standard for issuing a temporary restraining
> ordertemporary[6] restraining order is logically the same as for
> a preliminary injunction with emphasis, however, on
> irreparable harm given that the purpose of a
> temporary restraining ordertemporary restraining order is
> to maintain the status quo. *Motor Vehicle Board of California
> v. Orrin W. Fox, et al*., 434 U.S. 1345, 1347 n. 2, 98 S. Ct.
> 359, 54 L. Ed. 2d 439 (1977). If the balance of equities so
> heavily favors the moving party that justice requires the court
> to intervene to secure the positions until the merits of the
> action are ultimately determined, then there is cause to
> preserve the status quo. *University of Texas v. Camenisch*,
> 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981).

*Id.* at *4-5. In applying and weighing the four factors in the instant case, it is clear that

Plaintiffs are entitled to both a temporary restraining order and a preliminary injunction.

As to enforcement for the failure to comply with Cleveland Cod.Ord. Chapter 365,

Cleveland Cod.Ord. 367.05, titled "Noncompliance with Notice; Vacation of Premises;

Board and Demolition of Premises", states as follows:

> (a) No person shall fail to comply with any provision of this
> Housing Code or fail to comply with any lawful order issued
> under this Housing Code.

---

[6] The *Reid* quote has the duplication of the phrase "temporary restraining order" and the error in spacing twice within the actual text itself.

    (b)   Whenever the owner, agent or person in charge of a dwelling structure or premises fails, neglects or refuses to comply with a notice of the Director of Building and Housing, the Director may issue a notice ordering the structure or premises concerned to be vacated, or he or she may advise the Director of Law of the circumstances and request the Director of Law to institute an appropriate action of law to compel a compliance, or both.

    (c)   Whenever the owner or agent or person in charge of a dwelling structure or premises fails, neglects or refuses to comply with a notice to vacate issued by the Director, the Director may request the Director of Public Safety to enforce the orders of such notice of vacation and cause the structure to be vacated in accordance with the terms of such notice.

    (d)   Whenever the Director has made the determination that a dwelling structure or premises constitutes a public nuisance in that the structure or premises is injurious to the public health, safety and welfare, and the owner, agent or person in charge of such structure fails, neglects or refuses to comply with a notice of violation ordering such structure to be demolished or boarded, or the violations corrected, the Director may take necessary action to demolish or effectively board such structure in accordance with the procedure and requirements set forth in Section 3103.09 or take such other action as may be necessary to abate the nuisance. The Director shall give written notice in conformance with the procedures set forth in division (h)(6) of Section 3103.09 for the service of notice of violation informing the owner or agent, mortgagee of record, lessee of record or lien holder of record of the City's intention to demolish or effectively board such structure at least thirty (30) days prior to such intended action by the City.

*Id.* Cleveland Cod.Ord. 367.14, titled "Other Legal Action", states as follows:

The imposition of any penalty shall not preclude the Director of Law from instituting an appropriate action or proceeding in a court of proper jurisdiction to prevent an unlawful repair or maintenance, or to restrain, correct or abate a violation, or to prevent the occupancy of a building, structure or premises, or to require compliance with the provisions of this Housing Code or other applicable laws, ordinances, rules or regulations, or the orders or determinations of the Commissioner of Housing or the Board of Building Standards and Building Appeals.

23

*Id.* Cleveland Cod.Ord. 367.99, titled "Penalty", states in relevant part as follows

follows:

> (a)   Whoever violates any provision of this Housing Code for which no other penalty is provided or any rule or regulation promulgated thereunder or fails to comply with this Housing Code or with any order issued shall be guilty of a misdemeanor of the first degree. Each day of a continuing violation shall be deemed a separate offense.
>
> Whoever causes or permits the continuation of any violation of this Housing Code or any rule or regulation promulgated hereunder or fails to comply with this Housing Code or with any written notice or written order issued hereunder, subsequent to conviction therefor shall be liable for further prosecution, conviction and punishment upon the same order or notice without the necessity of issuing a new order or notice, until full compliance has been had on such order or notice upon which the original conviction was made.
>
> (b)   Whoever violates Section 367.11 shall be guilty of a misdemeanor of the first degree.
>
> (c)   Whoever violates Section 367.12 or 367.13 shall be guilty of a misdemeanor of the first degree.
>
> (d)   Whoever violates Section 365.02, 365.04 or 371.01 shall be guilty of a misdemeanor of the first degree. Each day of a continuing violation shall be deemed a separate offense.
>
> ***
>
> (g)   A court of competent jurisdiction may require whoever is convicted of or pleads guilty to a violation of this Housing Code to pay to the Department of Building and Housing fees for inspections of violations that have not been remedied, which fees are described in Sections 367.08 and 3105.26, and the expenses or costs incurred under the provisions for demolition or boarding contained in the Housing Code.

*Id.*

24

### A.    PLAINTIFFS HAVE A STRONG OR SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS.

Each Plaintiff in the instant lawsuit is a limited liability company duly organized and incorporated under the laws of the State of Ohio.[7]  (A copy of the Ohio Secretary of State print out for BVG is attached as Exhibit 9; a copy of the Ohio Secretary of State print out for 7006 Detroit is attached as Exhibit 10 and a copy of the Ohio Secretary of State print out for W101 is attached as Exhibit 11)   On the rental registration certificates, it states "Owner/Custodian" below the property address. Cleveland Cod.Ord. Chapter 365 does not define "custodian".  (A copy of one of the BVG 2024 rental registration certificates is attached as Exhibit 12) Defendants issued all three Plaintiffs rental registration certificates for 2024. Said certificates were valid from March 1, 2024 until February 28, 2025.  The deadline for applying for the 2025 rental registration certificates was March 1, 2025.  *See* Cleveland Cod.Ord. 365.02(b). Beginning in 2025, all owners must use Defendants' online rental registration application portal for applying for the rental registration certificates themselves as well as paying for the rental registration fees. (A copy of Defendants' notice to Plaintiff BVG is attached as Exhibit 13) Plaintiffs submit that they are not required to comply with Cleveland Cod.Ord. 365.01(k), Cleveland Cod.Ord. 365.02 and Cleveland Cod.Ord. 365.03 because they are not owners as defined by Cleveland Cod.Ord. 365.01(I).

First, Cleveland Cod.Ord. 365.01(I) defines owner as ""Owner" means the person, partnership or corporation that holds title to the residential rental unit." *Id.*  in an

---

[7] For some unknown reason, the 2024 rental registration for W101 identified AIY Properties, Inc. as the owner/custodian and at least some of the 2024 rental registrations for BVG had AIY Properties as owner/custodian. AIY Properties, Inc. is the property management company that manages Plaintiffs' properties and not the owner.

effort to circumvent their own ordinance, Defendants may attempt to argue that the definition of owner as set forth in Cleveland Cod.Ord. 363.12 applies.  Said argument is without merit.  Cleveland Cod.Ord. Chapter 363 titled "Definitions" defines owner in Cleveland Cod.Ord. 363.12 as ""Owner" means the owner or owners of the premises, including the holder of title thereto subject to contract of purchase, a vendee in possession, a mortgagee or receiver in possession, a lessee or joint lessees of the whole thereof or an agent or any other person, firm or corporation who has charge, care, management of or is directly in control of the premises." *Id.*  Pursuant to Cleveland Cod.Ord. Chapter 361 titled "Purpose and Scope", Cleveland Cod.Ord. 361.03 Cleveland Cod.Ord. 361.03(c) states that "In the event of conflict between any other provisions of these Codified Ordinances and the provisions of this Code, the provisions of this Code shall prevail. However, where the construction of new buildings or the alteration or conversion of existing buildings for residential use is made after April 6, 1960, the more restrictive provision shall prevail." *Id.*

Defendant Cleveland's own ordinance makes it clear that Cleveland Cod.Ord. Chapter 365 does not apply to limited liability companies.  Any argument by Defendants that per Cleveland Cod.Ord. 361.03, Plaintiffs are required to comply with the definition of owner set forth in Cleveland Cod.Ord. 363.12 is without merit.  Cleveland Cod.Ord. 361.03(c) only applies to resolve a conflict when there is a conflict between a provision **outside** of the Housing Code and a provision **inside** the Housing Code. Here, both definitions are inside the Housing Code and as such Cleveland Cod.Ord. 361.03(c) is inapplicable. Plaintiffs submit that this Court should apply the definition for owner set forth in Cleveland Cod.Ord. 365.01(I) not only because that is the definition within the

26

chapter itself, but because Defendants' actions demonstrate that Defendant Cleveland intended for the definition of owner set forth in Cleveland Cod.Ord. 365.01(I) to apply to Cleveland Cod.Ord. Chapter 365.  Defendants are clearly bound by the definition of owner set forth in Cleveland Cod.Ord. 365.01(I).  After all, why would they have enacted a specific definition of owner for Cleveland Cod.Ord. Chapter 365 if they simply wanted the definition set forth in Cleveland Cod.Ord. 363.12 to apply.

Second, any argument by Defendants that corporation and limited liability company are interchangeable terms is without merit.  Under Ohio law, there is such a legal distinction between the term corporation and the term limited liability company that each has its own chapter in the Ohio Revised Code. Ohio Revised Code Chapter 1701 is titled "General Corporation Law". Ohio Revised Code 1701.01(A) states that ""Corporation" or "domestic corporation" means a corporation for profit formed under the laws of this state." *Id.*  Ohio Revised Code Chapter 1706 is titled "Ohio Revised Limited Liability Company Act".  Ohio Revised Code 1706.01(N) states ""Limited liability company," except in the phrase "foreign limited liability company," means an entity formed or existing under this chapter." *Id.*

Third, Defendant Cleveland's intent is further demonstrated by its online rental registration form.  In fact, the intent is so clear that Plaintiffs cannot even apply for the rental registration certificates because there is no option for a limited liability company to apply.  Noticeably absent from both questions relative to partnership/corporation is any request for information as to limited liability companies.  In addition, also absent are options to select any of the designations used for owner in Cleveland Cod.Ord. 363.12.  Plaintiffs submit that Defendants should not be permitted to force Plaintiffs to register

27

when doing so would require them to not only complete a legally defective online rental registration application, but to provide Defendants information that is false as to ownership.

Fourth, applying the definition of Cleveland Cod.Ord. 363.12 to Cleveland Cod.Ord. Chapter 365 would make absolutely no sense and that is exactly why Defendant Cleveland created a different definition of owner for Cleveland Cod.Ord. Chapter 365.  If the definition of owner set forth in Cleveland Cod.Ord. 363.12 applied to Cleveland Cod.Ord. Chapter 365, it would mean a lessee, receiver, manager or any other person who had control of the premises could comply with Cleveland Cod.Ord. Chapter 365. If in fact that is Defendant Cleveland's position, it had every opportunity to remove the definition of owner from Cleveland Cod.Ord. Chapter 365 yet never did.

Plaintiffs submit that there is a strong and substantial likelihood that Plaintiffs will be successful on the merits of their claim since they are not owners as defined by Cleveland Cod.Ord. 365.01(I) and thus not legally required to comply with Cleveland Cod.Ord. 365.01(k), Cleveland Cod.Ord. 365.02 and Cleveland Cod.Ord. 365.03.

As it relates to Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5), Plaintiffs submit that there is a strong and substantial likelihood that Plaintiffs will be successful on the merits of their claim since said local rules directly conflict with the Eighth District Court of Appeals holding in *Shaker House LLC v. Daniel,* Ohio Revised Code Chapter 1923, Article 1, Section 16 of the Ohio Constitution and Ohio case law. Further, allowing the Cleveland Municipal Court, Housing Division and

Judge Scott to enforce Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) while the rental registration requirement itself is being challenged for the aforementioned reasons would be patently unfair and unjust as it would require Plaintiffs to choose between lawfully enforcing its rights or incurring astronomical costs by being effectively barred from the Cleveland Municipal Court, Housing Division as it relates to forcible entry and detainer actions. As such, the claims are inextricably intertwined.

### B.  PLAINTFFS WILL SUFFER IRREPARABLE HARM WITHOUT THE RELIEF REQUESTED.

Plaintiffs will suffer irreparable harm if the temporary restraining order and preliminary injunction are not granted. (See affidavit of John Petryshin attached as Exhibit 14)

First, Plaintiffs will be irreparably harmed if a temporary restraining order and a preliminary injunction are not granted because Defendants will continue to enforce Cleveland Cod.Ord. Chapter 365 against limited liability companies, including Plaintiffs, and Plaintiffs will face criminal prosecution and civil fines due to their alleged failure to comply with Cleveland Cod.Ord. Chapter 365.  As stated, Cleveland Cod.Ord. 367.05 and Cleveland Cod.Ord. 367.14 allow Defendants to pursue civil penalties and Cleveland Cod.Ord. 367.99 allows for the criminal prosecution for failure to comply with Cleveland Cod.Ord. 365.02.   Cleveland Cod.Ord. 367.99 (d) specifically states that:

> Whoever violates Section 365.02, 365.04 or 371.01 shall be guilty of a misdemeanor of the first degree. **Each day of a continuing violation shall be deemed a separate offense**. (emphasis added)

*Id.*  Plaintiffs submit that Defendants have taken the position that limited liability companies must comply with Cleveland Cod.Ord. 365.02 and the failure to do so violates the law.  In fact, knowing that all three Plaintiffs are limited liability companies, Defendants still would not agree to a stay as to enforcement of Cleveland Cod.Ord. Chapter 365 relative to Plaintiffs during the pendency of this lawsuit.  Defendants refusal to consent to a stay should be weighed in Plaintiffs' favor as to the irreparable, immediate harm.  After all, the only reason not to consent to a stay is because Defendants intend on attempting to enforce Cleveland Cod.Ord. Chapter 365 against Plaintiffs.  At any time, Defendants could attempt to prosecute Plaintiffs for their alleged failure to comply with Cleveland Cod.Ord. 365.02 (which in turn requires compliance with both Cleveland Cod.Ord. 365.01(I) and Cleveland Cod.Ord. 365.03) by March 1, 2025. The irreparable harm of criminal prosecution and what could amount to tens of thousands of dollars in fines is obvious.  It is therefore imperative that the temporary restraining order and preliminary injunction be granted to prevent any civil action or criminal prosecution from being initiated against Plaintiffs for alleged non-compliance with Cleveland Cod.Ord. 365.01, Cleveland Cod.Ord. 365.02 and Cleveland Cod.Ord. 365.03.

Second, Plaintiffs will not be able to fully access the Cleveland Municipal Court, Housing Division as it relates to forcible entry and detainer (eviction) actions because Judge W. Mona Scott requires landlords to provide a copy of their current rental registration certificate to the Court in conjunction with an eviction action. The documents required to be filed with a forcible entry and detainer complaint is set forth in Cleveland Municipal Housing Court Local Rule 3(B) which is titled "Documents to be filed with

Complaint".  Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) states as

follows:

> 4. *Evidence of Current Cleveland Residential Rental Registration Status.*
> a. Complaints in eviction must include, at the time of filing, documentary evidence from the City of Cleveland Department of Building and Housing verifying the active registration of the premises with the City's Rental Registration Program, or an exemption thereto.  See CCO Chapter 365.
> b. CCO §365.01(a) states that:
> "…a rental unit is defined as any part of a building being used, designed or intended to be used as an individual's private residence.  A rental unit includes a unit occupied by one (1) or more persons regardless of whether the occupant pays rent or provides anything else of value to the titled owner in consideration for occupying the structure.  A unit is not considered a rental unit if the titled owner is one (1) of the occupants."

*Id.*  If a landlord fails to comply with Cleveland Municipal Court, Housing Division Local

Rule 3(B)(4), Cleveland Municipal Court, Housing Division Local Rule 3(B)(5) states

that:

> 5. Failure to include sufficient documentation may result in sanctions, up to the dismissal of the complaint without prejudice.

*Id.*   Both W101 and BVG have forcible entry and detainer actions currently pending in

the Cleveland Municipal Court, Housing Division.  The W101 eviction scheduled for

forcible entry and detainer hearing on April 7, 2025 is titled *AIY Properties, Inc. v.*

*Thaddeus Wilson,* Case No. 2025-CVG-3358.  One of the several BVG evictions

scheduled for a forcible entry and detainer hearing on April 7, 2025 is *AIY Properties,*

*Inc. v. Brenda Moguel, et al.*, Case No. 2025-CVG-3350.  Copies of the court dockets

31

not attached to this Motion for reason that the Cleveland Municipal Court's online docket has been offline since late February 2025 due to an alleged cyber-attack.

In addition to the already scheduled eviction actions for BVG and W101, Plaintiff BVG (Broadview Gardens Apartments), by and through AIY Properties, Inc., routinely files multiple eviction actions in Cleveland Municipal Court, Housing Division approximately every month.  Although 7006 does not have an eviction action currently pending in the Cleveland Municipal Court, Housing Division, Plaintiff 7006 anticipates that it is likely that eviction actions will need to be filed at some point during the pendency of this action.

Without a Court Order from this Court stating that Plaintiffs' requirement to obtain a rental registration certificate pursuant to Cleveland Cod.Ord. 365.02 for 2025 is stayed pending the conclusion of this case or until further order of this Court, Plaintiffs will be unable to obtain judgments in eviction cases in the Cleveland Municipal Court, Housing Division.  Plaintiffs will suffer irreparable immediate harm if they are unable to evict tenants who are in violation of their leases, including for the failure to pay rent.  Plaintiffs will sustain astronomical financial harm if tenants do not pay rent yet are able to continue to reside in the apartments.

Plaintiffs submit that any argument made by Defendants that the Plaintiffs inability to fully access the Cleveland Municipal Court, Housing Division as it relates to eviction actions is Plaintiffs issue alone and has nothing to do with them is patently false. Defendants knew that the failure to comply with Cleveland Cod.Ord. 365.02 would prevent owners from evicting tenants.

Defendant Cleveland, including Cleveland City Council members, were aware of the fact that the Eighth District Court of Appeals in *Shaker v. Daniel,* Cuyahoga No. 111183, 2002-Ohio-2778 had ruled that a Cleveland Municipal Court, Housing Division local rule that required landlords to provide a copy of their lead safe certificate issued by Defendant Cleveland was an additional requirement for an eviction action not required by Ohio law and as such was unlawful.  However, Defendants knew that Judge Scott of the Cleveland Municipal Court, Housing Division was still enforcing a substantively identical local rule requiring landlords to provide a copy of their rental registration certificate as an additional requirement for an eviction action. Prior to and within weeks after the enactment of the Predatory Landlord Legislation, members of Cleveland City Council repeatedly confirmed with Judge Scott that she was still enforcing her local rule regarding the rental registration certificate.  Plaintiffs submits that it was not a coincidence that the 2024 version of Cleveland Cod.Ord. 365.02 suddenly included a litany of prerequisites to the issuance of a rental registration certificate such as proof of payment of property taxes, proof of payment of utilities and compliance with the local agent in charge requirement (if applicable).  As stated above, the inability of landlords such as Plaintiffs to have full access to the Cleveland Municipal Court, Housing Division was **exactly** what Defendants wanted to happen.  As such, Defendants cannot claim that the irreparable harm Plaintiffs will suffer has nothing to do with them.

Third, as stated above, if Plaintiffs are forced to complete the online rental registration application, they will be forced to provide false information to Defendants since the application does not allow for Plaintiffs to select the correct entity for ownership.

33

By granting the temporary restraining order and preliminary injunction as to Cleveland Cod.Ord. Chapter 365, this Court will maintain the status quo as of February 28, 2025 during which time Plaintiffs had valid 2024 rental registration certificates.

Plaintiffs submits that staying the enforcement of Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) as it relates to 3(B)(4) harms no one as the rule itself is patently unlawful, the Judge has admitted she is aware of the Eighth District Court of Appeals  decision that, by analysis and holding, rendered said rules unlawful, yet Defendant Cleveland Municipal Court, Housing Division and Defendant Judge Scott continue to enforce to this day, approximately two and a half years after the August 2022 decision.

By granting the temporary restraining order and preliminary injunction as to Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and (5), this Court will allow Plaintiffs to fully utilize the Cleveland Municipal Court, Housing Division as it relates to forcible entry and detainer actions thereby maintaining what would be the status quo absent these unlawful local rules.  Further, as stated, the claims related to Cleveland Cod.Ord. Chapter 365 and Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) are inextricably linked and the granting of only the stay relative to the Cleveland Cod.Ord. Chapter 365 will still not fully protect Plaintiffs from harm as the Cleveland Municipal Court, Housing Division and Judge Scott could arguably attempt to try and enforce Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5).

## C. GRANTING THE INJUNCTION WILL NOT CAUSE ANY HARM TO ANYONE.

Granting Plaintiffs' Motion will not cause any harm whatsoever to anyone least of all to Defendants. Defendant Cleveland received approximately $4,417,647.27 in rental registration fees from landlords in 2024. (A copy of the 2024 City of Cleveland Revenue report for the Department of Building and Housing is attached as Exhibit 15) The unaudited total costs for the Department of Building and Housing for 2024 was $14,920,499.00 and the unaudited total revenue for 2024 was $28,119,350.00 leaving the Department with an unaudited amount of $13,828,851.00 in excess revenue for 2024. (A copy of the entire section of the Mayor's 2025 estimate for the Department of Building and Housing is attached as Exhibit 16)[8] As such, the $1470.00 in rental registration fees for 7006 Detroit, the $1400.00 in rental registration fees for W101 and the $29,260.00 in rental registration fees for BVG in no way harms Defendants. However, if this Court finds that Defendant Cleveland would be harmed by not having said rental registration fees and orders each Plaintiff to deposit with this Court their respective amounts, Plaintiffs will comply.

Granting the temporary restraining order and temporary restraining order against Defendant Cleveland Municipal Court, Housing Division and Defendant Judge Scott harms absolutely no one nor can any legitimate argument be made that it does.

---

[8] Plaintiffs did not attach the entire 2025 Mayor's estimate as is it is 442 pages. If Defendants dispute the failure to include all 442 pages, Plaintiffs will supplement its Motion with the entire document.

35

**D.    THE PUBLIC INTEREST WILL BE SERVED BY GRANTING THE RELIEF REQUESTED.**

Defendants are unlawfully enforcing Cleveland Cod.Ord. 365.02 against Plaintiffs and other limited liability company owners of non-owner occupied rental units.  Granting Plaintiffs' preliminary injunction absolutely serves the public interest because it is imperative that Defendants are enforcing their ordinances against the correct parties.

Defendants Cleveland Municipal Court, Housing Division and Judge Scott are unlawfully enforcing Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) as it relates to 3(B)(4) and effectively prohibiting full access to the court, which is a violation of the Ohio Constitution, Article 1, Section 16 as well as Ohio Revised Code Chapter 1923 and Ohio case law, including *Shaker House LLC v. Daniel*. The public will be greatly served by orders that require courts and judges to follow the law.

## VII.    CONCLUSION

In light of the foregoing, Plaintiffs request that this Honorable Court issue a temporary restraining order and preliminary injunction to maintain the status quo as of February 28, 2025, the last day that BVG Properties, LLC, 7006 Detroit Road, LLC and 1415-1419 W101 LLC's 2024 rental registration certificates were valid as it relates to Plaintiffs claims relative to Cleveland Cod.Ord. Chapter 365.

Plaintiffs further request that this Honorable Court issue a temporary restraining order and preliminary injunction to prohibit Defendant Cleveland Municipal Court, Housing Division and Defendant Judge W. Mona Scott from enforcing Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) as it relates to 3(B)(4).

36

Plaintiffs request that this Court include specific language in the order that identifies both Cleveland Cod.Ord. Chapter 365 as well as Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) as it relates to 3(B)(4). In addition, Plaintiffs request that the Order specifically identify all three Plaintiffs by name, BVG Properties, LLC, 7006 Detroit Road, LLC and 1415-1419 W101 LLC, and that every single address identified below is specifically identified in the order.  Without a specific order, Plaintiffs are extremely concerned that the Cleveland Municipal Court, Housing Division may attempt to argue that the order is inapplicable or unenforceable.

In light of the foregoing, Plaintiffs request that the following Order be issued:

Defendant Cleveland and Defendant Sally Martin aka Sally Martin O'Toole (hereinafter "Defendants") are hereby enjoined, along with their representatives, successors, agents, employees, legal representatives, and any and all other individuals acting for or on behalf of the Defendants from enforcing or attempting to enforce Cleveland Cod.Ord. Chapter 365, Cleveland Cod.Ord. 365.01(k), Cleveland Cod.Ord. 365.02 and Cleveland Cod.Ord. 365.03 against Plaintiffs BVG Properties, LLC, 7006 Detroit Road, LLC and 1415-1419 W101 LLC and from engaging in any conduct that interferes with, threatens, or attempts to interfere with or threaten the Plaintiffs' rights, including Plaintiffs rights under Ohio law and the Ohio Constitution in order to fully protect its rights during the pendency of this case, *BVG Properties, LLC, et al. v. City of Cleveland, et al.,* Case No. 1:25-CV-00430, or until further order by this Court.

Defendant Cleveland Municipal Court, Housing Division and Defendant Judge W. Mona Scott are hereby enjoined along with their representatives, successors, agents, legal representatives, employees, visiting judges of the Cleveland Municipal Court,

37

Housing Division and all current and future Cleveland Municipal Court, Housing Division magistrates as well as any and all other individuals acting for or on behalf of Defendant Cleveland Municipal Court, Housing Division or Defendant Judge Mona Scott from enforcing or attempting to enforce Cleveland Municipal Court, Housing Division Local Rule 3(B)(4) and 3(B)(5) as it relates to 3(B)(4) against Plaintiffs BVG Properties, LLC, 7006 Detroit Road, LLC and 1415-1419 W101 LLC and from engaging in any conduct that interferes with, threatens, or attempts to interfere with or threaten the Plaintiffs' rights, including Plaintiffs rights under Ohio law and the Ohio Constitution in order to fully protect its rights during the pendency of this case, *BVG Properties, LLC, et al. v. City of Cleveland, et al.,* Case No. 1:25-CV-00430, or until further order by this Court.

This Order includes the following addresses for BVG Properties, LLC (Broadview Gardens Apartments):

1. 1620 Pleasantdale Avenue, Cleveland, Ohio 44109

2. 1621 Pleasantdale Avenue, Cleveland, Ohio 44109

3. 1624 Pleasantdale Avenue, Cleveland, Ohio 44109

4. 1625 Pleasantdale Avenue, Cleveland, Ohio 44109

5. 1628 Pleasantdale Avenue, Cleveland, Ohio 44109

6. 1629 Pleasantdale Avenue, Cleveland, Ohio 44109

7. 1632 Pleasantdale Avenue, Cleveland, Ohio 44109

8. 1633 Pleasantdale Avenue, Cleveland, Ohio 44109

9. 1636 Pleasantdale Avenue, Cleveland, Ohio 44109

10. 1637 Pleasantdale Avenue, Cleveland, Ohio 44109

11. 1800 Pleasantdale Avenue, Cleveland, Ohio 44109

12. 1801 Pleasantdale Avenue, Cleveland, Ohio 44109

13. 1804 Pleasantdale Avenue, Cleveland, Ohio 44109

14. 1805 Pleasantdale Avenue, Cleveland, Ohio 44109

15. 1808 Pleasantdale Avenue, Cleveland, Ohio 44109

16. 1809 Pleasantdale Avenue, Cleveland, Ohio 44109

17. 1812 Pleasantdale Avenue, Cleveland, Ohio 44109

18. 1813 Pleasantdale Avenue, Cleveland, Ohio 44109

19. 1816 Pleasantdale Avenue, Cleveland, Ohio 44109

20. 1817 Pleasantdale Avenue, Cleveland, Ohio 44109

21. 1819 Pleasantdale Avenue, Cleveland, Ohio 44109

22. 1820 Pleasantdale Avenue, Cleveland, Ohio 44109

23. 1823 Pleasantdale Avenue, Cleveland, Ohio 44109

24. 1824 Pleasantdale Avenue, Cleveland, Ohio 44109

25. 1900 Pleasantdale Avenue, Cleveland, Ohio 44109

26. 1903 Pleasantdale Avenue, Cleveland, Ohio 44109

27. 1904 Pleasantdale Avenue, Cleveland, Ohio 44109

28. 1907 Pleasantdale Avenue, Cleveland, Ohio 44109

29. 1908 Pleasantdale Avenue, Cleveland, Ohio 44109

30. 2000 Pleasantdale Avenue, Cleveland, Ohio 44109

31. 2001 Pleasantdale Avenue, Cleveland, Ohio 44109

32. 4881 Broadview Road, Cleveland, Ohio 44109

33. 4901 Broadview Road, Cleveland, Ohio 44109

34. 4917 Broadview Road, Cleveland, Ohio 44109

35. 4919 Broadview Road, Cleveland, Ohio 44109

36. 4921 Broadview Road, Cleveland, Ohio 44109

37. 4923 Broadview Road, Cleveland, Ohio 44109

38. 4927 Broadview Road, Cleveland, Ohio 44109

This order includes the following address for 7006 Detroit Road, LLC (The 7006 Detroit Street Apartments):

1. 7006 Detroit Avenue, Cleveland, Ohio 44102

This order includes the following addresses for 1415-1419 W101 LLC (West 101 Street Apartments):

1. 1415 West 101 Street, Cleveland, Ohio 44102

2. 1419 West 101 Street, Cleveland, Ohio 44102

/S/ SARAH S. GRAHAM
Sarah S. Graham, Esq. (0070850)
Attorney for Plaintiffs