IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BVG PROPERTIES, LLC, *et al.*, | ) | CASE NO.: 1:25-CV-00430 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

---

Now comes Defendant City of Cleveland ("City") and Defendant Sally Martin O'Toole, in her official capacity as Director of the Department of Building and Housing, (collectively, "Defendants"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1, and respectfully move this Court to dismiss the Amended Complaint filed by Plaintiff BVG Properties, LLC, Plaintiff 7006 Detroit, LLC, and Plaintiff 1415-1419 West 101, LLC ("Plaintiffs") (*Doc. 8, PageID #276-305*). Plaintiffs cannot succeed on any claims against the Director in her official capacity. Plaintiffs are not entitled to the relief that they seek in Count I of the Amended Complaint for declaratory or injunctive relief. Plaintiffs failed to state plausible claims under *42 U.S.C. §1983* in Counts II through IV. This Court should decline to exercise jurisdiction under *28 U.S.C. §1367*, and should dismiss all state law claims, without prejudice.

Respectfully submitted,


By:   /s/ J.R. Russell
      William M. Menzalora (0061136)
      Chief Assistant Director of Law
      James R. Russell, Jr. (0075499)
      Chief Assistant Director of Law
      Gilbert E. Blomgren (0065240)
      Assistant Director of Law
      City of Cleveland, Dept. of Law
      601 Lakeside Avenue, Room 106
      Cleveland, Ohio 44114-1077
      Tel: (216) 664-2800
      WMenzalora@clevelandohio.gov
      JRussell2@clevelandohio.gov
      GBlombren@clevelandohio.gov
      *Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………....iv-vi

STATEMENT OF ISSUES……………………………………...…………….....vii

SUMMARY OF THE ARGUMENT PRESENTED..………………..……………viii

STATEMENT OF THE CASE...………………………………..……………………1

ARGUMENT………………………………………..……..……………...…..2

    I.    Legal Standard ..................................................................................2

    II.    Plaintiffs cannot succeed on any of their claims against
    Defendant Martin O'Toole ...............................................................4

    III.    This Court should dismiss all of Plaintiffs' claims for declaratory and
    injunctive relief contained in Count I of the Amended Complaint..............4

        A.    This Court's precedent indicates that dismissal of the claims for
        declaratory relief is the proper course of action ............................5

        B.    This Court should dismiss this entire action under abstention
        doctrines such as *Pullman* ................................................6

    IV.    Plaintiffs failed to plead sufficiently plausible §1983 claims in
    Counts II through V. ......................................................................7

        A.    Plaintiffs failed to plead a plausible Equal Protection
        § 1983 claim...................................................................7

        B.    Plaintiffs failed to plead a plausible Due Process
        § 1983 claim...................................................................10

    V.    Plaintiffs' state law claims should be dismissed without prejudice, for lack
    of jurisdiction ...........................................................................13

CONCLUSION…………..…………………………………………..………….....14

CERTIFICATE OF LOCAL RULE COMPLIANCE……………...…..…..………..15

CERTIFICATE OF SERVICE……………………………….…………………15

# TABLE OF AUTHORITIES

**Cases Cited**                                                                 **Page**

*Ada-Cascade Watch Co. v. Cascade Res. Recovery, Inc.*,
720 F.2d 897 (6th Cir. 1983)………………………………………………………6

*Admiral Ins. Co. v. Fire-Dex, LLC*,
2022 WL 16552973 (N.D. Ohio Oct. 31, 2022)…………………………………5, 13

*Allen v. IRS Comm'r*, 624 F.Supp.2d 689 (N.D. Ohio 2008)…………………………..3

*Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001)…………………………………..4

*AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004)…………………………………..5

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)…………………………………..3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)…………………3, 4, 13

*Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974 (6th Cir. 2012)…………………9

*Bench Billboard Co. v. City of Toledo*, 499 Fed.Appx. 538 (6th Cir. 2012)………………9

*Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564 (6th Cir. 2008)…………………9, 10, 11

*City of Los Angeles AIHM Hotel/Motel Ass'n v. City of Los Angeles*,
2019 WL 790035 (C.D. Cal. Nov. 1, 2019)…………………………………………....8

*Coleman v. Wirtz*, 745 F.Supp. 434 (N.D. Ohio 1990)…………………………………..13

*Commercial Money Ctr., Inc. v. Ill Union Ins. Co.*, 508 F.3d 327 (6th Cir. 2007)…..2, 3, 4

*Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631 (6th Cir. 2007)………………...3

*EJS Props., LLC v. City of Toledo*, 698 F.3d 845 (6th Cir. 2012)……………………10, 11

*Fowler v. Benson*, 924 F.3d 247 (6th Cir. 2019)…………………………………………..6

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984)…………..5

*Green Genie, Inc. v. City of Detroit*, 63 F.4th 521 (6th Cir. 2023)…………………...11, 12

*Harris Cty. Comm'rs Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870 (1975)…………...........13

iv

*Hotop v. City of San Jose*, 982 F.3d 710 (9th Cir. 2020)……………………………………..7

*Kohn v. Glenmede Tr. Co., N.A.*, 2020 WL 2104552 (N.D. Ohio May 1, 2020)…………4

*Kouider on behalf of Y.C. v. Parma City Sch. Dist. Bd. of Educ.*,
480 F.Supp.3d 772 (N.D. Ohio 2020)……………………………………………………..4

*Kubala v. Smith*, 984 F.3d 1132 (6th Cir. 2021)………………………………………12

*Loesel v. City of Frankenmuth*, 692 F.3d 452 (6th Cir. 2012)……………………………..8

*Marvin v. City of Taylor*, 509 F.3d 234 (6th Cir. 2007)………………………………...7

*Newsom v. Golden*, 602 F.Supp.3d 1073 (M.D. Tenn. 2022)……………………………4

*Nunn v. Lynch*, 113 Fed.Appx. 55 (6th Cir. 2004)………………………………………..12

*Pratt Land & Dev., LLC v. City of Chattanooga*, 581 F.Supp.3d 962 (E.D. Tenn. 2022)..8

*Printup v. Dir. Ohio Dep't of Job & Family Servs.*,
654 Fed.Appx. 781 (6th Cir. 2016)………………………………………………...11, 12

*Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643 (1941)………………..6

*Red Zone 12, LLC v. City of Columbus*, 758 Fed. Appx. 508 (6th Cir. 2019)………..2, 3, 4

*Rieg v. Village of Seville*, 725 F.Supp.3d 758 (N.D. Ohio 2024)…………………………8

*Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011)……………………..8, 9

*San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278 (1973)…………11

*San Francisco Apartment Ass' v. City & Cnty. of San Francisco*,
881 F.3d 1169 (9th Cir. 2018)…………………………………………………………..9

*TriHealth, Inc. v. Bd. of Comm'rs Hamilton Cnty.*, 430 F.3d 783 (6th Cir. 2005)…........8, 9

*United States v. Moriarty*, 8 F.3d 329 (6th Cir. 1993)………………………………….3

**Rules Cited**

*Fed.R.Civ.P. 12*……………………………………………………………………2, 3

**Statutes Cited**

*28 U.S.C. § 1331*……………………………………………………………………..1

*28 U.S.C. § 1367*………………………………………………………………..1, 12, 13

*28 U.S.C. § 2201*……………………………………………………………………..1, 5

*28 U.S.C. § 2202*……………………………………………………………………..1, 4

*42 U.S.C. § 1983*…………………………………...……………….............. passim*

*Cleveland Cod.Ord. 365.01*……………………………………...…………………passim*

*Cleveland Cod.Ord. 365.02*…………………………………………..……………passim*

## STATEMENT OF THE ISSUES

1. Federal Courts are courts of limited jurisdiction. Where the claims and issues involved are predominantly those relating to the application and interpretation of state law, should the district court exercise jurisdiction over the claims for declaratory and injunctive relief?

2. Whether Plaintiffs can maintain separate claims against the Director of Building and Housing in her official capacity?

3. Under the Declaratory Judgment Act, litigants do not possess an absolute right to bring a federal lawsuit for declaratory judgment. This Court will use the five-factor *Grand Trunk* test to determine if jurisdiction is proper. Whether this Honorable Court will be able to reach the merits of any claims for declaratory relief in light of this Court's prior ruling?

4. Abstention may be an appropriate resolution of certain cases involving interpretations and applications of state law. Whether Plaintiffs can continue with the merits of this case in light of firmly established abstention doctrines such those described as *Pullman, Younger, Burford,* or *Colo. River* abstentions?

5. A federal court may either stay or dismiss claims under various abstention doctrines. Whether Plaintiffs sufficiently argued their federal law claims to permit this Court to continue to exercise jurisdiction over their claims?

6. Whether Plaintiffs plausibly pled § 1983 claims under the Equal Protection Clause against the City?

7. Whether Plaintiffs plausibly pled § 1983 claims for substantive due process violations against the City?

vii

8. Whether Plaintiffs plausibly plead § 1983 claims for procedural due process violations against the City?

9. Should the district court exercise jurisdiction over novel issues of state law or state law claims that predominate over any claims upon which could form a basis of original jurisdiction?

## SUMMARY OF THE ARGUMENT PRESENTED

Plaintiffs will not be able to establish a separate claim against the Director of the Department of Building and Housing in her official capacity. She should be dismissed as a party to this action.

This Court should not even reach the merits of Plaintiffs' declaratory or injunctive relief claim. Under the Declaratory Judgment Act, litigants do not possess an absolute right to bring a lawsuit for declaratory judgment. This Court may determine that it should not exercise jurisdiction over Plaintiffs' claims for declaratory or injunctive relief. This Court's prior decision in *Admiral Ins. Co. v. Fire-Dex, LLC*, is directly on point for the analysis in this case. This Court should dismiss the claim for declaratory judgment just as it did in that case. Based on the *Grand Trunk* factors, it is not appropriate to entertain such claims in federal court. For similar reasons, abstention is an appropriate resolution for cases predominantly involving interpretations and applications of state law. This Court should dismiss Plaintiffs' claims in light of abstention doctrines, such as *Pullman*.

Plaintiffs cannot establish the elements necessary for their § 1983 claims contained in Counts I through V. They did not plead plausible claims based on the Equal Protection Clause. They did not present facts that these particular Plaintiffs are being adversely treated from all those who are similarly situated to them in all material

respects. Plaintiffs did not state facts that would challenge any conceivable rational basis for the ordinances. Plaintiffs did not plead plausible claims under the Due Process Clause. They did not plead an interference with a fundamental or similarly federally protected right. They did not make the necessary showing that the ordinances capriciously harmed them or deprived them of all appropriate notice and opportunity to be heard. The Court should dismiss the federal claims alleged, as a matter of law.

Finally, whether or not the Court dismisses the claims that form the basis of this Court's original jurisdiction, Plaintiffs raise novel issues of state law that substantially predominate over any other stated claims in this litigation. This is especially true if this Court dismisses the § 1983 claims. This Court should dismiss all state law claims, for lack of jurisdiction. Therefore, this Court should dismiss Plaintiffs' Amended Complaint.

## MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF MOTION TO DISMISS

### STATEMENT OF THE CASE

Plaintiffs filed this action against Defendants on March 4, 2025 (*Doc. 1, PageID #1-27*). This Court issued an order to counsel and the parties that the "Court will not accept ex parte telephone calls to Chambers regarding substantive issues in pending cases. The Court speaks through its docket." (*Order, non-document, March 4, 2025*).

Defendants issued a signed waiver of service to Plaintiffs on or about March 12, 2025 (*Doc. 4, PageID #45*). Plaintiffs filed the same on March 21, 2025 (*Doc. 4-5*). Defendants have leave until 60 days from March 7, 2025 to plead or otherwise respond to Plaintiffs' Complaint. *Id.* Defendants filed this timely Motion to Dismiss.

On the evening of March 31, 2025, Plaintiffs filed an Amended Complaint (*Doc. 8, PageID #276-305*). Plaintiffs added the Cleveland Municipal Court and Judge W. Mona Scott as parties. *Id., PageID #276-277*). Plaintiffs claimed that this Court had jurisdiction over this matter pursuant to Sections 1331, 1367, 2201, and 2202 of the United States Code. *Id., PageID #279.* Later the next day, Plaintiffs moved to dismiss only their claims against Cleveland Municipal Court and Judge W. Mona Scott, without prejudice (*Doc. 12*).

Plaintiffs alleged that the City began the process of enacting new legislation relative to building and housing in 2023 (*Doc.8, PageID #279, Complaint, ¶24*). The new legislation was passed on February 5, 2024, revising several existing provisions in Cleveland Cod.Ord. 365 as "Rental Registration and Lead-Safe Certification." *Id., PageID #279-280, ¶ 27-31.* The ordinances require owners of rental property to register their rental properties with the City. *Id., PageID #281, ¶ 36.* The legislation required

1

owners to provide the City with documentation in order to be issued a certificate approving rental occupancy. *Id., PageID #285, ¶ 38-39*. Owners of rental property have to be current on property taxes, utility bills, and compliant with other ordinances. *Id.* The City requires all landlords to register their residential rental properties and pay the registration fees via an online portal. *Id., PageID #288, ¶ 53*. Plaintiffs argue they are harmed by enforcement of Cleveland Cod.Ord. Chapter 365, "which necessarily requires Plaintiffs to waive rights afforded to them under the U.S. Constitution, federal law, the Ohio Constitution and Ohio law, may result in the assessment of fines, criminal prosecution and other penalties under the law." *Id., PageID #288-289, ¶ 59*.

On April 28, 2025, Defendants filed their Memorandum in Opposition to Plaintiffs' Motion for a Preliminary Injunction (*Doc. 25, PageID #1452-1490*). Defendants presented reasons why Plaintiffs cannot establish a separate claim against the Director of Building and Housing in her official capacity. *Id., PageID #1461*. Defendants set forth the reasons why this Court should dismiss Plaintiffs' claims for injunctive and declaratory relief. *Id., PageID #1462*. Finally, Defendants presented reasons why Plaintiffs did not set forth plausible § 1983 claims against the City. *Id.* That law and the arguments in opposition to the request for a preliminary injunction also apply as to why this Honorable Court should dismiss Plaintiffs' Amended Complaint.

## ARGUMENT

### I. Legal Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *Fed.R.Civ.P.12(b)(6)*. It may also dismiss a claim over which it lacks subject matter jurisdiction. *Fed.R.Civ.P.12(b)(1)*. The "complaint must contain direct or inferential

2

allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (*quoted by Red Zone 12, LLC v. City of Columbus*, 758 Fed. Appx. 508, 512 (6th Cir. 2019)).

To be sure, a trial court construes the complaint in the light most favorable to the nonmoving party, accepts the well-pled factual allegations as true, and determines whether the complaint contains enough facts to make the legal claims facially plausible. *Id., citing United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). A "district court may, at any time, *sua sponte* dismiss a complaint for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Allen v. IRS Comm'r*, 624 F.Supp.2d 689, 692 (N.D. Ohio 2008) (*citations omitted*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully" but is "not akin to a probability requirement." *Id.*

The trial court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Red Zone 12, LLC, supra.*, 758 Fed. Appx. at 513 (*citing*

3

*Commercial Money Ctr.*, 508 F.3d at 336). Although the trial court "primarily considers the allegations in the complaint," it may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint…" *Id.,* (quoting *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)).

## II. Plaintiffs cannot succeed on any of their claims against Defendant Martin O'Toole.

This Honorable Court should dismiss all of the official capacity claims against Defendant Martin O'Toole in their entirety (*Memorandum, Doc. 25, PageID #1468*). When a § 1983 complaint asserts a claim against a government entity and a government official in his official capacity, federal courts will dismiss the official capacity claim. *Kouider on behalf of Y.C. v. Parma City Sch. Dist. Bd. of Educ.*, 480 F.Supp.3d 772, 780 (N.D. Ohio 2020). Plaintiffs brought their claims against "Sally Martin O'Toole in her official capacity as Director of Department of Building and Housing for Cleveland." (*Doc. 8, PageID #276*). This Court should dismiss the official capacity claims.

## III. This Court should dismiss all of Plaintiffs' claims for declaratory and injunctive relief contained in Count I of the Amended Complaint.

Federal courts are courts of limited jurisdiction, and the district court must proceed cautiously in determining that it has subject matter jurisdiction. *Kohn v. Glenmede Tr. Co., N.A.*, Case No. 1:19CV1352, 2020 WL 2104552, *5 (N.D. Ohio May 1, 2020); *Newsom v. Golden*, 602 F.Supp.3d 1073, 1086 (M.D. Tenn. 2022). The allegations in the Amended Complaint do not set forth an entirely clear argument as to whether Plaintiffs seek a declaratory judgment under state law or federal law (*Doc. 8, PageID #289-295*). Plaintiffs make passing references to both the Ohio Constitution and the United States Constitution. *Id., PageID #293*. However, Plaintiffs contend that they request relief in this action "pursuant to Fed.R.Civ.P. 65 and 28 U.S.C. 2202…" *Id.,*

4

*PageID #293-294*. Under the Declaratory Judgment Act and applicable abstention doctrines, this Court should decline to exercise jurisdiction over all claims contained in Count I (*Doc. 25, PageID # 1469-1481*).

### A.    This Court's precedent indicates that dismissal of the claims for declaratory relief is the proper course of action.

"Under the Declaratory Judgment Act, litigants do not possess an absolute right to bring a lawsuit for declaratory judgment." *Admiral Ins. Co. v. Fire-Dex, LLC*, Case No. 22-CV-1087-PAB, 2022 WL 16552973, *3 (N.D. Ohio Oct. 31, 2022), *aff'd*, 2023 WL 3963623 (6th Cir. June 13, 2023) (*citing 28 U.S.C. § 2201*). This Court previously used the Sixth Circuit's five-factor test – commonly referred to as the "*Grand Trunk* factors*" – to determine that the case should be dismissed *Id.*, *9 (*also citing AmSouth Bank v. Dale*, 386 F.3d 763, 784-785 (6th Cir. 2004)); *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). This Court mentioned that issues of comity are apparent even when there are not ongoing parallel state court proceedings. *Id.*, *7. Courts should be particularly concerned when no state or federal courts have heard cases relating to the specific factual issues at issue or the "dynamic questions and theories of liability" at work. *Id.*

The central thrust of Plaintiffs' argument is that under a pure interpretation of state law they need not "comply with any obligation imposed upon owners in Cleveland Cod.Ord. Chapter 365." (*Doc. 23, PageID #1208*). They express a belief that under state law "Plaintiffs are not owners as defined by Cleveland Cod.Ord. 365.01(l) and are therefore not required to comply with any obligation imposed upon owners in Cleveland Cod.Ord. Chapter 365." *Id., PageID #1208*. They specifically request injunctive and declaratory relief at the preliminary stage of this case "under Ohio law and the Ohio

Constitution..." without any mention of federal law or the U.S. Constitution (*Doc. 10, PageID #551, Doc. 15, PageID #843*). The requested relief also has a great potential of running afoul of the Anti-Injunction Act, even if Judge Scott is no longer a party to this action. This Court's entertainment of Plaintiffs' declaratory judgment action would improperly encroach on Ohio state jurisdiction (*Memorandum in Opposition, Doc. 25, PageID #1477-1479*).

> **B.      This Court should dismiss this entire action under abstention doctrines such as *Pullman*.**

The "Supreme Court held that abstention may be appropriate where the resolution of uncertain state law issues could moot a federal constitutional issue or cause it to be presented in a different posture." *Ada-Cascade Watch Co. v. Cascade Res. Recovery, Inc.*, 720 F.2d 897, 902 (6th Cir. 1983) (*citing Railroad Commission v. Pullman Co.*, 312 U.S. 496, 501, 61 S.Ct. 643 (1941)). The *Pullman* doctrine "instructs courts to avoid exercising jurisdiction in cases involving an ambiguous state statute that may be interpreted by state courts so as to eliminate, or at least alter materially, the constitutional question raised in federal court." *Fowler v. Benson*, 924 F.3d 247, 255 (6th Cir. 2019).

Plaintiffs' lawsuit and request for a preliminary injunction fits perfectly within the types of cases subject to the abstention doctrines. Their primary argument is that the ordinances do not apply to them. If they do not apply (as Plaintiffs argue), then this Court has no need to give an advisory opinion as to the constitutionality of the ordinance as applied to them. State court interpretation of this purely state law issue precedes any federal constitutional issue. Plaintiffs concede that they often appear in proceedings before the Cleveland Municipal Court where issues relating to these specific ordinances can be raised, argued, and potentially adjudicated (*Am. Complaint, Doc. 8, PageID #294-*

*295*). Plaintiffs do not allege sufficient violations of the U.S. Constitution in Count I that could justify a declaratory judgment under federal law (*Memorandum in Opposition, Doc. 25, PageID #1481-1484*). This Court should abstain and let the state courts resolve this unsettled issue of state law (*Doc. 25, PageID #1479-1481*).

## IV. Plaintiffs failed to plead sufficiently plausible § 1983 claims in Counts II through V.

In order to bring a § 1983 claim, a plaintiff must demonstrate a violation of its constitutional rights. *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007). "If there is no constitutional violation, then the plaintiff's § 1983 claim fails as a matter of law." *Id.* Plaintiffs did not present federal constitutional violations in the Amended Complaint.

Plaintiffs made the conclusory allegation in Count II that the City's actions violated their "equal protection and due process rights under" the Fourteenth Amendment (*Doc. 8, PageID #296*). Plaintiffs allege in Count III that "waiving the local agent in charge requirement for individuals" but forcing entities to designate one also violates those same rights (*Doc. 8, PageID #297*). Plaintiffs allege in Counts IV and V that the City violated their rights by distinguishing between owners with "non-owner occupied rental units with four or more residential units in a building…" and "property owners who own non-owner occupied rental units in a building with three or less rental units." *Id., PageID #298-299*.

### A. Plaintiffs failed to plead a plausible Equal Protection § 1983 claim.

When buying a piece of property, one cannot reasonably expect that property to be free of government regulation. *Hotop v. City of San Jose*, 982 F.3d 710, 716 (9th Cir. 2020). Most equal protection claims are analyzed under the rational basis test. *Hotop, supra.*, 982 F.3d at 717.

7

Under a rational basis review, defendant "has no obligation to produce evidence to sustain the rationality of its actions; its choice is presumptively valid and may be based on rational speculation unsupported by evidence or empirical data." *Pratt Land & Dev., LLC v. City of Chattanooga*, 581 F.Supp.3d 962, 979 (E.D. Tenn. 2022) (*quoting Loesel v. City of Frankenmuth*, 692 F.3d 452, 465 (6th Cir. 2012)). Plaintiff bears a heavy burden of showing an absence of a rational basis. *Id.* It must be "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011). Generally a showing is made by either negativing every conceivable reason for the government's actions or by demonstrating that the actions were motivated by animus or ill-will. *Id. See also City of Los Angeles AIHM Hotel/Motel Ass'n v. City of Los Angeles*, Case No. CV 18-1295, 2019 WL 790035, *4 (C.D. Cal. Nov. 1, 2019), *aff'd* 852 Fed.Appx. 284 (9th Cir. 2021) (landlord ordinance was rationally related to the legitimate government purpose of protecting vulnerable tenants); *Rieg v. Village of Seville*, 725 F.Supp.3d 758, 765 (N.D. Ohio 2024) (plaintiffs failed to allege there was no rational basis for the difference in treatment for the zoning ordinances).

It's always possible for persons aggrieved by government action to allege they were treated differently from others, "with regard to everything from zoning to licensing to speeding to tax evaluation." *Pratt Land, supra.*, 581 F.Supp.3d 962, 977 (*quoting Loesel*, 692 F.3d 452, 462). These claims must be carefully circumscribed so as to not provide a federal cause of action to review every executive or administrative decision made by governments. *Id.*

Disparate treatment is reasonably justified if those compared are dissimilar in some material respect. *TriHealth, Inc. v. Bd. of Comm'rs Hamilton Cnty.*, 430 F.3d 783, 790 (6ᵗʰ Cir. 2005) (when there is no suspect class, governmental action under the rational basis test must be sustained if there is *any* conceivable basis rationally to support it); *San Francisco Apt. Ass'n v. City & Cnty. of San Francisco*, 881 F.3d 1169, 1179 (9ᵗʰ Cir. 2018) (landlords are not a protected class). Without sufficiently plausible allegations about similarly situated persons, the complaint fails to state a viable claim. *Rondigo, LLC, supra.*, 641 F.3d 673, 684 (6ᵗʰ Cir. 2011); *Tri-Corp. Mgmt. Co. v. Praznik*, 33 Fed.Appx. 742, 746 (6ᵗʰ Cir. 2002); *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 575 (6ᵗʰ Cir. 2008) (plaintiff failed to allege any specific examples of similarly situated individuals or proposed rezoning that was similar in scale or impact, and court did not even need to get to the question of a rational basis).

The materiality is key. *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 987 (6ᵗʰ Cir. 2012). A court should not demand exact correlation when determining whether two are similarly situated. *Id.*, (not similarly situated because they provided distinct products or services to a different customer base); *Bench Billboard Co. v. City of Toledo*, 499 Fed.Appx. 538, 548 (6ᵗʰ Cir. 2012) (entities that place advertisements in the public right of way were not similarly situated for purposes of the Equal Protection Clause); *TriHealth, supra.*, 430 F.3d at 790 (facts that one provided more indigent care, was a teaching hospital, and was exclusively in an urban core were enough for the private hospitals to not be similarly situated in certain respects).

In this case, Plaintiffs do not present a sufficient factual basis that they suffered from adverse treatment that was different from all of those like them in all material

aspects. They are landlords who have material differences with those who also personally live on the same premises that they are renting (*Doc. 8, PageID #296*). Plaintiffs are for-profit business entities that are easily distinguishable from individuals or government agencies who do not operate in the same exact line of business. *Id.* Individuals who are local do not need a local agent in charge, because they can easily be their own individual point of contact. Individuals are natural persons, not a creation of the state. *Id., PageID #297*. Further, those who own multiple units within one building are not similarly situated from those who only own a few rental units. *Id., PageID #298-300*. Plaintiffs did not state a sufficient factual basis for this Court to conclude that these Plaintiffs were treated differently from another who is similarly situated all material respects. This is especially true as Plaintiffs use an as applied challenge to the ordinances for alleged "rights afforded to Plaintiffs" and claim the ordinances cannot be enforced "against Plaintiffs." (*Doc. 8, PageID #303*). They did not present any facts that could satisfy the heavy burden of establishing that the ordinances were completely without any conceivable and rational basis. This Court should dismiss these claims.

**B.      Plaintiffs failed to plead a plausible Due Process § 1983 claim.**

In order to state a substantive due process claim, a plaintiff must generally establish: 1) a constitutionally protected property or liberty interest exists, and 2) the constitutionally protected interest has been deprived through arbitrary and capricious action. *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 861 (6th Cir. 2012) (*quoting Braun, supra.*, 519 F.3d at 573). The purpose of substantive due process is to protect individual liberty against certain government actions regardless of the fairness of the procedures used to implement them. *EJS Props., LLC, Id.,* 698 F.3d at 855. Federal

constitutional law "determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Id.*, 855-856.

A "fundamental right" is a right either explicitly or implicitly guaranteed by the Constitution. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 33, 93 S.Ct. 1278 (1973). Permit approval and an alleged "right in government procedure" generally cannot form the basis of a Fourteenth Amendment due process claim. *Green Genie, Inc. v. City of Detroit*, 63 F.4th 521, 527 (6th Cir. 2023) (city applied the same method of measurement to all comparable applicants).

Plaintiffs did not plausibly allege fundamental rights or constitutionally protected liberty interests that have been impacted by the City's actions. They claim "the local agent in charge" has a right to remain silent (*Am. Complaint, Doc. 8, PageID #290, ¶ 70*). Plaintiffs allege the local agent in charge is forced to sign a form where the local agent in charge accepts responsibility with the owner. *Id.* Even if these were adequately alleged fundamental rights, it is not Plaintiffs' rights unless they were designated as local agents in charge. Plaintiff allege the ordinances disrupt "Plaintiffs' free will" (*Doc. 8, PageID # 291, ¶ 74*). Plaintiffs allege the ordinances create "restrictions and/or contingencies on Plaintiffs' properties." *Id., PageID #292, ¶ 82*. Finally, Plaintiffs claim they are required to submit "irrelevant and unnecessary documentation." *Id., PageID #293, ¶ 85.* None of Plaintiffs' factual allegations implicate the specific types of fundamental rights that could form a basis for a substantive due process claim (*Doc. 25, PageID #1481-1485*).

Under either due process theory, plaintiff must show a deprivation of a constitutionally protected right. *Green Genie, supra.*, 63 F.4th 521, 526; *Printup v. Dir. Ohio Dep't of Job & Family Servs.*, 654 Fed.Appx. 781, 786-787 (6th Cir. 2016) (a

procedural claim is a deprivation of a protected liberty or property interest that occurred without due process of law). A plaintiff may not generally seek "relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress her due process violations." *Nunn v. Lynch*, 113 Fed.Appx. 55, 61 (6th Cir. 2004). Plaintiffs do not specify how they would be denied any due process from the ordinance (*Am. Complaint, Doc. 8, PageID #296-300*).

Notwithstanding, Plaintiffs completely ignore the potential available for administrative review in Cleveland Cod.Ord. 365.02(e). If Plaintiffs believe the Director makes an error in determining that a "structure that was covered by it is no longer in compliance with the requirements of the Code, or if the owner, agent, or person in charge of the structure refuses to comply with any provision of this Code required for the use…" Plaintiffs "may appeal the Director's action to the Board of Zoning Appeals…" *Cleveland Cod.Ord. 365.02(e)*. Plaintiffs have an administrative proceeding available to them to efficiently assert these specific issues arising under state law.

In addition, Plaintiffs claim that they anticipate civil or criminal proceedings filed against them by the City for failure to comply with the ordinances. Plaintiffs also claim that the Cleveland Municipal Court may address these issues in pending eviction proceedings, e.g. whether Plaintiffs have a duty to seek rental registration certificates. All of the claims that Plaintiffs bring in this case – particular those nuances of statutory interpretation under Ohio law – can be raised as defenses in any state enforcement proceedings between the parties or in pending or soon to be filed eviction proceedings. Plaintiffs do not allege that they would be deprived of adequate notice or an opportunity to be heard in any of these administrative or state court proceedings.

Therefore, this Court should dismiss Plaintiffs' claims brought pursuant to the Fourteenth Amendment.

## V.    Plaintiffs' state law claims should be dismissed without prejudice, for lack of jurisdiction.

If it appears that the state issues "substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021). *See also 28 U.S.C. § 1367(c)(1)-(2)* (district court may decline to exercise supplemental jurisdiction over a claim if it raises a novel issue of state law, or substantially predominates of the claims that could form a basis of original jurisdiction). When "the state law claims predominate, there will be a surer footed reading of state law in state court…and principles of comity to the states are strong." *Coleman v. Wirtz*, 745 F.Supp. 434, 441 (N.D. Ohio 1990), *aff'd*, 985 F.2d 559 (6th Cir. 1993); *Harris Cty. Comm'rs Court v. Moore*, 420 U.S. 77, 83-84, 95 S.Ct. 870 (1975).

As discussed above, this Honorable Court should dismiss the entire case under the relevant abstention doctrines. Even if it did not, Plaintiffs did not establish a sufficient basis for this Court to exercise original jurisdiction over this matter. Plaintiff raises issues of first impressions under state law. These claims substantially predominate over all other claims. This is especially true if this Court dismisses all federal claims raised in the Amended Complaint based on *Twombly*. Defendants request that this Court dismiss all state law claims without prejudice, for lack of jurisdiction.

13

## CONCLUSION

For all the above reasons, Defendants request that this Court dismiss all of Plaintiffs' claims in the Amended Complaint. Plaintiffs cannot maintain claims against the Director of the Department of Building and Housing, while also suing the City. This Court should dismiss all claims for declaratory or injunctive relief under this Court's precedent in *Admiral Ins. Co. v. Fire-Dex, LLC*, Case No. 22-CV-1087-PAB, 2022 WL 16552973 (N.D. Ohio Oct. 31, 2022). This Court could dismiss the Amended Complaint in its entirety based on abstention grounds. In the alternative, this Court should grant Defendants' Motion to Dismiss on the merits of all § 1983 claims in the Amended Complaint, and then dismiss all state law claims in Counts VI through VIII without prejudice.

Respectfully submitted,


By:     */s/ J.R. Russell*
        William M. Menzalora (0061136)
        Chief Assistant Director of Law
        James R. Russell, Jr. (0075499)
        Chief Assistant Director of Law
        Gilbert E. Blomgren (0065240)
        Assistant Director of Law
        City of Cleveland, Dept. of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Tel: (216) 664-2800
        WMenzalora@clevelandohio.gov
        JRussell2@clevelandohio.gov
        GBlombren@clevelandohio.gov

        *Attorneys for Defendants*

14

## LOCAL RULE CERTIFICATION

This case is not currently assigned to any track.  The Memorandum conforms to the page limitations for Motions, in compliance with Local Rule 7.1(f).

*/s/ J.R. Russell*
James R. Russell, Jr. (0075499)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 6th day of May, 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ J.R. Russell*
James R. Russell, Jr. (0075499)