IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BVG PROPERTIES, LLC, *et al.*, | ) | CASE NO.: 1:25-CV-00430 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Now come Defendant City of Cleveland ("City") and Defendant Sally Martin O'Toole, in her official capacity as Director of the Department of Building and Housing, (collectively, "Defendants"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1 and this Court's Order issued May 12, 2025, and submit that Plaintiff BVG Properties, LLC, Plaintiff 7006 Detroit, LLC, and Plaintiff 1415-1419 West 101, LLC ("Plaintiffs") did not demonstrate that they asserted viable claims in this forum in their Amended Complaint (*Doc. 8, PageID #276-305, Doc. 30, PageID #1523-1564*). Plaintiffs cannot succeed on any claims against the Director. Plaintiffs are not entitled to the relief that they seek in Count I of the Amended Complaint for declaratory or injunctive relief. Plaintiffs failed to state plausible claims under *42 U.S.C. §1983* in

Counts II through IV. This Court should decline to exercise jurisdiction under *28 U.S.C. §1367*, and should dismiss all state law claims, without prejudice.

                                      Respectfully submitted,

By:   */s/ J.R. Russell*
      William M. Menzalora (0061136)
      Chief Assistant Director of Law
      James R. Russell, Jr. (0075499)
      Chief Assistant Director of Law
      Gilbert E. Blomgren (0065240)
      Assistant Director of Law
      City of Cleveland, Dept. of Law
      601 Lakeside Avenue, Room 106
      Cleveland, Ohio 44114-1077
      Tel: (216) 664-2800
      WMenzalora@clevelandohio.gov
      JRussell2@clevelandohio.gov
      GBlomgren@clevelandohio.gov
      *Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………......iv-v

ARGUMENT………………………………………………..…….……………...….1

I. Plaintiffs cannot succeed on any of their claims against Defendant Martin O'Toole ......................................................................1

II. This Court should dismiss all of Plaintiffs' claims for declaratory and injunctive relief contained in Count I of the Amended Complaint.............1

A. This Court's precedent indicates that dismissal of the claims for declaratory relief is the proper course of action .............................5

B. This Court should dismiss this entire action under abstention doctrines such as *Pullman*............................................................8

III. Plaintiffs failed to plead sufficiently plausible §1983 claims in Counts II through V. ........................................................................9

A. Plaintiffs failed to plead a plausible Equal Protection § 1983 claim.....................................................................11

B. Plaintiffs failed to plead a plausible Due Process § 1983 claim.....................................................................11

V. Plaintiffs' state law claims should be dismissed without prejudice, for lack of jurisdiction ..........................................................................13

CONCLUSION………..………………………………………………….………...13

CERTIFICATE OF LOCAL RULE COMPLIANCE………………...……..…………..14

CERTIFICATE OF SERVICE……………………………………….………………….15

## TABLE OF AUTHORITIES

**Cases Cited** **Page**

*Admiral Ins. Co. v. Fire-Dex, LLC*,
2022 WL 16552973 (N.D. Ohio Oct. 31, 2022)……………………………………..3, 5, 13

*Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414 (6th Cir. 2007)………3

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)…………………………………..9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)………………………….9

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058 (2003)…………………3, 4

*Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564 (6th Cir. 2008)………………………….12

*Brown v. Tidwell*, 169 F.3d 330 (6th Cir. 1999)…………………………………………….8

*Brown v. VHS of Michigan, Inc.*, 545 Fed. Appx. 368 (6th Cir. 2013)…………………9, 10

*Catholic Health Partners v. CareLogistics, LLC*, 973 F.Supp.2d 787 (N.D. Ohio 2013)….4

*City of Plaquemine v. Team Health Holdings, Inc.*, 2024 WL 1346986
(E.D. Tenn. Mar. 29, 2024)…………………………………………………………...4

*Collins v. City of Harker Heights*, 503 U.S. 115, 112 S.Ct. 1061 (1992)…………………12

*Conte v. White*, 2024 WL 83030 (N.D. Ohio Jan. 8, 2024)………………………………..9

*EJS Props., LLC v. City of Toledo*, 698 F.3d 845 (6th Cir. 2012)……………………11, 12

*Encore Furniture Thrifts & Moore, LLC*, 281 F.Supp.2d 665 (M.D. Tenn. 2017)………..4

*Equity Plan. Corp. v. Westfield Ins. Co.*, 2020 WL 5909806 (N.D. Ohio Oct. 6, 2020)..4, 5

*Fire-Dex, LLC v. Admiral Ins. Co.*, --- F.4th ---- (6th Cir. 2025)………………………2, 3

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. For S. California*,
463 U.S. 1, 103 S.Ct. 2841 (1983)……………………………………………………2

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984)…………...4

*Harris Cty. Comm'rs Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870 (1975)………….........8

*Hicks v. Concorde Career Coll.*, 449 Fed. Appx. 484 (6th Cir. 2011)……………………..10

*Hotop v. City of San Jose*, 982 F.3d 710 (9th Cir. 2020)…………………………………...11

*King v. Sloane*, 545 F.2d 7 (6th Cir. 1976)………………………………………………1

*Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833 (6th Cir. 2024)…………….9

*Pub. Serv. Comm. of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236 (1952)……………..2

*Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643 (1941)……………..8, 9

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876 (1950)………………2

*Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209 (1974)………………………………..5

*Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed.Appx. 826 (6th Cir.2009)………..12

*TriHealth, Inc. v. Bd. of Comm'rs Hamilton Cnty.*, 430 F.3d 783 (6th Cir. 2005)…...........11

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386 (6th Cir. 2019)………………5

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995)……………………1, 2, 3

**Constitution and Statutes Cited**

*U.S. Const. amend. XIV, § 1*………………………………………………………..11

*28 U.S.C. § 1331*…………………………………………………………………..2

*28 U.S.C. § 1367*…………………………………………………………………..ii

*28 U.S.C. § 2201*…………………………………………………………………..3

*42 U.S.C. § 1983*…………………………………...…………………............. *passim*

*Cleveland Cod.Ord. 365.01*…………………………………...…………………*passim*

*Cleveland Cod.Ord. 365.02*……………………………………...……………*passim*

## REPLY MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF MOTION TO DISMISS

## ARGUMENT

### I. Plaintiffs cannot succeed on any of their claims against Defendant Martin O'Toole.

Plaintiffs do not dispute the case law demonstrating that this Honorable Court should dismiss the official capacity claims against Defendant Martin O'Toole in their entirety. With regard to Plaintiffs' claims against the Director of the Department of Building and Housing for Cleveland in her official capacity, "Plaintiffs take no position on whether this Court dismisses Sally Martin from any one the causes of action except Count eight." (*Doc. 30, PageID #1563*). They submit the "eighth cause of action revolves around the rental registration being an unlawful tax." *Id.* According to Plaintiffs, "Defendant Martin was required to be added as the person who collects/accepts the rental registration fees…" *Id.*

First, Plaintiffs' contention does not appear to be a legally cognizable distinction that creates a plausible claim against the Director in her official capacity. Second, any such claim – whether asserted against the City or the Director in her official capacity – should be dismissed without prejudice. *See King v. Sloane*, 545 F.2d 7, 8 (6th Cir. 1976) (federal courts did not have jurisdiction to enjoin or restrain the assessment, levy, or collection of any tax under state law where a remedy may be sought in state court). The Court should dismiss all claims against the Director.

### II. This Court should dismiss all of Plaintiffs' claims for declaratory and injunctive relief contained in Count I of the Amended Complaint.

Plaintiffs do not dispute the truism that federal courts are courts of limited jurisdiction. This is especially true under the Declaratory Judgment Act which is "an

enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137 (1995). It remains true that the "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id.* at 287 (*citing Pub. Serv. Comm. of Utah v. Wycoff Co*., 344 U.S. 237, 242-243, 73 S.Ct. 236 (1952) (plaintiffs sought an impermissible "…opinion advising what the law would be upon a hypothetical state of facts")). Federal jurisdiction cannot be premised on a declaratory judgment action where a federal claim would only arise as a defense to a state cause of action. *See also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876 (1950); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. For S. California*, 463 U.S. 1, 2, 103 S.Ct. 2841 (1983).

Although Plaintiffs state in conclusory fashion on one occasion that this Court has subject matter jurisdiction over Count One under § 1331, all of their analysis throughout this case for claims of declaratory and injunctive relief is centered on notions of supplemental jurisdiction (*Doc. 30, PageID #1537*). Plaintiffs' argument is that because they allege the "Court has original jurisdiction over counts two, three, four and five of Plaintiffs' Amended Complaint" then the Court "should retain jurisdiction over Plaintiffs' claim for declaratory judgment." (*Doc. 30, PageID #1541*). Plaintiffs argue that this Court should exercise supplemental jurisdiction over their claim for declaratory judgment and injunctive relief (*Doc. 30, PageID #1536*).

The Sixth Circuit's decision from less than two weeks ago does not lend support for Plaintiffs' argument in this case. The Court reaffirmed the legal principle that district

courts "may," but are not always required to issue declaratory relief pursuant to 28 § U.S.C. 2201(a). *Fire-Dex, LLC v. Admiral Ins. Co.*, --- F.4th ----, 2025 WL 1554337, *1 (6th Cir. June 2, 2025). Indeed, "[t]hat permissive 'may' allows district courts to decline to exercise their lawful jurisdiction under certain circumstances." *Id.* (*citing Wilton v. Seven Falls Co., supra.*, 515 U.S. 277, 285-286 (1995) ("[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.")). "That is what the district court did with Admiral's declaratory judgment request, and [the Sixth Circuit] affirmed." *Id., referencing Admiral Ins. Co. v. Fire-Dex, LLC*, 2022 WL 16552973 (N.D. Ohio Oct. 31, 2022), *aff'd*, 2023 WL 3963623 (6th Cir. June 13, 2023).

In mixed actions that seek both coercive relief (damages) and non-coercive (declaratory) relief, the district court still has discretion to decline jurisdiction with the background principles of federal jurisdiction top of mind, such as abstention. *Id.*, *2. "Thus, the more permissive discretionary standard applies regardless of whether the declaratory claim is part of a mixed action." *Id.*, *4. The Court noted that it affirmed the district court's decision to abstain from exercising jurisdiction in *Adrian Energy* in a mixed action because traditional abstention doctrines also applied in that case. *Id.*, *5 (*citing Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 423-424 (6th Cir. 2007)).

Plaintiffs rely heavily on the syllabus for the Supreme Court's decision in *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058 (2003). That case is not applicable to this dispute because it arose in the context of removal. *Id.*, 539 U.S. 1, 4. The main issue in that case related to pre-emption doctrines. *Id.*, at 8. Specifically, when a federal statute completely pre-empts the state-law cause of action, "a claim which comes

within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* The National Bank Act provided the exclusive federal cause of action for usury against national banks. *Id.*, 10.

Plaintiffs cannot rely on the *Encore Furniture* case either (*Doc. 30, PageID #1539*). That court stated that "[u]nder the Declaratory Judgment Act, the court has discretion *not* to hear a declaratory judgment action, even where jurisdiction exists." *Encore Furniture Thrifts & Moore, LLC*, 281 F.Supp.2d 665, 668 (M.D. Tenn. 2017) (*citing Catholic Health Partners v. CareLogistics, LLC*, 973 F.Supp.2d 787, 792 (N.D. Ohio 2013) (court dismissed case so that it could proceed in another venue)). To that end, the court in *Encore* granted Defendant's Motion to Dismiss, and dismissed the action without prejudice. *Id.*, 670.

Plaintiffs' reliance on *City of Plaquemine v. Team Health Holdings, Inc.*, is unavailing for this case. *Id., PageID #1540-1541*. That district court confirmed there must be an independent basis of subject matter jurisdiction before a court can consider a claim for declaratory relief. *Id.*, 2024 WL 1346986, *8 (E.D. Tenn. Mar. 29, 2024). As discussed below and in their Motion to Dismiss, Plaintiffs did not set forth plausible § 1983 actions. Moreover, the district court in that case confirmed that even when subject matter jurisdiction exists, whether to consider a claim for declaratory relief is discretionary. *Id.* Because the plaintiff in that case plausibly pleaded RICO conspiracy claims, the district court considered whether to exercise its discretion over the declaratory judgment claim based on the five factors. *Id.*, (*citing Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)). *Compare Equity Plan. Corp. v. Westfield Ins. Co.*, 2020 WL 5909806, *6-9 (N.D. Ohio Oct. 6, 2020) (court had diversity jurisdiction and factors did

not weigh sufficiently against retention of jurisdiction for declaratory judgment action that was based on settled concepts of state law); *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 401 (6th Cir. 2019) (the applicable state law was clear and there were no unresolved issues in state-court actions, which only created a neutral subfactor).

This Court should decline to exercise jurisdiction over any claims for declaratory judgment. Plaintiffs should bring this action in state court.

**A. This Court's precedent indicates that dismissal of the claims for declaratory relief is the proper course of action.**

Plaintiffs argue that the City's position as to the applicability of *Admiral* to this case is "simply their opinions and not based in law or fact" and should be disregarded by this Court (*Doc. 30, PageID #1542*). *Compare Steffel v. Thompson*, 415 U.S. 452, 476, 94 S.Ct. 1209 (1974) (*Stewart, J., concurring*) ("decision today must not be understood as authorizing the invocation of federal declaratory judgment jurisdiction by a person who thinks a state criminal law is unconstitutional…even if he honestly entertains the subjective belief that he may now or in the future be prosecuted under it."). The balance of the factors discussed by this Court in *Admiral* weigh in favor of dismissal of the claims for declaratory relief, just as it did in that case. The alternative remedy available should be used for this particular dispute: a declaratory judgment action in an Ohio state court.

Plaintiffs argue that this Court should ignore all of their previous factual allegations in their Amended Complaint relating their pending or likely eviction actions in Cleveland Municipal Court because the claims were "mooted via the dismissal of the Cleveland Municipal Court, Housing Division and Judge Scott from this case." (*Doc. 30, PageID #1549*). These factual allegations are set forth in the background section of the Amended Complaint before any purported specific cause of action is stated. (*Doc. 8, PageID #285*).

Plaintiffs previously claimed the ordinances were "inextricably linked" to proceedings in the Cleveland Municipal Court, Housing Division. (*Doc. 23*, *PageID #1242*). On the one hand Plaintiffs stated both "W101 and BVG have forcible entry and detainer actions currently pending…" (*Doc. 23, PageID #1239*). Plaintiffs indicated that they routinely file multiple eviction actions and anticipate that further eviction actions will need to be filed at some point during the pendency of this action. *Id., PageID #1240*. Plaintiffs still maintain they "have to have the rental registrations in order to have full access to the Cleveland Municipal Court, Housing Division relative to forcible entry and detainer actions." (*Doc. 30, PageID #1554*). Yet, they simultaneously state "Plaintiffs were not the named plaintiffs in any of the forcible entry and detainer actions filed in the Cleveland Municipal Court, Housing Division nor will they be in any forcible entry and detainer actions going forward." (*Doc. 30, PageID # 1558*).

Nonetheless, Plaintiffs state that the "[f]ailure to comply with Cleveland Cod.Ord. Chapter 365 may result in legal action by Defendants against Plaintiffs pursuant to Cleveland Cod.Ord. 367.05 and/or Cleveland Cod.Ord. 367.14." (*Doc. 8, PageID #288, Plaintiffs' Amended Complaint at* ¶ *57*). Plaintiffs anticipate state "criminal prosecution, civil action and other penalties…" directly relating to the ordinances and the interpretation thereof (*Doc. 8, PageID #295, at* ¶ *97*). It is clear this case concerns the potential enforcement actions brought by a state political subdivision, against entities based in and operating in the State of Ohio, based on interpretations of state law. These issues of state law particularly are best resolved by these local courts. Yet, Plaintiffs claim they are unaware of "what possible scenario that will exist that necessitates Plaintiffs invoking *res judicata*…" (*Doc. 30, PageID #1547*).

Plaintiffs state, “there is no administrative remedy available for Plaintiffs with the Cleveland Board of Zoning Appeals relative to the issue presented in their declaratory judgment action.” *Id., PageID #1552*. Plaintiffs acknowledge the Director may revoke a registration where “the owner, agent, or person in charge of a structure refuses to comply with any provision of this Code…” *Id.* The Director may revoke certificates if the Director discovers a non-owner-occupied residential unit no longer qualifies for certificates (*Doc. 8, PageID #284, Plaintiffs' Amended Complaint,* ¶ *37*). Regardless, Plaintiffs did not allege in their Complaint that they attempted to avail themselves of this administrative remedy and were unsuccessful in doing so.

Plaintiffs first argued in their Complaint that the ordinances were “overly broad and vague…” (*Doc. 8*, *PageID #292*). Now, they state “not one of the ordinances at issue is ambiguous. Every single ordinance Plaintiffs' cite in their Amended Complaint is abundantly clear.” (*Doc. 30, PageID #1557*). Notwithstanding, no state court has interpreted the ordinances at issue in this case. This would be a matter of first impressions of pure state law issues decided for a first time by a federal court. This presents issues of comity.

Finally, Plaintiffs argue they “had no choice but to file in federal court. If they filed in state court, Plaintiffs would still have filed the federal action for the 42 U.S.C. 1983 claims.” (*Doc. 30, PageID #1549*). Still, they believe a state law declaratory judgment action would establish “they are not owners as defined by Cleveland Cod.Ord. 365.01(I) and, as a result,” do not have to abide by any obligation imposed by the ordinances (*Doc. 30, PageID #1545*). They would not owe any fines or obligations if a court determined the

ordinances do not apply to them. *Id., PageID #1554*. If they are not owners as they contend, they would not have standing to bring a § 1983 claim in state or federal court.

The balance of the applicable factors weigh heavily in favor of dismissal of any declaratory judgment and preliminary injunction claim. The Court should dismiss Plaintiffs' claims.

**B. This Court should dismiss this entire action under the *Pullman* abstention doctrine.**

Plaintiffs claim "the Pullman doctrine does not apply to the instant case." (*Doc. 30, PageID #1557*). *Pullman* holds that "when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state-law question, and thus avoid the possibility of unnecessarily deciding a constitutional question." *Harris Cnty. Comm'rs Ct. v. Moore*, 420 U.S. 77, 83-84, 95 S.Ct. 870 (1975) ("Where there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim, we have regularly ordered abstention…[especially if] state courts would be likely to construe the statute in a fashion that would avoid the need for a federal constitutional ruling…"); *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 501, 61 S.Ct. 643 (1941)). *See also Brown v. Tidwell*, 169 F.3d 330, 332 (6th Cir. 1999) (abstention is "especially" appropriate and "regularly" applied when state-law question "would moot the plaintiffs' constitutional claim" and "settle [the] case" without ever having to reach constitutional merits).

Plaintiffs argue that they "never once identified a primary and secondary arguments in any of its motions or pleadings…" (*Doc. 30, PageID #1557*). Plaintiffs' first claim is "[s]ince limited liability companies are not owners as defined by [the

ordinance] Plaintiffs are not required to comply with any obligations imposed upon owners…" (*Doc. 8*, *PageID #289*, ¶ *64*). However, as in the bulk of abstention cases, the unsettled issue of state law is the applicability of the challenged statute (Cleveland Cod.Ord. 365) to Plaintiffs. If they were correct, the "definitive ruling on the state issue would terminate the controversy." *Pullman, supra.*, 312 U.S. at 498.

Because Plaintiffs' purported questions of constitutionality are easily avoidable here, *Pullman* abstention applies. It does not matter if Plaintiffs formally designated these claims as primary or secondary.

**III. Plaintiffs failed to plead sufficiently plausible § 1983 claims in Counts II through V.**

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S.Ct. 1937 (2009). Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). *See also Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 844 (6th Cir. 2024) ("broad reference to legal texts, without providing a specific provision, does not adequately put defendants on notice of her claims for purposes of a motion to dismiss.").

This Court recognized that under the jurisprudence on abandonment of claims, a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a dispositive motion targeting the same. *Conte v. White*, Case No. 1:21-cv-1913, 2024 WL 83030, *13 (N.D. Ohio Jan. 8, 2024) (*quoting Brown v. VHS of Michigan, Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013) (district court properly determined the plaintiff abandoned some of her claims by failing to raise arguments on those claims in response to

defendants' motion for summary judgment)). *See also Hicks v. Concorde Career Coll.*, 449 Fed. Appx. 484, 487 (6th Cir. 2011) (district court properly declined to consider the merits of a claim because plaintiff failed to address it in his response to the motion).

Plaintiffs argue that they "specifically identified over 10 separate violations of the U.S. Constitution as follows (violation of the right to remain silent and right to due process as it relates to Cleveland Cod.Ord. 365.01(k))…(violation of right to remain silent as to Cleveland Cod.Ord. 365.02)…(right against taking of private property and right to due process as to Cleveland Cod.Ord. 365.01(k) and/or 365.02)…(interference with existing property management agreements aka violation of contracts clause)…(right against unlawful warrantless searches relative to Cleveland Cod.Ord. 365.02)…(right to equal protection and due process relative to Cleveland Cod.Ord. 365.02)…(right to equal protection and due process relative to Cleveland Cod.Ord. 365.03)…" *Id., PageID #1537*. This is precisely the formulaic and conclusory recitation of the elements that the Supreme Court repeatedly has held could not set forth a plausible claim for relief.

Plaintiffs state that they "specifically reserve the right to include additional claims and arguments not set forth in this Motion but that were set forth in the Complaint when arguing for a permanent injunction and judgment as to the other claims set forth in the Complaint." (*Doc. 30, PageID #1538*). However, Plaintiffs have failed to suggest how they can legally succeed on the purported federal claims even though this Honorable Court has granted them multiple opportunities to do so. *Id., PageID #1561-1563*. Plaintiffs argue that the City's analysis in its Motion to Dismiss are "opinions and incorrect interpretation of their own ordinances…" (*Doc. 30, PageID #1558*).

**A. Plaintiffs failed to plead a plausible Equal Protection § 1983 claim.**

Plaintiffs do not contradict or distinguish any of the established case law cited by the City in its Motion to Dismiss as it relates to the Equal Protection Clause (*Doc. 26, PageID #1506-1508*). This includes the notion that disparate treatment is reasonably justified if those compared are dissimilar in some material respect. *See Hotop v. City of San Jose*, 982 F.3d 710, 717 (9th Cir. 2020); *TriHealth, Inc. v. Bd. of Comm'rs Hamilton Cnty.*, 430 F.3d 783, 790 (6th Cir. 2005). Plaintiffs do not provide any cogent analysis to indicate that anything other than rational basis applies to this case.

Plaintiffs allege no facts that tend to suggest that they suffered any adverse treatment from property owners who are like them in **all** material aspects. There are no facts that could establish any classifications found in Cleveland Cod.Ord. Chapter 365 are irrational. Plaintiffs did not make such an allegation. Plaintiffs do not allege that available state remedies are inadequate; the Amended Complaint alleges at Counts Two, Three, Four and Five only that Plaintiffs have sustained unspecified "damages." (*Doc. 8, PageID #296-300, Plaintiffs' Amended Complaint at ¶ 105, ¶111, ¶ 117 and ¶ 123*). For all of the aforementioned reasons, Plaintiffs' purported claim for violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution is subject to dismissal.

**B. Plaintiffs failed to plead a plausible Due Process § 1983 claim.**

The Fourteenth Amendment of the United States Constitution protects individuals from the deprivation "of life, liberty, or property, without due process of law." *U.S. Const. amend. XIV, § 1*. The clause has both a substantive and a procedural component. Procedural due process is traditionally viewed as the requirement that the government provide a "fair procedure" when depriving someone of life, liberty, or property; substantive

due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (*citing Collins v. City of Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061 (1992) (*internal quotation marks omitted*)).

In order to make out a claim for a violation of procedural due process, the plaintiff has the burden of showing that "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *EJS Props., supra.*, 698 F.3d 845, 861 (6th Cir. 2012) (*quoting Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th 2008); *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed.Appx. 826, 834 (6th Cir.2009) ("[I]nsofar as Plaintiff has failed to assert a property or liberty interest for purposes of procedural due process, its substantive due process claims also fail."), *cert. denied,* 558 U.S. 880, 130 S.Ct. 299 (2009).

Plaintiffs do not specify any alleged property or liberty interest or fundamental right for purposes of procedural due process in their Amended Complaint, or that any "state action" was "arbitrary and capricious." Plaintiffs' only claims are that "Defendants unlawfully treat two groups of similarly situated property owners who have non-owner occupied residential units in the City of Cleveland differently…" and that these actions are "…in violation of Plaintiffs' …due process rights under the U.S. Const., amend. XIV…" (*Doc. 8*, *PageID #296-300*, ¶ 103, ¶104, ¶109, ¶110, ¶115, ¶116, ¶121 and ¶122). For the foregoing reasons, no legally cognizable claim for either procedural or substantive due process violations of the Fourteenth Amendment of the United States Constitution has been asserted by Plaintiffs and dismissal is warranted.

## IV. Plaintiffs' state law claims should be dismissed without prejudice, for lack of jurisdiction.

It appears that the state issues and the state relief sought substantially predominate this controversy between the parties in this case. Those issues should be left for resolution by the state tribunals. They are on a surer footing to address those particular issues. Dismissal supports the principles of comity. This is especially true if this Court dismisses, with or without prejudice, Plaintiffs' claims brought pursuant to the United States Code.

## CONCLUSION

For all the above reasons, Defendants request that this Court dismiss all of Plaintiffs' claims in the Amended Complaint. Plaintiffs cannot maintain claims against the Director of the Department of Building and Housing, while simultaneously suing the City. This Court should dismiss all claims for declaratory or injunctive relief under this Court's precedent in *Admiral Ins. Co. v. Fire-Dex, LLC*, Case No. 22-CV-1087-PAB, 2022 WL 16552973 (N.D. Ohio Oct. 31, 2022). This Court could dismiss the Amended Complaint in its entirety based upon abstention grounds. In the alternative, this Court should grant Defendants' Motion to Dismiss on the merits of all § 1983 claims in the Amended Complaint, and then dismiss all state law claims in Counts VI through VIII without prejudice.

Respectfully submitted,

By: */s/ J.R. Russell*
William M. Menzalora (0061136)
Chief Assistant Director of Law
James R. Russell, Jr. (0075499)
Chief Assistant Director of Law
Gilbert E. Blomgren (0065240)
Assistant Director of Law
City of Cleveland, Dept. of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
WMenzalora@clevelandohio.gov
JRussell2@clevelandohio.gov
GBlombren@clevelandohio.gov
*Attorneys for Defendants*

**LOCAL RULE CERTIFICATION**

This case is not currently assigned to any track. The Memorandum conforms to the page limitations for Motions, in compliance with Local Rule 7.1(f) and as modified by order of the Judicial Officer.

*/s/ J.R. Russell*
James R. Russell, Jr. (0075499)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 17th day of June, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ J.R. Russell*
James R. Russell, Jr. (0075499)